FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
MICHAEL O'BRIEN (SBN 277244)
mobrien@novianlaw.com
ALEXANDER BRENDON GURA (SBN 305096)
gura@novianlaw.com
**NOVIAN & NOVIAN, LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222

*Attorneys for Plaintiff TRILLER FIGHT CLUB II LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRILLER FIGHT CLUB II LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>THE H3 PODCAST, an unknown business entity,<br><br>Defendant. | CASE NO.: 2:21-CV-03942<br><br>**COMPLAINT FOR:**<br>1. COPYRIGHT INFRINGEMENT<br>2. VIOLATION OF THE FEDERAL COMMUNICATIONS ACT: 47 U.S.C. § 605<br>3. VIOLATION OF THE FEDERAL COMMUNICATIONS ACT: 47 U.S.C. § 553<br>4. CONVERSION<br>5. VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT: 18 U.S.C. § 1030<br>6. VICARIOUS COPYRIGHT INFRINGEMENT<br><br>**<u>JURY TRIAL DEMANDED</u>** |

COMPLAINT

Plaintiff Triller Fight Club II LLC, a Delaware limited liability company ("Plaintiff" or "Triller") hereby complains against Defendant THE H3 PODCAST, an unknown business entity (the "H3 Podcast"), alleging as follows:

### NATURE OF THIS ACTION

1. Plaintiff is the copyright owner and publisher of the Triller Fight Club broadcast of the "Jake Paul vs. Ben Askren" boxing event, including all undercard bouts and the entire television broadcast, exhibited via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast"). The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized online platforms. Plaintiff institutes this action to obtain remedy for—and to permanently hinder—the blatantly unlawful infringement and rampant theft of its copyrighted work by the Defendant.

2. Defendant operates the YouTube channel located at https://www.youtube.com/channel/UCLtREJY21xRfCuEKvdki1Kw, which unlawfully uploaded, distributed, and publicly displayed, without authorization, the Broadcast to the users of its YouTube channel.

3. Upon information and belief, Defendant acted knowingly, willfully, unlawfully and with blatant disregard to Plaintiff's copyright in the Broadcast by uploading the Broadcast to the aforementioned YouTube channel and personally profiting therefrom, including via the generation of ad revenue due to consumers' interest in the Broadcast.

4. Upon information and belief, notwithstanding Defendant's recognition that Plaintiff never authorized its respective copying, downloading, uploading, public display and/or distribution of the Broadcast, Defendant continues to engage—and unjustly benefit—from its infringing conduct. Indeed, as of the time this complaint was filed, Defendant continues to unlawfully make available the Broadcast on its YouTube channel.

5. Defendant's calculated and reprehensible infringement, theft, and other unlawful acts—committed in knowing violation of the law—has resulted in damages suffered by Plaintiff in excess of $50,000,000.00, by stealing and diverting upwards of 1,000,000 unique viewers of the illegal and unauthorized viewings of the Broadcast from Plaintiff.

6. Upon information and belief, through its egregious conduct, Defendant unlawfully facilitated, participated, and induced other users to engage in the unauthorized reproduction, adaptation, distribution and public display of Plaintiff's copyrighted Broadcast.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 101, *et seq.* and 28 U.S.C. § 1331, which states that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section § 1338 (a).

8. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. In the alternative, venue is also proper under 28 U.S.C. § 1391(b)(3), as Defendant is subject to the court's personal jurisdiction with respect to this action.

## PARTIES

9. Plaintiff is a limited liability company incorporated under the laws of Delaware and having its principal place of business in the State of California.

10. Plaintiff is engaged in the business of distributing its copyrighted materials as defined in 17 U.S.C. § 101, and offering such content, including the Broadcast, for purchase on a Pay-Per-View basis to its paying customers over the internet or via cable or satellite TV. Plaintiff invests substantial money, time, and effort in advertising, promoting, selling, and licensing programming such as the Broadcast.
///

11. Plaintiff owns the copyrights to the Broadcast. As the exclusive owner of the Copyright in its programing, including but not limited to the Broadcast, Plaintiff possesses the exclusive rights to, *inter alia*, exhibit, distribute, disseminate and perform the Broadcast publicly.

12. Upon information and belief, Defendant H3 Podcast is a business entity, the exact nature of which is unknown, doing business in the State of California. Upon information and belief, the H3 Podcast—through its hosts Ethan and Hila Klein—operates the YouTube channel located at https://www.youtube.com/channel/UCLtREJY21xRfCuEKvdki1Kw for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by the H3 Podcast through its illegal uploading and distribution of the Broadcast.

## COUNT ONE
### (Copyright Infringement)

13. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

14. Plaintiff is the owner of the copyrights to the Broadcast, including all undercard bouts and the entire television Broadcast. Plaintiff's rights include, but are not limited to, all moving images and other audio/video content which were broadcasted via encrypted satellite signal. The Broadcast originated via satellite uplink and were subsequently retransmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized, online platforms.

15. As the copyright holder to the rights of the Broadcast, Plaintiff has the exclusive right to copy, publicly perform and distribute it.

16. Defendant failed to obtain the proper authority or license from Plaintiff to copy, publicly perform, or distribute the Broadcast.

17. Upon information and belief, Defendant illegally copied, uploaded, publicly performed, and distributed the Broadcast via the internet with full knowledge that the Broadcast could only be obtained by purchasing a license from Plaintiff.

18. Defendant utilized various torrent and streaming websites such as https://youtube.com to upload, distribute, and publicly display the Broadcast to the users of such website in direct violation of the exclusive rights owned by Plaintiff.

19. Specifically, upon information and belief, the Defendant obtained the Broadcast through internet websites, cable and/or satellite Pay-Per-View purchase intended for private, non-commercial viewing, and subsequently illegally re-transmitted the Broadcast and publicly exhibited the Broadcast by illegally copying and uploading the Broadcast to the aforementioned websites for other users to also illegally view, download, access, share, and distribute.

20. Defendant has infringed on Plaintiff's copyright in the Broadcast by reproducing, adapting distributing, uploading, copying, and publicly displaying the copyrighted works without Plaintiff's authorization in violation of the Copyright Act, 17 U.S.C. § 501, and have recouped profits from the aforementioned websites through users' payments to the Defendant or through advertising revenue generated through the websites.

21. Defendant's acts of infringement were willful, in blatant disregard of, and committed with indifference to Plaintiff's rights.

22. By reason of Defendant's conduct as described herein, Defendant willfully violated 17 U.S.C. § 501.

23. Due to Defendant's acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits Defendant would not otherwise have realized but for Defendant's infringement of the Broadcast. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to

Defendant's infringement of the Broadcast, in an amount to be established at trial, but in no event less than $50,000,000.00.

24. Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT TWO

**(Violation of the Federal Communications Act, 47 U.S.C. § 605)**

25. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

26. Plaintiff is the owner of the Broadcast, including all undercard matches and the entire television broadcast, aired via closed circuit television and via encrypted satellite signal.

27. The Broadcast was available for non-commercial, private viewing through Plaintiff, its authorized online vendors, as well as through Pay-Per-View purchase through authorized satellite TV providers. Defendant, in a calculated effort to use Plaintiff's Broadcast for its own commercial benefit, obtained access to Plaintiff's Broadcast and uploaded it to torrent and streaming websites such as https://youtube.com.

28. In order to purchase and view the Broadcast through a satellite TV provider intended for private, non-commercial viewing, an individual purchaser was subject to the copyright language contained therein which expressly stated that the "unauthorized reproduction or distribution of the copyrighted work is illegal."

29. Upon information and belief, with full knowledge that the Broadcast was not to be received, distributed, reproduced and or publicly exhibited by individuals unauthorized to do so, Defendant, without authorization from Plaintiff, unlawfully intercepted, received and/or de-scrambled Plaintiff's satellite signal for purposes of direct commercial advantage and subsequently divulged the Broadcast to the public by copying and distributing said Broadcast to the users of the aforementioned website

in exchange for payments to aid, encourage, support, or otherwise endorse Defendant's infringing conduct.

30. 47 U.S.C. § 605(a) prohibits the unauthorized reception and publication or use of communications such as the Broadcast for which Plaintiff had the distribution rights thereto.

31. By reason of Defendant's conduct as described herein, Defendant willfully violated 47 U.S.C. § 605(a)

32. As a proximate result of Defendant's willful violations of 47 U.S.C. § 605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. § 605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to *each* violation.

33. Pursuant to 47 U.S.C. § 605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT THREE

**(Violation of the Federal Communications Act, 47 U.S.C. § 553)**

34. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

35. Upon information and belief, Defendant willfully and unlawfully accessed, received, and subsequently re-transmitted the Broadcast over a cable TV or internet system while knowing that they were unauthorized to do so.

36. 47 U.S.C. § 553 prohibits the unauthorized reception of any communications service offered over a cable system such as the transmission of the Broadcast for which Plaintiff holds the copyright ownership thereto.

37. Upon information and belief, Defendant knowingly, willfully and unlawfully accessed, received and subsequently re-transmitted the Broadcast when it was offered via a cable TV or internet subscription without the authorization from

Plaintiff and without paying Plaintiff the appropriate Pay-Per-View fee.

38. By reason of Defendant's conduct as described herein, Defendant willfully violated 47 U.S.C. §553.

39. As a proximate result of Defendant's willful violations of 47 U.S.C. § 553, Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each violation, plus the recovery of full costs, interest and reasonable attorney's fees, in the discretion of this Court.

## COUNT FOUR

### (Conversion)

40. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

41. Plaintiff, at all relevant times, owned, possessed, and had the right to possess the copyrights to the Broadcast.

42. By virtue of Defendant's conduct as set forth herein, Defendant knowingly and intentionally substantially interfered with Plaintiff's property by unlawfully converting it for their own commercial use, benefit, and private financial gain.

43. Defendant's acts of conversion were done without Plaintiff's consent and with the objective of depriving Plaintiff of its copyright ownership for Defendant's direct commercial benefit, advantage and private financial gain.

44. As a proximate result of Defendant's wrongful conversion of the Broadcast, Plaintiff suffered damages in an amount subject to proof at trial but in no event less than $50,000,000.00.

## COUNT FIVE

### (Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

45. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth

herein.

46. Upon information and belief, Defendant, without authorization or by exceeding the scope of granted authorization, accessed a protected computer containing Plaintiff's live internet streams of the Broadcast, and knowingly and with the intent to defraud, unlawfully copied, distributed, and publicly displayed the Broadcast.

47. Upon information and belief, as a proximate result of Defendant's unlawful and fraudulent conduct as set forth herein, Defendant obtained the valuable copyrighted Broadcast and subsequently uploading, distributing, and publicly displaying the Broadcast using such as https://youtube.com.

## COUNT SIX

### (Vicarious Copyright Infringement)

48. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

49. Plaintiff is the owner of the copyrights to the Broadcast, including all undercard bouts and the entire television Broadcast. Plaintiff's rights include, but are not limited to, all moving images and other audio/video content which were broadcasted via encrypted satellite signal. The Broadcast originated via satellite uplink and were subsequently retransmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized, online platforms.

50. Upon information and belief, Defendant directly infringed on Plaintiff's Broadcast by illegally uploading the Broadcast and/or portions thereof via the internet on the websites such as https://youtube.com in direct violation of Plaintiff's exclusive copyright.

51. Upon information and belief, Defendant encouraged online users to copy, share, download, distribute, and share content, including the Broadcast, on the

aforementioned websites, and Defendant facilitated, participated in and induced users to engage in the unauthorized reproduction, adaptation, public display and public performance of programming containing Plaintiff's copyrighted Broadcast.

52. Defendant had the right and ability to control and prevent the users on such aforementioned websites from directly accessing and infringing on Plaintiff's Broadcast which was copied, uploaded, and distributed by Defendant.

53. Defendant derived a financial benefit from such users' activities on the aforementioned websites by directing such users to external and/or shareable payment links, such as PayPal links, whereby users could remit direct payments to Defendant in order to compensate, fund and endorse each respective Defendant's infringement of Plaintiff's Broadcast.

54. By reason of Defendant's conduct as described herein, Defendant willfully violated 17 U.S.C. § 501.

55. Due to Defendant's acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits Defendant would not otherwise have realized but for Defendant's infringement of the Broadcast. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Broadcast, in an amount to be established at trial but no less than $50,000,000.00.

56. Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

AS TO COUNT ONE:

1. That Defendant, Defendant's employees, representatives, and agents be enjoined from copying, uploading, distributing, selling, or otherwise infringing on Plaintiff's copyright in the Broadcast;
2. That Plaintiff be awarded all profits of Defendant plus all losses of

|   |   |   |
|---|---|---|
| 1 | | Plaintiff, the exact sum to be proven at the time of trial but in no event |
| 2 | | less than $50,000,000.00; and |
| 3 | 3. | That an order be issued requiring Defendant to account to Plaintiff for |
| 4 | | profits attributable to their use of Plaintiff's copyright, in accordance with |
| 5 | | proof. |

AS TO COUNT TWO:

4. For statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00, for Defendant's willful violations of 47 U.S.C. § 605(a).

AS TO COUNT THREE:

5. For statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 for each of the Defendant's willful violations of 47 U.S.C. § 553; and

6. For Attorney's fees, interest, and costs of suit pursuant to 17 U.S.C. § 505; 47 U.S.C. 605(e)(3)(B)(iii) or § 553(c)(2)(c);

AS TO COUNT FOUR:

7. For damages within this Court's jurisdiction in an amount according to proof at trial but in no event less than $50,000,000.00; and

8. For punitive damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct.

AS TO COUNT FIVE:

9. For damages within this Court's jurisdiction in an amount according to proof at trial but in no event less than $50,000,000.00; and

10. Injunctive relief enjoining from copying, uploading, distributing, selling, or otherwise infringing on Plaintiff's copyright in the Broadcast.

AS TO COUNT SIX:

11. That Defendant, Defendant's employees, representatives, and agents be enjoined from copying, uploading, distributing, selling, or otherwise

10
COMPLAINT

infringing on Plaintiff's copyright in the Broadcast;

12. That Plaintiff be awarded all profits of Defendant plus all losses of Plaintiff, the exact sum to be proven at the time of trial but in no event less than $50,000,000.00; and

13. That an order be issued requiring Defendant to account to Plaintiff for profits attributable to their use of Plaintiff's copyright, in accordance with proof.

AS TO ALL COUNTS:

14. For pre-judgment and post-judgment interest on all damages awarded;

15. For attorneys' fees and costs of suit incurred herein according to proof; and

16. For such other and further relief as the Court may deem just and proper.

Dated: May 10, 2021        NOVIAN & NOVIAN, LLP
                           Attorneys at Law

                    By:    /s/ Farhad Novian
                           FARHAD NOVIAN
                           MICHAEL O'BRIEN
                           ALEXANDER BRENDON GURA

                           *Attorneys for Plaintiff TRILLER FIGHT CLUB II LLC*