FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
MICHAEL O'BRIEN (SBN 277244)
michaelo@novianlaw.com
ALEXANDER BRENDON GURA (SBN 305096)
gura@novianlaw.com
**NOVIAN & NOVIAN, LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222

*Attorneys for Plaintiff TRILLER FIGHT CLUB II LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRILLER FIGHT CLUB II LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>TED ENTERTAINMENT, INC., a California corporation; ETHAN KLEIN, an individual; HILA KLEIN, an individual; and DOES 1-10,<br><br>Defendants. | CASE NO.: 2:21-CV-03942<br><br>**FIRST AMENDED COMPLAINT FOR:**<br>1. COPYRIGHT INFRINGEMENT<br>2. VIOLATION OF THE FEDERAL COMMUNICATIONS ACT: 47 U.S.C. § 605<br>3. VIOLATION OF THE FEDERAL COMMUNICATIONS ACT: 47 U.S.C. § 553<br>4. CONVERSION<br>5. VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT: 18 U.S.C. § 1030<br>6. VICARIOUS COPYRIGHT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Triller Fight Club II LLC, a Delaware limited liability company ("Plaintiff" or "Triller") hereby complains against Defendants Ted Entertainment, Inc. ("Ted"), Ethan Klein ("Mr. Klein"), Hila Klein ("Mrs. Klein"), and Does 1-10, alleging as follows:

## NATURE OF THIS ACTION

1. Plaintiff is the copyright owner and publisher of the Triller Fight Club broadcast of the "Jake Paul vs. Ben Askren" boxing event, including all undercard bouts and the entire television broadcast, exhibited via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast"). The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized online platforms. Plaintiff institutes this action to obtain remedy for—and to permanently hinder—the blatantly unlawful infringement and rampant theft of its copyrighted work by Defendants.

2. Defendants own and operate the YouTube channel located at https://www.youtube.com/channel/UCLtREJY21xRfCuEKvdki1Kw, which unlawfully uploaded, distributed, and publicly displayed, without authorization, the Broadcast to the users of the aforementioned YouTube channel. Specifically, upon information and belief, and as shown in the below screenshot, Defendants uploaded all or a substantial portion of Broadcast, with no supplemental commentary or other attempt at transformation, as an "Unlisted" video on YouTube (the "Unlisted Video"), and made the URL for the Unlisted Video available through Defendants' YouTube video entitled "Jake Paul Fight Was A Disaster – H3 Podcast # 244," available at https://youtu.be/bfKPts4BJkA.

///
///
///
///



3. Defendants acted knowingly, willfully, unlawfully and with blatant disregard to Plaintiff's copyright in the Broadcast by uploading, distributing, and publicly displaying, without authorization, the Broadcast through the aforementioned YouTube channel and personally profiting therefrom, including via the generation of ad revenue due to consumers' interest in the Broadcast.

4. Upon information and belief, Defendants' calculated and reprehensible infringement, theft, and other unlawful acts—committed in knowing violation of the law—has resulted in damages suffered by Plaintiff in excess of $50,000,000.00, by stealing and diverting upwards of 1,000,000 unique viewers of the illegal and unauthorized viewings of the Broadcast from Plaintiff.

5. Upon information and belief, through their egregious conduct,

Defendants unlawfully facilitated, participated, and induced other users to engage in the unauthorized reproduction, adaptation, distribution and public display of Plaintiff's copyrighted Broadcast.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 101, *et seq.* and 28 U.S.C. § 1331, which states that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1338 (a), which states that district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.

7. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b)(2) because Defendants reside in this judicial district. Alternatively, venue is also proper in this Court pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendants' unlawful actions were directed at this District.

## PARTIES

8. Plaintiff is a limited liability company incorporated under the laws of Delaware and having its principal place of business in the State of California.

9. Plaintiff is engaged in the business of distributing its copyrighted materials as defined in 17 U.S.C. § 101, and offering such content, including the Broadcast, for purchase on a Pay-Per-View basis to its paying customers over the internet or via cable or satellite TV. Plaintiff invests substantial money, time, and effort in advertising, promoting, selling, and licensing programming such as the Broadcast.

10. Plaintiff owns the copyrights to the Broadcast. As the exclusive owner of the Copyright in its programing, including but not limited to the Broadcast, Plaintiff possesses the exclusive rights to, *inter alia*, exhibit, distribute, disseminate and perform the Broadcast publicly.

11.     Defendant Ted is a corporation registered to conduct business in the State of California.  Upon information and belief, Ted—through its Chief Executive Officer Mr. Klein and its Secretary Mrs. Klein—owns and operates the YouTube channel located at https://www.youtube.com/channel/UCLtREJY21xRfCuEKvdki1Kw for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Ted through its illegal uploading and distribution of the Broadcast.

12.     Upon information and belief, Defendant Mr. Klein is an individual residing in the State of California.  Upon information and belief, Defendant Mr. Klein is the Chief Executive Officer of Ted, and is responsible for the content uploaded to and shared via the YouTube channel located at https://www.youtube.com/channel/UCLtREJY21xRfCuEKvdki1Kw. Upon information and belief, Defendant Mr. Klein created and uploaded the Unlisted Video, and upon information and belief, Defendant Mr. Klein created and uploaded the YouTube video entitled "Jake Paul Fight Was A Disaster – H3 Podcast # 244," available at https://youtu.be/bfKPts4BJkA, in which the URL for the Unlisted Video was made available to the public.

13.     Upon information and belief, Defendant Mrs. Klein is an individual residing in the State of California.  Upon information and belief, Defendant Mrs. Klein is the Secretary of Ted, and is responsible for the content uploaded to and shared via the YouTube channel located at https://www.youtube.com/channel/UCLtREJY21xRfCuEKvdki1Kw. Upon information and belief, Defendant Mrs. Klein created and uploaded the Unlisted Video, and upon information and belief, Defendant Mrs. Klein created and uploaded the YouTube video entitled "Jake Paul Fight Was A Disaster – H3 Podcast # 244," available at https://youtu.be/bfKPts4BJkA, in which the URL for the Unlisted Video

was made available to the public.

## ALTER EGO ALLEGATIONS

14.  Upon information and belief, at all relevant times, there existed a unity of interest between Defendants Ted, Mr. Klein, and Mrs. Klein such that any individuality or separateness between Ted, on the one hand, and Mr. and Mrs. Klein, on the other, has ceased.  Ted is the alter ego of Mr. and Mrs. Klein in that:

   a. Ted is, and at all relevant times was, a mere shell, instrumentality, and conduit through which Mr. and Mrs. Klein carried on business in the name of Ted, while exercising complete control and dominance over Ted, its business and assets, to such an extent that any individuality or separateness between Ted and Mr. and Mrs. Klein did not exist.

   b. Ted was conceived, intended, and used by Mr. and Mrs. Klein as a device to avoid liability and for the purpose of substituting an undercapitalized entity—namely, Ted—in the place of Mr. and Mrs. Klein, and each of them.  Ted is, and at all times herein mentioned was, so inadequately capitalized that, compared with the business done by Mr. and Mrs. Klein and the risks of loss, their capitalization was illusory and trifling.  In addition, many assets of Ted were transferred without adequate consideration to Mr. and Mrs. Klein.

   c. Mr. and Mrs. Klein diverted assets from Ted to and among themselves to suit their own convenience in carrying out business matters which were and should have been the domain of Ted.

   d. Ted is, and at all times herein mentioned was, controlled, dominated, and operated by Mr. and Mrs. Klein, and each of them, as their alter ego, in that the activities and business of Ted were carried out without annual meetings, and without keeping records or minutes of any proceedings, or maintainin written resolutions.

15.  Adherence to the fiction of the separate existence of Ted and Mr. and

5
FIRST AMENDED COMPLAINT

1  Mrs. Klein would permit an abuse of the corporate privilege and would sanction fraud,
2  promote injustice, and otherwise aid in the commission of unlawful conduct. This is
3  true because, as Plaintiff is informed and believes, at all relevant times, Defendants
4  were commingling assets in a manner that allowed Defendants to utilize and freely
5  transfer those assets amongst themselves. The commingling of assets and unlawful
6  business conduct, as alleged more fully herein, by Defendants was intended, among
7  other things, to allow Mr. and Mrs. Klein to avoid liability to Plaintiff and others.

## COUNT ONE
### (Copyright Infringement)

16. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

17. Plaintiff is the owner of the copyrights to the Broadcast, including all undercard bouts and the entire television Broadcast. Plaintiff's rights include, but are not limited to, all moving images and other audio/video content which were broadcasted via encrypted satellite signal. The Broadcast originated via satellite uplink and were subsequently retransmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized, online platforms.

18. As the copyright holder to the rights of the Broadcast, Plaintiff has the exclusive right to copy, publicly perform and distribute it.

19. Defendants failed to obtain the proper authority or license from Plaintiff to copy, publicly perform, or distribute the Broadcast.

20. Upon information and belief, Defendants illegally copied, uploaded, publicly performed, and distributed the Broadcast via the internet with full knowledge that the Broadcast could only be obtained by purchasing a license from Plaintiff.

21. Defendants utilized various torrent and streaming websites such as https://youtube.com to upload, distribute, and publicly display the Broadcast to the users

of such website in direct violation of the exclusive rights owned by Plaintiff.

22. Specifically, upon information and belief, Defendants obtained the Broadcast through internet websites, cable and/or satellite Pay-Per-View purchase intended for private, non-commercial viewing, and subsequently illegally re-transmitted the Broadcast and publicly exhibited the Broadcast by illegally copying and uploading the Broadcast to torrent and streaming websites such as https://youtube.com, including via the Unlisted Video, and made the Unlisted Video available for other users to illegally view, download, access, share, and distribute the Broadcast.

23. Defendants have infringed on Plaintiff's copyright in the Broadcast by reproducing, adapting distributing, uploading, copying, and publicly displaying the copyrighted works without Plaintiff's authorization in violation of the Copyright Act, 17 U.S.C. § 501, and have recouped profits from the aforementioned websites through users' payments to Defendants or through advertising revenue generated through the websites.

24. Defendants' acts of infringement were willful, in blatant disregard of, and committed with indifference to Plaintiff's rights.

25. By reason of Defendants' conduct as described herein, Defendants willfully violated 17 U.S.C. § 501.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Broadcast. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Broadcast, in an amount to be established at trial, but in no event less than $50,000,000.00.

27. Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

///

# COUNT TWO

**(Violation of the Federal Communications Act, 47 U.S.C. § 605)**

28. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

29. Plaintiff is the owner of the Broadcast, including all undercard matches and the entire television broadcast, aired via closed circuit television and via encrypted satellite signal.

30. The Broadcast was available for non-commercial, private viewing through Plaintiff, its authorized online vendors, as well as through Pay-Per-View purchase through authorized satellite TV providers. Defendants, in a calculated effort to use Plaintiff's Broadcast for its own commercial benefit, obtained access to Plaintiff's Broadcast and uploaded it to torrent and streaming websites such as https://youtube.com, including via the Unlisted Video.

31. In order to purchase and view the Broadcast through a satellite TV provider intended for private, non-commercial viewing, an individual purchaser was subject to the copyright language contained therein which expressly stated that the "unauthorized reproduction or distribution of the copyrighted work is illegal."

32. Upon information and belief, with full knowledge that the Broadcast was not to be received, distributed, reproduced and or publicly exhibited by individuals unauthorized to do so, Defendants, without authorization from Plaintiff, unlawfully intercepted, received and/or de-scrambled Plaintiff's satellite signal for purposes of direct commercial advantage and subsequently divulged the Broadcast to the public by copying and distributing said Broadcast to the users of the aforementioned website in exchange for payments to aid, encourage, support, or otherwise endorse Defendants' infringing conduct.

33. 47 U.S.C. § 605(a) prohibits the unauthorized reception and publication or use of communications such as the Broadcast for which Plaintiff had the distribution

rights thereto.

34. By reason of Defendants' conduct as described herein, Defendant willfully violated 47 U.S.C. § 605(a)

35. As a proximate result of Defendants' willful violation of 47 U.S.C. § 605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. § 605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00.

36. Pursuant to 47 U.S.C. § 605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT THREE

**(Violation of the Federal Communications Act, 47 U.S.C. § 553)**

37. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

38. Upon information and belief, Defendants willfully and unlawfully accessed, received, and subsequently re-transmitted the Broadcast over a cable TV or internet system while knowing that it was unauthorized to do so.

39. 47 U.S.C. § 553 prohibits the unauthorized reception of any communications service offered over a cable system such as the transmission of the Broadcast for which Plaintiff holds the copyright ownership thereto.

40. Upon information and belief, Defendants knowingly, willfully and unlawfully accessed, received and subsequently re-transmitted the Broadcast when it was offered via a cable TV or internet subscription without the authorization from Plaintiff and without paying Plaintiff the appropriate Pay-Per-View fee.

41. By reason of Defendants' conduct as described herein, Defendants willfully violated 47 U.S.C. §553.

42. As a proximate result of Defendants' willful violation of 47 U.S.C. § 553, Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to

the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees, in the discretion of this Court.

## COUNT FOUR

### (Conversion)

43. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

44. Plaintiff, at all relevant times, owned, possessed, and had the right to possess the copyrights to the Broadcast.

45. By virtue of Defendants' conduct as set forth herein, Defendants knowingly and intentionally substantially interfered with Plaintiff's property by unlawfully converting it for their own commercial use, benefit, and private financial gain.

46. Defendants' acts of conversion were done without Plaintiff's consent and with the objective of depriving Plaintiff of its copyright ownership for Defendants' direct commercial benefit, advantage and private financial gain.

47. As a proximate result of Defendants' wrongful conversion of the Broadcast, Plaintiff suffered damages in an amount subject to proof at trial but in no event less than $50,000,000.00.

## COUNT FIVE

### (Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

48. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

49. Upon information and belief, Defendants, without authorization or by exceeding the scope of granted authorization, accessed a protected computer containing Plaintiff's live internet streams of the Broadcast, and knowingly and with the intent to defraud, unlawfully copied, distributed, and publicly displayed the

1 Broadcast.

2 50. Upon information and belief, as a proximate result of Defendants' unlawful and fraudulent conduct as set forth herein, Defendants obtained the valuable copyrighted Broadcast and subsequently uploading, distributing, and publicly displaying the Broadcast via the internet on websites such as https://youtube.com.

## COUNT SIX

### (Vicarious Copyright Infringement)

51. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

52. Plaintiff is the owner of the copyrights to the Broadcast, including all undercard bouts and the entire television Broadcast. Plaintiff's rights include, but are not limited to, all moving images and other audio/video content which were broadcasted via encrypted satellite signal. The Broadcast originated via satellite uplink and were subsequently retransmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized, online platforms.

53. Upon information and belief, Defendants directly infringed on Plaintiff's Broadcast by illegally uploading the Broadcast and/or portions thereof via the internet on websites such as https://youtube.com in direct violation of Plaintiff's exclusive copyright.

54. Upon information and belief, Defendants encouraged online users to copy, share, download, distribute, and share content, including the Broadcast, on the aforementioned websites, and Defendants facilitated, participated in and induced users to engage in the unauthorized reproduction, adaptation, public display and public performance of programming containing Plaintiff's copyrighted Broadcast.

55. Defendants had the right and ability to control and prevent the users on such aforementioned websites from directly accessing and infringing on Plaintiff's

Broadcast which was copied, uploaded, and distributed by Defendants.

56. Defendants derived a financial benefit from such users' activities on the aforementioned websites by directing such users to external and/or shareable payment links, such as PayPal links, whereby users could remit direct payments to Defendants in order to compensate, fund and endorse each respective Defendants' infringement of Plaintiff's Broadcast.

57. By reason of Defendants' conduct as described herein, Defendants willfully violated 17 U.S.C. § 501.

58. Due to Defendant's acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Broadcast. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Broadcast, in an amount to be established at trial but no less than $50,000,000.00.

59. Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

AS TO COUNT ONE:

1. That Defendants, Defendants' employees, representatives, and agents be enjoined from copying, uploading, distributing, selling, or otherwise infringing on Plaintiff's copyright in the Broadcast;
2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial but in no event less than $50,000,000.00; and
3. That an order be issued requiring Defendants to account to Plaintiff for profits attributable to their use of Plaintiff's copyright, in accordance with proof.

AS TO COUNT TWO:

4. For statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00, for Defendants' willful violations of 47 U.S.C. § 605(a).

AS TO COUNT THREE:

5. For statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 for each of the Defendants' willful violations of 47 U.S.C. § 553; and

6. For Attorney's fees, interest, and costs of suit pursuant to 17 U.S.C. § 505; 47 U.S.C. 605(e)(3)(B)(iii) or § 553(c)(2)(c).

AS TO COUNT FOUR:

7. For damages within this Court's jurisdiction in an amount according to proof at trial but in no event less than $50,000,000.00; and

8. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

AS TO COUNT FIVE:

9. For damages within this Court's jurisdiction in an amount according to proof at trial but in no event less than $50,000,000.00; and

10. Injunctive relief enjoining from copying, uploading, distributing, selling, or otherwise infringing on Plaintiff's copyright in the Broadcast.

AS TO COUNT SIX:

11. That Defendants, Defendants' employees, representatives, and agents be enjoined from copying, uploading, distributing, selling, or otherwise infringing on Plaintiff's copyright in the Broadcast;

12. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial but in no event less than $50,000,000.00; and

13. That an order be issued requiring Defendants to account to Plaintiff for

1 | profits attributable to their use of Plaintiff's copyright, in accordance with proof.

**AS TO ALL COUNTS:**

14. For pre-judgment and post-judgment interest on all damages awarded;
15. For attorneys' fees and costs of suit incurred herein according to proof; and
16. For such other and further relief as the Court may deem just and proper.

Dated: May 21, 2021

NOVIAN & NOVIAN, LLP
Attorneys at Law

By: /s/ Farhad Novian
FARHAD NOVIAN
MICHAEL O'BRIEN
ALEXANDER BRENDON GURA

*Attorneys for Plaintiff TRILLER FIGHT CLUB II LLC*