Lincoln D. Bandlow (SBN: 170449)
Lincoln@BandlowLaw.com
Rom Bar-Nissim (SBN: 293356)
Rom@BandlowLaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.556.9680
Facsimile: 310.861.5550

Attorneys for Defendants
Ted Entertainment, Inc., Teddy Fresh, Inc.,
Ethan Klein and Hila Klein

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRILLER FIGHT CLUB II LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TED ENTERTAINMENT, INC., a California corporation; TEDDY FRESH, INC., a California corporation; ETHAN KLEIN, an individual; HILA KLEIN, an individual; and DOES 1-10<br><br>Defendants. | Case No.: 2:21-cv-03942-JAK-KS<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**<br><br>[Notice of Motion and Motion; Declarations of Ethan Klein and Lincoln D. Bandlow, Notice of Lodging, and Compendium of Exhibits filed concurrently herewith]<br><br>Assigned to: Hon. John A. Kronstadt<br><br>Date: November 22, 2021<br>Time: 8:30 a.m.<br>Place: Courtroom 10B |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 201 of the Federal Rules of Evidence ("FRE"), defendants Ted Entertainment, Inc. ("TEI"), Teddy Fresh, Inc., Ethan Klein and Hila Klein (collectively, "Defendants") respectfully request that this Court take judicial notice of the following concurrently-lodged documents to Defendants' Compendium of Exhibits and Notice of Lodging:

1. The May 6, 2021 Order (the "5/6/21 Order") of the Honorable Percy Anderson that was entered in the United States District Court for Central District of California case entitled *Triller, Inc. v. Filmdaily.com et al.* (Case No. 2:21-cv-03502-PA-RAO) (the "Filmdaily Action"), a true and correct copy of which is concurrently lodged with Defendants' Compendium of Exhibits as **Exhibit A**. *See* Declaration of Lincoln D. Bandlow ("LDB Decl."), ¶ 2.

2. The audiovisual work of plaintiff Triller Fight Club II, LLC ("Triller"), entitled *Jake Paul vs. Ben Askren* (the "Broadcast"), a true and correct screen capture video of which is concurrently lodged with Defendants' Compendium of Exhibits and Notice of Lodging as **Exhibit B**. *See* Declaration of Ethan Klein ("Klein Decl."), ¶ 2.

3. The webpage for TEI's podcast episode entitled *Jake Paul Fight Was A Disaster – H3 Podcast #244* (the "4/22/21 Podcast"), a true and correct printout of which is concurrently lodged with Defendants' Compendium of Exhibits as **Exhibit C**. Klein Decl., ¶ 3.

4. The webpage for the unlisted video entitled *Jake Knockout* that was referred to in the 4/22/21 Podcast (the "Reference Video"), a true and correct printout of which is concurrently lodged with Defendants' Compendium of Exhibits as **Exhibit D**. Klein Decl., ¶ 4.

5. YouTube's definition of the terms "public video," "unlisted video," and "private video" from the YouTube Help article entitled "Change video privacy settings" (the "YouTube Video Privacy Article"), a true and correct printout of

which is concurrently lodged with Defendants' Compendium of Exhibits as **Exhibit E**. *See* Klein Decl., ¶ 5.

6.  The Reference Video, a true and correct copy of which is concurrently lodged with Defendants' Compendium of Exhibits and Notice of Lodging as **Exhibit F**. *See* Klein Decl., ¶ 6.

7.  YouTube's requirements for participation in the YouTube Partner Program from the YouTube Help article entitled "YouTube Partner Program overview & eligibility" ("YouTube Partner Eligibility Article"), a true and correct printout of which is concurrently lodged with Defendants' Compendium of Exhibits as **Exhibit G**.

8.  The 4/22/21 Podcast, a true and correct copy of which is concurrently lodged with Defendants' Compendium of Exhibits and Notice of Lodging as **Exhibit H**. *See* Klein Decl., ¶ 8.

9.  Triller, Inc's initial complaint that was filed in the Filmdaily Action ("Initial Filmdaily Complaint"), a true and correct copy of which is concurrently lodged with Defendants' Compendium of Exhibits as **Exhibit I**. *See* LDB Decl., ¶ 3.

10. Judge Anderson's April 28, 2021 Order to Show Cause that was entered in the Filmdaily Action (the "4/28/21 OSC"), a true and correct copy of which is concurrently lodged with Defendants' Compendium of Exhibits as **Exhibit J**. *See* LDB Decl., ¶ 4.

11. Triller's First Amended Complaint that was filed in the Filmdaily Action (the "Filmdaily FAC"), a true and correct copy of which is concurrently lodged with Defendants' Compendium of Exhibits as **Exhibit K**. *See* LDB Decl., ¶ 5.

12. Triller's Response to the 4/28/21 OSC ("Response to the OSC") that was filed in the Filmdaily Action, a true and correct copy of which is concurrently lodged with Defendants' Compendium of Exhibits as **Exhibit L**. *See* LDB Decl.,

¶ 6.

13. The complaint of Triller, LLC against Defendants that was filed in Los Angeles Superior Court entitled *Triller, LLC v. Ted Entertainment, Inc.* (Case No. 21SMCV01225) ("Tortious Interference Action"), a true and correct copy of which is concurrently lodged with Defendants' Compendium of Exhibits as **Exhibit O**. *See* LDB Decl., ¶ 10.

14. The definition of the word "stream" from Merriam-Webster's online dictionary, a true and correct printout of which is concurrently lodged with Defendants' Compendium of Exhibits as **Exhibit P**. *See* Klein Decl., ¶ 9.

As set forth in more detail below, these documents are properly subject to judicial notice as they are "adjudicative fact" that are "not subject to reasonable dispute" in that they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* FRE Rule 201.

I. **DOCUMENTS SUBJECT TO JUDICIAL NOTICE UNDER THE INCORPORATION BY REFERENCE DOCTRINE (EXHIBITS A, C, D, E, F, G, H)**

In ruling on a F.R.C.P. Rule 12(b)(6) motion, the Ninth Circuit has repeatedly affirmed the "incorporation by reference" doctrine – whereby Courts must consider the contents of extrinsic documents in "situations in which the plaintiff's claim depends on the contents of document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document". *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).[1]

For copyright infringement actions, the allegedly infringing and infringed works identified in the complaint are properly before the court under this doctrine of incorporation by reference. *See Rearden LLC v. Walt Disney Company*, 293

---

[1] *See also Beverly Oaks Physicians Surgical Center, LLC v. Blue Cross and Blue Shield of Illinois*, 983 F.3d 435, 439 (9th Cir. 2020); *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011 *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1405 fn. 4 (9th Cir. 1996); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994).

F.Supp.3d 963, 969 (N.D. Cal. 2018) (incorporating various items referred to in a copyright infringement complaint, including various motion pictures); *Marcus v. ABC Signature Studios, Inc.*, 279 F.Supp.3d 1056, 1062-63 (C.D. Cal. 2017) (incorporating script and DVD of television show referred to in the complaint); *Shame on You Productions, Inc. v. Elizabeth Banks*, 120 F.Supp.3d 1123, 1144-45 (C.D. Cal. 2015) (same).

When a document is incorporated by reference into the complaint, the Court "need not accept as true … allegations that contradict facts that … are referred to in the complaint". *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).[2]

In copyright infringement actions, the works that are incorporated by reference "supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings." *Peter F. Gaito Architecture, LLC v. Simone Development Corp.*, 602 F.3d 57, 64 (2d Cir. 2010).

The very purpose of the "incorporation by reference" doctrine is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal ellipses omitted) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

Here, the Broadcast (Exhibit A), Reference Video (Exhibit F) and the

---

[2] *See also Groves v. Kaiser Foundation Health Plan, Inc.*, 32 F.Supp.3d 1074, 1079 fn. 4 (N.D. Cal. 2014) ("Though a court generally is obligated to regard the well-pleaded facts of a complaint as true when deciding a Rule 12(b)(6) motion, that principle gives way when the allegations contradict documents attached to the complaint or incorporated by reference.") (citing *Knievel*, 393 F.3d at 1076; *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008)); *eCash Technologies, Inc. v. Guagliardo*, 210 F.Supp.2d 1138, 1144 fn. 7 (C.D. Cal. 2001) ("The Court may disregard allegations in the First Amended Counterclaim if they contradicted by facts established by reference to documents attached as exhibits to the Counterclaim, or upon which it necessarily relies") (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987)).

4/22/21 Podcast (Exhibit H) are explicitly referred to in Triller's Second Amended Complaint ("SAC") and form the basis of all of Triller's claims. *See* SAC, ¶¶ 1-2, 4-7, 11-12, 20-28, 30-36 and 38-44. Therefore, these three videos are the proper subject of judicial notice pursuant to the "incorporation by reference" doctrine.

Further, the webpages for the 4/22/21 Podcast (Exhibit C) and Reference Video (Exhibit D) are referred to in the SAC and serve as a basis for all of Triller's claims. *See* SAC, ¶¶ 3, 5, 13, 24, 28, 32, 36, 41 and 44. Therefore, the printouts for the webpages for the 4/22/21 Podcast and Reference Video are the proper subject of judicial notice pursuant to the "incorporation by reference" doctrine.

Finally, the webpages containing YouTube's: (1) eligibility requirements for participation in the YouTube Partner Program (Exhibit G); and (2) definitions for "public video," "unlisted video" and "private video" (Exhibit E) are referred to in the SAC and serve as the basis for all of Triller's claims. *See* SAC, ¶¶ 3, 5, 13, 24, 26, 28, 32, 34-36, 41 and 43-44. Therefore, the printouts of the YouTube Video Privacy Article and YouTube Partner Eligibility Article are the proper subject of judicial notice pursuant to the "incorporation by reference" doctrine.

## II. **DOCUMENTS SUBJECT TO JUDICIAL NOTICE AS PUBLIC RECORDS (EXHIBITS A, J, K, L, M, O)**

It is axiomatic that courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 fn. 6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).

Here, the following documents are court filings from the Filmdaily Action: (1) the 5/6/21 Order (Exhibit A); (2) the Filmdaily Initial Complaint (Exhibit J); (3) the Filmdaily FAC (Exhibit K); (4) the 4/28/21 OSC (Exhibit L); and (5) Triller's Response to the OSC (Exhibit M). In addition, the complaint from the Tortious Interference Action (Exhibit O) is also a court filing. Therefore, these documents are the proper subject of judicial notice.

## III. DEFINITIONS AND WEBSITES SUBJECT TO JUDICIAL NOTICE (EXHIBITS C, D, E, G, P)

It is well-established that "[d]ictionary definitions are [the] proper subject for judicial notice." *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F.Supp.3d 139, 146 (N.D. Cal. 2020) (citing *Gonzalez v. Guzman*, Case No. 17-cv-21-GPC-BGS, 2017 WL 5446087, at *3 fn. 4 (S.D. Cal. Nov. 14, 2017); *Rugg v. Johnson & Johnson*, Case No. 17-cv-5010-BLF, 2018 WL 3023493, at *3 fn. 3 (N.D. Cal. June 18, 2018).

Courts may also take judicial notice of the definitions for a term of art for a particular industry or company. *See Terraza v. Safeway, Inc.*, 241 F.Supp.3d 1057, 1067 (N.D. Cal. 2017) ("the Court takes judicial notice of the definition of various investment terms, which are publicly available on the Investopedia website and the Stable Value Investment Association website").

It is equally well-established that "websites and their contents may be judicially noticed." *Threshold Enterprises*, 445 F.Supp.3d at 146 (citing *Pacific Overlander, LLC v. Kauai Overlander*, Case No. 18-cv-2142-KAW, 2018 WL 3821070, at *2 (N.D. Cal. Aug 10, 2018); *Caldwell v. Caldwell*, Case No. 05-cv-4166-PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *Datel Holdings Lrtd. v. Microsoft Corp.*, 712 F.Supp.2d 974, 984 (N.D. Cal 2010); *2Die4Kourt v. Hillair Capital Management, LLC*, Case No. 16-cv-1304-JVS-DFM, 2016 WL 4487895, at *1 fn. 1 (C.D. Cal. Aug 23, 2016)).

Here, the webpages for the 4/22/21 Podcast (Exhibit C) and Reference Video (Exhibit D) are the proper subjects of judicial notice. The 4/22/21 Podcast is publicly available on YouTube at the URL: https://youtu.be/bfKPts4BJkA. The webpage for the Reference Video was available on YouTube at the URL: https://www.youtube.com/watch?v=-G7u36dpmL8.[3] Therefore, these webpages

---

[3] As of May 3, 2021, the Reference Video was changed from "unlisted" to "private." If one were to click the link to the Reference Video, the individual will (continued).

6
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS

and their contents are the proper subjects of judicial notice.

Also, Exhibit E is a printout of the YouTube Privacy Settings Article entitled "Change video privacy settings" and contains the definitions/meaning of the terms "public video," "unlisted video," and "private video." These are terms of art unique to YouTube and the YouTube Privacy Settings Article contains the definitions/meaning of these terms. Further, the YouTube Privacy Settings Article is a printout of a public website, which is available at: https://support.google.com/youtube/answer/157177?co=GENIE.Platform%3DDesktop&hl=en#zippy=%2Cunlisted-videos%2Cprivate-videos%2Cpublic-videos. Therefore, Exhibit E is the proper subject of judicial notice.

Additionally, Exhibit G is printout of the YouTube Partner Program Article entitled "YouTube Partner Program overview & eligibility" and contains YouTube's requirements for eligibility to apply for the YouTube Partner Program and monetize YouTube videos. The requirements and terms applicable for eligibility into the YouTube Partner Program are terms of art to YouTube and the YouTube Partner Program Article contains the definition/meaning of those terms and requirements. Moreover, the YouTube Partner Program Article is a printout of a public website, which is available at: https://support.google.com/youtube/answer/72851?hl=en. Therefore, Exhibit G is the proper subject of judicial notice.

Finally, Exhibit P is printout of Merriam Webster's online dictionary definition of the word "stream," which includes the word's application to the digital context. Further, Exhibit P is a printout of a public website, which is available at: https://www.merriam-webster.com/dictionary/stream. Therefore, Exhibit P is the proper subject of judicial notice.

be greeted with a black box that states: "Video unavailable" and "This video is private." Currently, the Reference Video is only accessible by TEI. Should the Court wish to confirm the printout of the webpage for the Reference Video, Defendants can make arrangements for the Court to view the webpage for the Reference Video with sufficient advance notice.

## IV. CONCLUSION

For the reasons stated above, Defendants respectfully request this Court to grant its Request for Judicial Notice.

Dated: September 6, 2021 **Law Offices of Lincoln Bandlow**

By _____
LINCOLN D. BANDLOW
ROM BAR-NISSIM
Attorneys for Defendants