1  FARHAD NOVIAN (SBN 118129)
   farhad@novianlaw.com
2  MICHAEL O'BRIEN (SBN 277244)
   michaelo@novianlaw.com
3  ALEXANDER BRENDON GURA (SBN 305096)
   gura@novianlaw.com
4  **NOVIAN & NOVIAN, LLP**
5  1801 Century Park East, Suite 1201
   Los Angeles, California 90067
6  Telephone: (310) 553-1222
7  Facsimile: (310) 553-0222

8

9  *Attorneys for Plaintiff Triller Fight Club II LLC*

10            **UNITED STATES DISTRICT COURT**
11            **CENTRAL DISTRICT OF CALIFORNIA**

12  TRILLER FIGHT CLUB II LLC, a        CASE NO.: 2:21-cv-03942-JAK-KS
    Delaware Limited Liability Company,
13                                      Assigned to:  Hon. John A. Kronstadt
14
          Plaintiff,                    **PLAINTIFF'S    OPPOSITION    TO**
15                                      **DEFENDANTS'    REQUEST    FOR**
          vs.                           **JUDICIAL NOTICE IN SUPPORT OF**
16                                      **DEFENDANTS'     MOTION     TO**
17  TED ENTERTAINMENT, INC. a           **DISMISS    SECOND    AMENDED**
    California corporation, ETHAN       **COMPLAINT     PURSUANT     TO**
18  KLEIN, an individual, HILA KLEIN,   **F.R.C.P. 12(b)(6)**
    an individual, and Does 1-10,
19                                      **[Filed concurrently with:**
20        Defendants.                   **1.    Plaintiff's    Opposition    to**
                                        **Defendants' Motion to Dismiss Second**
21                                      **Amended Complaint; and**
                                        **2.    Declaration of Alexander Brendon**
22                                      **Gura.]**
23
                                        Date:  November 22, 2021
24                                      Time:  8:30 a.m.
25                                      Place:  Courtroom 10B
26
27
28

_____
PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Plaintiff Triller Fight Club II LLC ("Plaintiff" or "Fight Club") respectfully submits this short opposition to Defendants' request that the Court take judicial notice of (i) Triller, Inc.'s ("Triller") initial complaint in *Triller, Inc. v. Filmdaily.com, et al.*, Case No. 2:21-cv-03502-PA-RAO (the "FilmDaily Action"); (ii) Triller's first amended complaint in the FilmDaily Action; (iii) Judge Percy Anderson's April 28, 2021 Order to Show Cause in the FilmDaily Action; (iv) Triller's Response to Judge Percy Anderson's April 28, 2021 Order to Show Cause in the FilmDaily Action; (v) the May 6, 2021 Order by the Honorable Percy Anderson entered in the FilmDaily Action; and (vi) Triller's complaint in *Triller, Inc. v. Ted Entertainment, Inc. et al.*, Case No. 21SMCV01225 (the "Tortious Interference Action") (collectively, the "Unrelated Filings"). The Unrelated Filings concern the FilmDaily Action, not this action. Defendants are not parties to the FilmDaily action. Defendants do not seek to introduce the Unrelated Filings because they bear upon or have any relevance to the issues raised in this action, but rather to prejudice Fight Club. Accordingly, Defendants' request for judicial notice should be denied because the Unrelated Filings are inadmissible under Federal Rules of Evidence 401 and 403.

## I. ARGUMENT

The Unrelated Filings do not meet the requirements of the Federal Rules of Evidence. Defendants take the position that the Unrelated Filings are subject to judicial notice as public records but fail to explain why the Unrelated Filings are relevant and fail to address Ninth Circuit precedent denying requests for judicial notice on the grounds of undue prejudice. *See, e.g.*, *Keyes v. Coley*, No. CIV S-09-1297 KJM, 2011 WL 2181416, at *3 (E.D. Cal. June 3, 2011) (sustaining objection to request for judicial notice on the basis that the evidence was irrelevant, unduly prejudicial, and hearsay). While Plaintiff does not concede that the Court should take judicial notice of the Unrelated Filings, even if the Court is inclined to take judicial notice of the Unrelated Filings, the Unrelated Filings must still be excluded as irrelevant and prejudicial. (Fed. R. Evid. 402*; see Latino Food Marketers, LLC v. Ole*

1 *Mexican Foods, Inc.*, 407 F.3d 876, 881 (7th Cir. 2005) (The court did not err by

2 refusing to take judicial notice of FDA standards for impeachment purposes when

3 defendant never claimed its products met the standards).

4    Under Federal Rule of Evidence 401, evidence is deemed relevant if: "(a) it has

5 any tendency to make a fact more or less probable than it would be without the

6 evidence, and (b) the fact is of consequence in determining the faction." Accordingly,

7 "only facts having rational probative value are admissible," i.e. "[e]vidence which has

8 any tendency in reason to prove any material fact." *United States v. Amaral*, 488 F.2d

9 1148, 1152 (9th Cir. 1973). The requirement of materiality is unqualified—the

10 proposed evidence must go to "a matter properly provable in the case" and must be

11 "of consequence in the determination of the action." (Fed. R. Evid. 401, advisory

12 committee's notes to 1972 Proposed Rules.) The Unrelated Filings concern a separate,

13 distinct, and unrelated action, and therefore are not probative of any fact "of

14 consequence in determining the action."

15    Even if the Court considers the Unrelated Filings somehow relevant background

16 information in this lawsuit (they are not), the Court should nonetheless refuse to take

17 judicial notice of them. That is because Defendants' use of the Unrelated Filings fails

18 the well-established test of Federal Rule of Evidence 403: the minimal probative value

19 that the Unrelated Filings might have is far outweighed by the prejudice that would

20 result from their introduction, inviting the jury to ignore the facts in favor of an

21 emotional appeal, as is no doubt Defendants' intent. The Ninth Circuit has specifically

22 recognized that "Rule 403 is concerned with unfairly prejudicial evidence," or

23 evidence that "has an undue tendency to suggest a decision on an improper basis such

24 as emotion or character rather than evidence presented." *United States v. Shields*, 673

25 F. App'x 625, 627 (9th Cir. 2016) (quoting *United States v. Joetzki*, 952 F.2d 1090,

26 1094 (9th Cir. 1991)). Thus, the Ninth Circuit has emphasized that Rule 403 requires

27 that evidence be excluded as irrelevant where it has "scant or cumulative probative

28 force, [which is] dragged in by the heels for the sake of its prejudicial effect." *United*

*States v. Plascencia-Orozco*, 852 F.3d 910, 926 (9th Cir. 2017). Specifically, evidence should be excluded when "there is a significant danger that the jury might base its decision on emotion or when the non-party events would distract reasonable jurors from the real issues in a case." *United States v. Whittemore*, No. 3:12-CR-0058-LRH-WGC, 2013 WL 1955897, at *2 (D. Nev. May 10, 2013). The Unrelated Filings are of just this character; they neither concern nor bear upon any issues in this action, but are instead referenced by Defendants in hope of evoking an emotional response. Accordingly, the Unrelated Filings are not properly the subject of judicial notice.

## II.     CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court not take judicial notice of the Unrelated Filings.

Dated:  October 6, 2021

NOVIAN & NOVIAN, LLP
Attorneys at Law

By:     /s/ Alexander Brendon Gura
FARHAD NOVIAN
MICHAEL O'BRIEN
ALEXANDER BRENDON GURA

*Attorneys for Plaintiff Triller Fight Club II LLC*