# Exhibit Y

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| 21SMCV01225 | January 12, 2022 |
| TRILLER, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs TED ENTERTAINMENT, INC., A CALIFORNIA CORPORATION, et al. | 4:17 PM |

Judge: Honorable Helen Zukin            CSR: None
Judicial Assistant: J. Young             ERM: None
Courtroom Assistant: P. Booker          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 01/11/2022 for Hearing on Special Motion to Strike under CCP Section 425.16 (Anti-SLAPP motion), now rules as follows: THE COURT GRANTS DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16.

Background

Plaintiff Triller, Inc ("Plaintiff") filed this complaint on July 19, 2021, against Defendants TED Entertainment, Inc., Teddy Fresh, Inc., Ethan Klein, and Hila Klein, ("Defendants"). Plaintiff asserts causes of action for: (1) intentional interference with existing economic relationships; (2) intentional interference with prospective economic relationships; (3) negligent interference with existing economic relationships; (4) negligent interference with prospective economic relationships; (5) violation of California Business and Professions Code section 17200 et seq.

In its complaint, Plaintiff alleges that Defendants published four videos containing false, misleading, and malicious allegations concerning Triller, Inc., the Triller App ("App"), and Ryan Kavanaugh ("Mr. Kavanaugh"). Additionally, Defendants are alleged to have encouraged their fans to leave one-star reviews of the App.

On November 19, 2021, the Court held a hearing on Defendants' Anti-SLAPP motion. The parties presented oral argument. At the hearing, Plaintiff requested the opportunity to provide additional evidence. The Court ordered further briefing on the submission of late filed evidence.

On December 2, 2021, the Court permitted further evidence and briefing. The Court ordered

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| 21SMCV01225 | January 12, 2022 |
| TRILLER, LLC, A DELAWARE LIMITED LIABILITY | 4:17 PM |
| COMPANY vs TED ENTERTAINMENT, INC., A | |
| CALIFORNIA CORPORATION, et al. | |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

Plaintiff's supplemental brief and evidence, not to exceed ten pages, to be filed and served on or before December 7, 2021. Defendant's responsive brief, not to exceed ten pages, was to be filed and served on or before December 14, 2021. On December 2, 2021, Plaintiff submitted a supplemental declaration of its General Counsel, M. Darren Traub, with four exhibits totaling over 800 pages.

Anti-SLAPP Motion Standard

First, it is the Defendants' initial burden to show that the lawsuit "arises from" their exercise of free speech or petition. (Equilon Enterprises, LLC v. Consumer Cause, Inc. (2002) 29 Cal.4th 53, 65 ["By requiring that a moving defendant demonstrate that the targeted cause of action is one arising from protected speech or petitioning (§ 425.16, subd. (b)), our Anti-SLAPP statute utilizes a reasonable, objective test that lends itself to adjudication on pretrial motion."].)

Defendants need only make a prima facie showing that the activity arises from free speech or petition activity. (Kajima Engineering & Construction, Inc. v. City of Los Angeles (2002) 95 Cal.App.4th 921, 928 ["First, the court decides whether the defendant has made a threshold prima facie showing that the defendant's acts, of which the plaintiff complains, were ones taken in furtherance of the defendant's constitutional rights of petition or free speech in connection with a public issue."].)

Prima facie is defined as a "reasonable probability." (Hung v. Wang (1992) 8 cal.App.4th 908, 930 ["The phrase 'a reasonable probability,' or phrases very much like it, have been used by courts in other contexts to describe the conclusion that a particular outcome is more likely than not to occur."].)

Once the Defendant makes a prima facie showing, the burden shifts to Plaintiff to show a "probability" that he or she will prevail on the merits. (Cal. Code of Civil Proc., §425.16(b) ["…unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."].) Plaintiff needs to show that its complaint is legally sufficient, and supported by facts to sustain a favorable judgment. (Wilson v. Parker, Covert & Chidester (2002) 28 cal.4th 811, 821 ["Put another way, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'"].)

"In making this assessment it is 'the court's responsibility . . . to accept as true the evidence

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| 21SMCV01225<br>TRILLER, LLC, A DELAWARE LIMITED LIABILITY<br>COMPANY vs TED ENTERTAINMENT, INC., A<br>CALIFORNIA CORPORATION, et al. | January 12, 2022<br>4:17 PM |

Judge: Honorable Helen Zukin           CSR: None
Judicial Assistant: J. Young            ERM: None
Courtroom Assistant: P. Booker          Deputy Sheriff: None

---

favorable to the plaintiff . . . .' [citation omitted]. The plaintiff need only establish that his or her claim has 'minimal merit' [citation omitted] to avoid being stricken as a SLAPP . . ." (Soukup v. Law Offices of Herbert Hafif (2006) 39 Cal.4th 260, 291.)

While Ca. Code of Civil Proc., §425.16(b)(2) allows a court to consider the pleadings, they are not generally considered facts. (Oviedo v. Windsor Twelve Properties, LLC (2012) 212 Cal.App.4th 97, 109 ["As is true with summary judgment motions, the issues in an Anti-SLAPP motion are framed by the pleadings. [Citation.] The plaintiff may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence."].)

At the "second stage of an anti-SLAPP hearing, the court may consider affidavits, declarations, and their equivalents if it is reasonably possible the proffered evidence set out in those statements will be admissible at trial. Conversely, if the evidence relied upon cannot be admitted at trial, because it is categorically barred or undisputed factual circumstances show inadmissibility, the court may not consider it in the face of an objection." (Sweetwater Union High School Dist. v. Gilbane Building Co. (2019) 6 Cal.5th 931, 949.)

Plaintiff's Supplemental Evidence

i. Exhibits A and B

The Traub Declaration states Exhibits A and B, respectively, are true and correct copies of Apple App Store and Google Play Store logs tracking various data points in the Triller App's one-star reviews during the time period at issue. The Court determines that these documents are not submitted for the truth of the matter asserted, but rather to show that the reviews were made. As such, Exhibits A and B are not hearsay. At this time, however, they lack foundation, because Plaintiff has not demonstrated personal knowledge as to when the documents were created, the mode of preparation and the manner in which the documents are maintained to indicate the exhibits' trustworthiness. Because this information is within the control of third parties, the Court finds Plaintiff, through depositions of custodians of record or live witnesses, has a likelihood of establishing (Apple and Google) authentication at trial. The Court will consider Exhibits A and B.

ii. Exhibits C and D

Exhibits C and D are Triller's internal documents for which Plaintiff has custody and control. It

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| **21SMCV01225** | January 12, 2022 |
| **TRILLER, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs TED ENTERTAINMENT, INC., A CALIFORNIA CORPORATION, et al.** | 4:17 PM |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

could have obtained declarants with personal knowledge to establish the documents are what they purport to be and to satisfy the elements of a business records exception. There is no description of the mode of preparation of either Exhibits C and D or the damages listed in the two declarations of General Counsel. The current General Counsel, M. Darren Traub, does not provide specific information on the manner, time and mode of preparation of these documents. Mr. Traub simply states he accessed and reviewed the documents. (Traub Decl., ¶ 2.) The Court infers Mr. Traub is Triller's new General Counsel, as there was a different General Counsel, Brian Blatz, who signed the previous declaration dated September 29, 2021. Similarly, Mr. Blatz's declaration does not provide the requisite foundation for the exhibits for the same reasons.

Mr. Blatz and Mr. Traub fail to establish the personal knowledge of how Exhibits C and D were prepared, specifically, how the damage calculations were determined, by whom, and the time of preparation. Mr. Traub's conclusory statements regarding Exhibits C and D being business records does not satisfy the business records exception. Assuming the exhibits are compilations of data, a proper foundation for authenticity has not been met. Presumably, Plaintiff could have produced a declaration from an employee, expert, or accountant with personal knowledge of the documents, calculations, and modes of preparation. There is no context submitted for Exhibits C and D and the damage calculations that would provide adequate foundation for the Court to determine the authenticity and reliability of the documents. The Court infers these exhibits were summarized or compiled for litigation based on the title of the documents and the fact that Plaintiff did not provide evidence as to when the two exhibits were prepared. Specifically, the information provided on the conversion rates and costs are too speculative absent a clear showing on how the data and resulting damages were calculated; including a person with knowledge of the time and mode of preparation.

The Court finds, based on the analysis above, Exhibits C and D are not likely to be admitted at trial. Plaintiff had two opportunities to lay the proper foundation but failed to do so. Accordingly, the Court sustains Defendants' objections to Exhibits C and D and references to damages in the Blatz and Traub Declarations.

However, even if the Court were to consider and credit all four exhibits, the Court finds Plaintiff has not met its burden here.

Analysis

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| **21SMCV01225** | January 12, 2022 |
| TRILLER, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs TED ENTERTAINMENT, INC., A CALIFORNIA CORPORATION, et al. | 4:17 PM |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

In assessing a defendant's section 425.16 special motion to strike, the court must engage in a two-step process. (Shekhter v. Financial Indem. Co. (2001) 89 Cal.App.4th 141, 150.) First, the court must decide whether the defendant has met the threshold burden of showing that the plaintiff's cause of action arises from the defendant's constitutional rights of free speech or petition for redress of grievances. (Id.) This burden may be met by showing the act which forms the basis for the plaintiff's cause of action was an act that falls within one of the four categories of conduct set forth in 425.16(e). If the defendant meets his initial burden, then the burden shifts to the plaintiff to establish a probability that the plaintiff will prevail on the claim—i.e., present facts which would, if proved at trial, support a judgment in the plaintiff's favor. (Id. at 150-51.)

a. Statements at Issue
i. Statements Concerning Ryan Kavanaugh
• Mr. Kavanaugh runs a Ponzi Scheme.
• That Defendants misrepresented a June 7, 2019, article in
Variety magazine (the "Variety Article").
• Mr. Kavanaugh bears a physical resemblance to Harvey Weinstein.
• Mr. Kavanaugh sued Defendants.
ii. Statements by Reddit Users
• "Take down triller . . . Let's all rate triller a 1 on the App Store . . ." by Reddit user u/ConversationActual77.
• "FOOTSOLDIERS, TIME TO BANK DOWN TRILLER APP. Called by the king himself!" u/2POKUS2.
• "FOOT SOLDEIRS ASSEMBLE TANK THE TRILLER APP!! WE CAN DO BETTER THAN THIS!!!!" by Reddit user u/dontblameme_13.
• Image shared by u/Necessary_Yak_3918.
• "TRILLER WENT DOWN .1 STARS IN THE APP STORE keep up the honest reviews footsoldiers" posted by Reddit user u/MrsRodrickHeffley.
iii. Statements Concerning Triller and the Triller App
• Triller falsely represented that comedian Kevin Hart uses the app.
• That the App is 'flipped." "Yo, Triller, my thing is flipped" comment made originally by Mr. Beck as he was creating a video using the Triller App.
• "So, I've been having fun looking up Triller. Like if you go to the app store, I have them one star by the way just because I didn't have a positive experience. Yeah, but people should judge for themselves. Go download the app and leave a review."
• "I'll be checking in on the Triller reviews . . ."
• "Try the App, see how it goes, and give it one star. Or more. One, or more, stars, Some amount of stars between one star and up to maybe five stars. Download Triller and rate it one star, or

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| **21SMCV01225**<br>**TRILLER, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs TED ENTERTAINMENT, INC., A CALIFORNIA CORPORATION, et al.** | January 12, 2022<br>4:17 PM |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

more. That's what I did."
• "We do not condone and we do not encourage troll reviews like this one,"

b. Protected Activity

A defendant satisfies the first prong by demonstrating that the act underlying the plaintiff's cause of action fits one of the categories spelled out in Code of Civil Procedure section 425.16, subd. (e). "The moving party's step-one burden does not require proof that the targeted conduct was in fact protected by the First Amendment. Instead, the moving party need only make a prima facie showing, not prove, that the targeted 'statements' were made 'in . . . a public forum in connection with an issue of public interest.'" (Pott v. Lazarin (2020) 47 Cal.App.5th 141, 147, citing Code Civ. Proc., § 425.16, emphasis in original.)

i. Public Forum

Like the court in Wilbanks, this Court views the Internet as an electronic bulletin board open to literally billions of people all over the world. (Wilbanks v. Wolk (2004) 121 Cal.App.4th 883, 897.) The Internet is a classic public forum which permits an exchange of views in public about everything from the great issues of war, peace, and economic development to the relative quality of the chicken pot pies served at competing family restaurants in a single small neighborhood." (Chaker v. Mateo (2012) 209 Cal.App.4th 1138, 1146.) "Web sites accessible to the public . . . are 'public forums' for purposes of the Anti-SLAPP statute. (Nygard, inc. v. Uusi-Kerttula (2008) 159 Cal.App.4th 1027.)

Plaintiff argues the websites at issue here were not their public forums because Defendants had control over the content via their YouTube Channel and H3 Sub-Reddit. (Weinberg v. Feisel (2003) 110. Cal.App.4th 1122, 1130-1131.) Plaintiff supports its argument by citing Weinberg, but Nygard criticized that holding and concluded that "nearly all publicly available written communication traditionally has been made in fora that are subject to editorial control and, thus, would not come within the narrow definition of 'public forum' articulated in Lafayette Morehouse and Weinberg." (Nygard, Inc. v. Uusi-Kerttula (2008) 159 Cal.App.4th 1027, 1038.) Our Supreme Court has held that "[w]eb sites accessible to the public . . . are 'public forums' for purposes of the Anti-SLAPP statute." (Barrett v. Rosenthal (2006) 40 Cal.4th 33, 41, fn. 4; see also Wilbanks, supra, 121 Cal.App.4th at 895, cited with approval by Barrett v. Rosenthal (holding that a website that did not post information or opinions from other sources was a public forum).)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| 21SMCV01225 | January 12, 2022 |
| TRILLER, LLC, A DELAWARE LIMITED LIABILITY | 4:17 PM |
| COMPANY vs TED ENTERTAINMENT, INC., A | |
| CALIFORNIA CORPORATION, et al. | |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

Accordingly, this Court finds YouTube and Reddit are public forums because they are publicly accessible websites. The hallmark of a public forum is "public access, not the right to public comment." (Sonoma Media Investments, LLC v. Superior Court (2019) 34 Cal.App.5th 24, 33.)

As Defendants argue, here, the Podcasts are available freely to the public on YouTube. A YouTube channel is merely a location where a user's uploaded videos, like the Podcasts, are grouped. Subscribing on a YouTube channel does not thereby grant an individual access, it merely alerts individuals when new content has been added in the channel. A Sub-Reddit functions like a YouTube channel. A Sub-Reddit is simply a sub-forum where users can subscribe to and be alerted to new posts within the sub-forum. Some Subreddit forums may be private, allowing a moderator to control access to the content to only those users who are given permission. Plaintiff provides no evidence the H3 Sub-Reddit was a private Subreddit. A public Subreddit is accessible to the public. Even in a public Sub-Reddit, posting privileges may be revoked for violations of the rules of conduct; called a temporary ban. However, even those individuals can still access and read posts and comments. Accordingly, because the websites at issue allow public access, the Court finds Defendant has made a prima facie showing that YouTube and Reddit are public forums under Sonoma Media Investments and Barrett.

ii. Public Interest

A public interest is "any issue in which the public is interested." (Nygard, Inc. v. Uusi–Kerttula (2008) 159 Cal.App.4th 1027, 1042. The public interest requirement is to be construed broadly. As noted in Seelig v. Infinity Broadcasting Corp. (2002) 97 Cal.App.4th 798, 808:

To satisfy the first threshold requirement, the offending comments must have been made "in connection with an issue of public interest." (§ 425.16, subd. (e)(3).) This requirement, like all of section 425.16, is to be "construed broadly" so as to encourage participation by all segments of society in vigorous public debate related to issues of public interest. (§ 425.16, subd. (a); see Averill v. Superior Court (1996) 42 Cal.App.4th 1170, 1175-1176 [§ 425.16, subd. (e) intended to be given broad application in light of its purposes].)

"In general, '[a] public issue is implicated if the subject of the statement or activity underlying the claim . . . was a person or entity in the public eye . . . .'" (D.C. v. R.R. (2010) 182 Cal.App.4th 1190, 1215; accord, Seelig v. Infinity Broadcasting Corp. (2002) 97 Cal.App.4th 798, 807 [comments about a contestant on a popular, reality-style television program]; Sipple v.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| **21SMCV01225** | January 12, 2022 |
| **TRILLER, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs TED ENTERTAINMENT, INC., A CALIFORNIA CORPORATION, et al.** | 4:17 PM |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

Foundation for Nat. Progress (1999) 71 Cal.App.4th 226, 239–240 [article about personal life of a nationally known political consultant]; Jackson v. Mayweather (2017) 10 Cal.App.5th 1240, 1254.)

"In [FilmOn.com Inc. v. DoubleVerify Inc. (2019) 7 Cal.5th 133, 150] the California Supreme Court concluded that 'it is not enough that the statement refer to a subject of widespread public interest; the statement must in some manner itself contribute to the public debate.' In determining whether the statement contributed to the public debate, '[w]e are not concerned with the social utility of the speech at issue, or the degree to which it propelled the conversation in any particular direction; rather, we examine whether a defendant—through public or private speech or conduct—participated in, or furthered, the discourse that makes an issue one of public interest." (Hoang v. Tran (2021) 60 Cal.App.5th 513, 529, emphasis added, internal quotations omitted ("The numerous comments to the article show that appellant participated in and furthered the discourse that made respondent, his accumulation of wealth, and his relationship with Ngoc Trinh a subject of public interest within the Vietnamese community").)

The Court finds the statements at issue here are those of public interest. The comments made on the Podcast relate to the user experience of the Triller App. The Triller App, and Mr. Kavanagh, have been the subject of numerous media articles. The App has had millions of downloads with millions of active users. These facts alone are sufficient to show the statements relate to matters concerning an "entity in the public eye" and/or "a topic of widespread public interest." (Wilson v. Cable News Network, Inc. (2019) 7 Cal.5th 871, 902 ("a statement about a person or entity in the public eye may be sufficient, but is not necessary, to establish the statement is "free speech in connection with a public issue or an issue of public interest").)

Instructive here is Daniel v Wayans. There, the comments at issue referenced a Twitter and Instagram account that had more than one million followers. (Daniel v. Wayans (2017) 8 Cal.App.5th 367, 387-388.) The Defendant, Wayans, was a popular actor, writer, and producer with many films and television shows to his credit. (Ibid.) Further, the post at issue also included information about the upcoming movie, A Haunted House 2. (Ibid.) The court held the "post both referred to a topic of widespread public interest (the film) and contributed to the public "debate" or discussion regarding the film by giving fans and those interested a glimpse of someone in the film." (Ibid.)

Analogous to the facts here, the Triller App has had millions of downloads. There has been considerable press regarding Triller's Fight Club II. Even Triller's majority shareholder Mr.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| **21SMCV01225** | January 12, 2022 |
| **TRILLER, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs TED ENTERTAINMENT, INC., A CALIFORNIA CORPORATION, et al.** | 4:17 PM |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

---

Kavanaugh, a nonparty here, has been the topic of many news articles regarding his business dealings and personal life. Defendants cite to various articles, including Variety and The New York Times, regarding Triller and Mr. Kavanaugh. (Def. Comp. Ex. 14, 16, 17, 26, 57.)

If a Twitter and Instagram profile with millions of followers constituted public interest, then the Triller App which millions have purportedly downloaded, and a company that promotes fights with Jake Paul (a famous YouTube celebrity), also satisfies the criteria under Daniel.

Triller argues its corporate activity is not an issue of public importance. First, the Court finds the statements at issue do not relate only to "corporate activity," such as "financials," but rather relate to a larger commentary of Triller's App and content that Triller makes available to the public. Second, the Court is also not persuaded as Triller's promotional activities and media coverage contradict Triller's position. Plaintiff submits evidence that Triller spends significant time and resources on its marketing campaigns. (Blatz Decl., ¶ 5.) Such promotional activities like promoting the App through ads and promoting Fight Club II with Jake Paul indicate that Triller "itself must believe the public is interested in its activities." (Summit Bank v. Rogers (2012) 206 Cal.App.4th 669, 694.)

During the November 19, 2021, oral argument, Triller maintained the Defendants' speech was not in furtherance of public discourse because Defendants' manner while making statements, such as "try it yourself," communicated insincerity. The Court declines to infer a hidden meaning and will only consider the actual words spoken by Defendants in the Podcasts.

The Court finds Defendants' statements concerned issues of public interest and are therefore protected speech.

c. Probability of Prevailing

Once a defendant makes a prima facie showing that the plaintiff's complaint arises from constitutionally protected petitioning or free speech activity, then the burden shifts to plaintiff to establish, with admissible evidence, a probability that plaintiff will prevail on the claims challenged by the Anti-SLAPP motion. (Code Civ. Proc., § 425.16, subd. (b)(1).) "[T]he plaintiff must demonstrate the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." (Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Assn. (2006) 136 Cal.App.4th 464, 476 [internal quotations omitted].)

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| **21SMCV01225**<br>TRILLER, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs TED ENTERTAINMENT, INC., A CALIFORNIA CORPORATION, et al. | January 12, 2022<br>4:17 PM |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

In evaluating Plaintiff's probability of success, "[t]he court does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law." (Monster Energy Co. v. Schechter (2019) 7 Cal. 5th 781, 788).) However, "a plaintiff seeking to demonstrate the merit of the claim 'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.'" (Ibid.) "[S]peculative inferences not supported by the evidence proffered need not be considered." (Id. at p. 795.)

i. Underlying Defamation and Incitement Claim

For Plaintiff to show a likelihood of success on the causes of action for interference with current and prospective economic relationships and for violation of Business and Professions Code section 17200 et seq, Plaintiff must show a likelihood of success that Defendants' statements made on the Podcast were defamatory or designed to incite.

While the Plaintiff did not allege a cause of action for defamation or incitement, "[e]rroneous or confusing labels attached by the inept pleader are to be ignored if the complaint pleads facts which would entitle the plaintiff to relief." (Saunders v. Cariss (1990) 224 Cal.App.3d 905, 908, citing Williams v. Beechnut Nutrition Corp. (1986) 185 Cal.App.3d 135, 139, fn. 2.) That is, "[i]t is not what a paper is named, but what it is that fixes its character." (Parnham v. Parnham (1939) 32 Cal.App.2d 93, 96.) Thus, the underlying wrong alleged must state a cause of action for either defamation or incitement.

The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage. (Wong v. Jing (2010) 189 Cal.App.4th 1354, 1369.) Civil Code section 45 provides, "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." (Wong, 189 Cal.App.4th at 1369.)

As the Court of Appeal noted in Wong v. Jing:

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| 21SMCV01225 | January 12, 2022 |
| TRILLER, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs TED ENTERTAINMENT, INC., A CALIFORNIA CORPORATION, et al. | 4:17 PM |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

---

'The sine qua non of recovery for defamation ... is the existence of falsehood.' [Citation.] Because the statement must contain a provable falsehood, courts distinguish between statements of fact and statements of opinion for purposes of defamation liability. Although statements of fact may be actionable as libel, statements of opinion are constitutionally protected. [Citation.]" (McGarry, supra, 154 Cal.App.4th at p. 112, 64 Cal.Rptr.3d 467.) That does not mean that statements of opinion enjoy blanket protection. (Ibid.) On the contrary, where an expression of opinion implies a false assertion of fact, the opinion can constitute actionable defamation. (Milkovich v. Lorain Journal Co. (1990) 497 U.S. 1, 18–19, 110 S.Ct. 2695, 111 L.Ed.2d 1.) The critical question is not whether a statement is fact or opinion, but " 'whether a reasonable fact finder could conclude the published statement declares or implies a provably false assertion of fact.' " (McGarry, supra, 154 Cal.App.4th at p. 113, 64 Cal.Rptr.3d 467.)

"To determine whether a statement is actionable fact or nonactionable opinion, courts use a totality of the circumstances test of whether the statement in question communicates or implies a provably false statement of fact. [Citation.] Under the totality of the circumstances test, '[f]irst, the language of the statement is examined. For words to be defamatory, they must be understood in a defamatory sense.... [¶] Next, the context in which the statement was made must be considered.' [Citation.]" (McGarry, supra, 154 Cal.App.4th at p. 113.)

(Wong v. Jing (2010) 189 Cal.App.4th 1354, 1369-70.)

"The First Amendment protects parody, rhetorical hyperbole, and loose, figurative, or hyperbolic language." (D.C. v. R.R. (2010) 182 Cal.App.4th 1218.) The First Amendment does "not permit a State to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." (Virginia v. Black (2003) 538 U.S. 343, 359.)

The U.S. Supreme Court has held advocating to leave a review is protected speech. (See NAACP v. Claiborne Hardware Co. (1982) 458 U.S. 886, 927-929 ("An advocate must be free to stimulate his audience with spontaneous and emotional appeals for unity and action in a common cause. When such appeals do not incite lawless action, they must be regarded as protected speech."); Lam v. Ngo (2001) 91 Cal.App.4th 832, 837 (protest organizers "cannot be held personally liable for the acts committed by other protestors unless he or she authorized, directed or ratified specific tortious activity, incited lawless action, or gave specific instructions to carry out violent acts or threats."); McCollum v. CBS, Inc. (1988) 202 Cal.App.3d 989, 1001 (Ozzy Osbourne's song "Suicide Solution" did not constitute incitement because it could not be

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| 21SMCV01225<br>TRILLER, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs TED ENTERTAINMENT, INC., A CALIFORNIA CORPORATION, et al. | January 12, 2022<br>4:17 PM |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

"characterized as a command to an immediate suicidal act.").

Plaintiff has provided evidence that negative reviews were left in the Apple and Google app stores using similar language as the Podcasts at issue to show that Defendants directed their fans to commit wrongful conduct. That evidence, however, is insufficient to show a likelihood of success on the merits for incitement because, while they provide evidence of negative reviews, they do not put forth sufficient evidence to establish Defendant directed or ratified tortious activity. Defendant states in the Podcasts that fans should not leave fake reviews and condemns such behavior. While Plaintiff argues Mr. Klein's demeanor communicates something more sinister, the evidence put forth does not show that Mr. Klein authorized or ratified specific tortious activity.

Plaintiff does not provide evidence Defendants' statements were false or not opinion. In this context, the Court finds the language used by Mr. Klein is more akin to parody, hyperbole, and primarily, statements of opinion. Even if Mr. Klein's statements directing H3 fans to download and try Triller's App were not genuine, there simply does not lie a cause of action for defamation. "Do as I do, not as I say," is not an assertion that can be proven as fact or opinion. In the context of defamation, Plaintiff has not met its burden of showing a probability of success on the merits.

Statements concerning whether Triller falsely represented that comedian Kevin Hart uses the App is a statement that can be shown to be true or false. Defendants have put forth evidence to support their prima facie showing that this was a true statement at the time the Podcasts aired. Despite not having a presence on the Triller App, the description of the Triller App stated millions of users have made Triller videos along with stars like Kevin Hart. (Klien Decl., ¶¶ 4, 9 -12, Exh. 2-3, 5.) The Plaintiff has not put forth evidence to meet its burden of showing a likelihood of success on the merits that this particular statement was false.

A statement concerning the App was "flipped" is also a statement that can be true or false. Defendants have put forth evidence this was a statement originally made by Mr. Beck while he was trying to record using the Triller App. Mr. Beck observed that the App had flipped the camera. Plaintiff provides evidence that the App had an inversion problem relating to camera function on certain iOS devices. (Blatz Decl., ¶ 3.) Thus, because it contains an assertion of fact, is it not-actionable as defamation because Plaintiff must show the statement is false. Plaintiff has failed to provide evidence to meet its burden of showing a likelihood of success on the merits of this statement.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| 21SMCV01225 | January 12, 2022 |
| TRILLER, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs TED ENTERTAINMENT, INC., A CALIFORNIA CORPORATION, et al. | 4:17 PM |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

---

The remaining statements were posted to the H3 SubReddit website, which identified itself as a social networking site ("Reddit") and permitted users to create their own profile and post information on various forums. No evidence is offered to support the contention the H3 Podcast, Ethan Klein, Hila Klein, or Teddy Fresh created the comments. As to the comments made by third-party Reddit users, Defendants cannot be held liable under 47 U.S.C. section 230(c)(1). Section 230 provides, "no provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." (47 U.S.C. section 230(c)(1).) Section 230 applies to Reddit users' posts. (See Barrett v. Rosenthal (2006) 40 Cal.4th 33, 58-59.)

Plaintiff, Triller, cannot successfully assert a cause of action for statements concerning Mr. Kavanaugh. "In defamation actions, the First Amendment also requires that the statement on which the claim is based must specifically refer to, or be 'of and concerning,' the plaintiff in some way." (Blatty v. New York Times Co. (1986) 42 Cal.3d 1033, 1042.) Here, insofar as any statement is "of and concerning" Mr. Kavanaugh, those statements do not show a likelihood of success on the merits because Mr. Kavanaugh is not a Plaintiff in this case. In some instances a corporation and its majority shareholder are so inextricably intertwined they are generally regarded as one and the same in the context of defamation claims. Plaintiff has put forth no evidence, nor argument, that Mr. Kavanaugh and Triller are known generally as one and the same. Accordingly, the Plaintiff has failed to show a probability of success on the merits for statements concerning Mr. Kavanaugh.

ii. Intentional Interference with Contractual Relations

"The elements which a plaintiff must plead to state a cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." (Pacific Gas & Electric Co. v. Bear Stearns & Co. (1990) 50 Cal.3d 1118, 1126, internal citations omitted.)

Plaintiff has submitted evidence stating that, "The thousands of one-star reviews parroting Defendants' allegations have had a detrimental effect on the App. According to Plaintiff's internal analysis of the damage caused by Defendants' conduct, the thousands of one-star reviews parroting Defendants' allegations have: (i) depressed the overall rating of the App, and

| | |
|---|---|
| 21SMCV01225<br>TRILLER, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs TED ENTERTAINMENT, INC., A CALIFORNIA CORPORATION, et al. | January 12, 2022<br>4:17 PM |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

(ii) depressed the conversion rate – or the percentage of consumers who choose to download the App after viewing it on the Apple App Store or Google Play Store. The Blatz Declaration states because Triller expends significant time and resources on its marketing campaigns, the depressed overall rating and the depressed conversion rate have caused and are continuing to cause Triller significant harm and millions of dollars in damages. (Blatz Decl., ¶ 5.)

However, in the Declaration of Darren M. Traub filed in support of Plaintiff's supplemental evidence, it states, "Triller has incurred approximately $927,369 in increased conversion costs as a direct result of Defendants' conduct." (Traub Decl., ¶ 6.) It also states, "Triller has additionally incurred approximately $615,000 to mitigate the damage caused by Defendants' conduct." (Traub Decl., ¶ 7.) Finally, Plaintiff states "Defendants' actions have caused additional damages, including reputational damages and damages to Triller's goodwill, that Triller is not yet able to quantify." (Traub Decl., ¶ 8.)

A cause of action for intentional interference with contractual relations requires the Plaintiff to provide evidence of a valid contract between itself and a third-party. At the November 19, 2021, hearing, counsel for Plaintiff explained, "the contractual relationship in each of these causes of action is between Triller and either actual users of the App or prospective users of the App, depending on whether the cause of action is regarding actual economic relations or prospective economic relations. But at all times we are arguing that [] Defendants are interfering with a relationship between Triller and users of the App. The source of Triller's profits." (Tr. 11-19-2021, at p. 17:10-14)

Were the Court to consider and credit all of Plaintiff's evidence it still does not find Plaintiff has made a prima facie showing of an identifiable, existing contract between Plaintiff and a third party. Plaintiff does not meet its burden by merely stating that Defendants' conduct disrupted current app users. The Court is once again left to speculate as to the identity of the existing economic relationships at issue. The Court is also left to query Triller's business model and whether app users pay Triller for the use of the app. Therefore, Plaintiff has failed to meet its burden to specifically identify the contractual relationships that were disrupted by Defendants' actions.

Causation is the final element of an Intentional Interference with Contractual Relations cause of action. Here, Plaintiff must prove Defendants' conduct was a substantial factor in causing harm. The Court does not find that Plaintiff's supplemental evidence provides the necessary showing on causation. The Court is left to speculate as to the factors at play in App user behavior and

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| 21SMCV01225 | January 12, 2022 |
| TRILLER, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs TED ENTERTAINMENT, INC., A CALIFORNIA CORPORATION, et al. | 4:17 PM |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

---

what variables contribute to an existing app user's decision to stop using an app.

Plaintiff has provided a number of possible reasons why app users may have left the Triller app other than Defendants' actions. For example, Plaintiff acknowledges that some users of the Apple iPhone may have experienced an inverted camera, frustrating the user's ability to record content. Numerous reviews provided by Plaintiff in Exhibit A make reference to an inverted or "flipped" camera function.

Plaintiff's evidence of one-star reviews also demonstrates user dissatisfaction with the design and content of the app. For instance, user Jennnn736518 left a review stating, "I downloaded this app & immediately I started getting emails saying my accounts have been compromised & my passwords have been stolen. I found out many many others have had the same issues. The owner clearly knows nothing about running a business or app." Another review example being User Benboy99, who stated, "Basically, just a terrible, wannabe version of TikTok. Basically just used for promotion of brands/celebrities, the content is extremely boring. Do not download if you still want brain cells." (Reviews provided in Exhibit A.)

These reviews exemplify the difficulty for the Court in discerning causation. The Court does not speculate as to other potential reasons an app user may have left Plaintiff's platform and the Court does not weigh the evidence presented. The Court merely points out the speculative nature of Plaintiff's damage claim and its failure to make a minimal showing on the causal link.

Additionally, in reliance upon "conversion costs," Plaintiff appears to assert that conversion costs are a result of the expense of advertising to attract new users. If these costs are associated with finding new users, case law states "[a] relationship to a class of yet unknown patrons cannot be characterized as an economic relationship." (Blank v Kirwan (1985) 39 Cal.3d 311, 330.) In failing to identify existing app users and their contracts with the Triller app and in reliance upon damages sustained as a result of increased conversion costs, the Court finds Plaintiff has failed to demonstrate causation.

Accordingly, the Court finds Plaintiff has not established there is a probability it will prevail on the cause of action for intentional interference with contractual relations.

iii. Intentional Interference with Prospective Economic Relations

"Intentional interference with prospective economic advantage has five elements: (1) the

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| 21SMCV01225<br>TRILLER, LLC, A DELAWARE LIMITED LIABILITY<br>COMPANY vs TED ENTERTAINMENT, INC., A<br>CALIFORNIA CORPORATION, et al. | January 12, 2022<br>4:17 PM |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the defendant's action." (Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc. (2017) 2 Cal.5th 505, 512.)

This cause of action requires Plaintiff to identify an economic relationship between Plaintiff and a third party that probably would have resulted in an economic benefit to Plaintiff. Here, Plaintiff identifies the third party to be prospective users of the app. The Court once again finds Plaintiff does not, and cannot, identify a third party, as those viewing the app in an app store are unknown potential users of the platform. The Court notes that prospective economic relationships must have existed at the time of Defendants' tortious conduct. "The tort's requirements 'presuppose the relationship existed at the time of the defendant's allegedly tortious acts lest liability be imposed for actually and intentionally disrupting a relationship which has yet to arise.'" (Roy Allan Slurry Seal, Inc., supra, 2 Cal.5th at p. 518.)

The Court is being asked to speculate as to prospective app user behavior. Even if the Court were to consider all of Plaintiff's evidence, it would have no way of knowing the identity of the prospective app users and the economic relationship likely to provide future benefit to Plaintiff. Additionally, once again the Court queries as to if there are other reasons why a prospective app user would choose not to download an app other than the existence of a number of one-star reviews. For example, do app users make comparisons between different platforms? Plaintiff's evidence also points to reviews favoring TikTok; the dominant social media platform with the majority of current market share. This observation of the content of some of the reviews submitted by Plaintiff is meant to illustrate the challenge in proving causation under the facts of this case. As more fully addressed in the section on Intentional Interference with Contractual Relations, the Court is unable to find that Plaintiff has made a prima facie showing on the elements of damages and causation.

The cause of action for interference with prospective economic relations also requires that the Defendants commit an independently wrongful act in furtherance of the interference. (Della Penna v Toyota Motor Sales, USA, Inc. (1995) 11 Cal.4th 376, 393.) Here, as discussed in regards to the incitement and defamation claims, the Court finds that Defendants' podcasts constitute protected activity. No showing of wrongful conduct has been made.

Therefore, the Court finds Plaintiff has not established a probability it will prevail on this cause

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Beverly Hills Courthouse, Department 207

**21SMCV01225**  
**TRILLER, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs TED ENTERTAINMENT, INC., A CALIFORNIA CORPORATION, et al.**

January 12, 2022  
4:17 PM

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

---

of action.

iv. Negligent Interference with Contractual Relations

Plaintiff cannot show a probability of a claim for negligent interference with existing economic relationships because California does not recognize such a cause of action. "The California Supreme Court clearly indicated in Fifield Manor that courts 'refuse [] to recognize a cause of action based on negligence, as opposed to intentional, conduct which interferences with the performance of a contract . . .'" (Fifield Manor v. Finston (1960) 54 Cal.2d 632, 636; Davis v. Nadrich (2009) 174 Cal.App.4th 1, 9-10.)

Accordingly, Plaintiff fails to show a probability of success on its third cause of action for Negligent Interference with Existing Economic Relations.

v. Negligent Interference with Prospective Economic Relations

"The elements of negligent interference with prospective economic advantage are (1) the existence of an economic relationship between the plaintiff and a third party containing the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's knowledge (actual or construed) that the relationship would be disrupted if the defendant failed to act with reasonable care; (4) the defendant's failure to act with reasonable care; (5) actual disruption of the relationship; (6) and economic harm proximately caused by the defendant's negligence." (Redfearn v. Trader Joe's Co. (2018) 20 Cal.App.5th 989, 1005.)

As discussed, Plaintiff's evidence only shows one-star app reviews similar in language to that of the Podcasts. This evidence does not make the required showing of the existence of economic relationships between the Plaintiff and third parties containing the probability of future economic benefits. Here, again the Court is left to assume Triller's business model, revenue streams, and what relationships have been disrupted. Again, the Court does not find Plaintiff has made a prima facie showing on the element of causation.

Finally, as discussed above in the Underlying Defamation and Incitement Claim, supra, Plaintiff has not established Defendants' wrongful acts to support claims for interference with prospective causes of action.

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
West District, Beverly Hills Courthouse, Department 207

| | |
|---|---|
| **21SMCV01225** | January 12, 2022 |
| **TRILLER, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs TED ENTERTAINMENT, INC., A CALIFORNIA CORPORATION, et al.** | 4:17 PM |

| | |
|---|---|
| Judge: Honorable Helen Zukin | CSR: None |
| Judicial Assistant: J. Young | ERM: None |
| Courtroom Assistant: P. Booker | Deputy Sheriff: None |

---

Accordingly, Plaintiff fails to show a probability of success on its fourth cause of action for negligent interference with prospective economic relations.

vi. Violation of California Business and Professions Code Section 17200 et seq.

California's Unfair Competition Law ("UCL") prohibits unlawful, unfair or fraudulent business acts or practices. (Bus. & Prof. Code, § 17200 et seq.) Section 17200's "unlawful" prong "borrows violations of other laws ... and makes those unlawful practices actionable under the UCL." (Klein v. Chevron U.S.A., Inc. (2012) 202 Cal.App.4th 1342, 1383.) "[V]irtually any law or regulation—federal or state, statutory or common law—can serve as [a] predicate for a ... [section] 17200 'unlawful' violation.'" (Id.) "A business practice is "fraudulent" within the meaning of section 17200 if it is "likely to deceive the public." (Id. at 1380.) A business practice is "unfair" within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits. (Nolte v. Cedars-Sinai Medical Center (2015) 236 Cal.App.4th 1401, 1407–1408.) The determination whether a business practice is unfair involves an examination of that practice's impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. (Id.) In brief, the Court must consider the utility of the defendant's conduct against the gravity of the harm to the alleged victim. (Id.)

To plead a claim under Business and Professions Code section 17200 et seq, there must be allegations showing an unlawful, unfair, or fraudulent business act or practice. (Paulus v. Bob Lynch Ford, Inc. (2006) 139 Cal. App. 4th 659, 676-677.) To plead this statutory claim, the pleadings must state with reasonable particularity the facts supporting the statutory elements of the violation. (Khoury v. Maly's of California, Inc. (1993) 14 Cal. App. 4th 612, 619.)

Plaintiff's claim for violation of Business and Professions Code section 17200 et seq, stem from the underlying defamation, incitement and extortion claims, and common law claims.

As discussed above, the Plaintiff fails to meet its burden of showing a probability of success for the underlying claims for defamation and incitement because: (1) the statements concerning Mr. Kavanaugh are not "of and concerning" Triller; (2) H3 cannot be held liable for statements made on the H3 Sub-Reddit by Reddit users; (3) statements imploring fans to download and try the App, without more, do not establish incitement because no facts show Defendants authorized or ratified such conduct; (4) statements concerning Triller and the Triller App were demonstrable fact or opinion. Accordingly, Plaintiff likewise fails to state a probability of success for violation

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
West District, Beverly Hills Courthouse, Department 207

21SMCV01225
TRILLER, LLC, A DELAWARE LIMITED LIABILITY
COMPANY vs TED ENTERTAINMENT, INC., A
CALIFORNIA CORPORATION, et al.

January 12, 2022
4:17 PM

Judge: Honorable Helen Zukin
Judicial Assistant: J. Young
Courtroom Assistant: P. Booker

CSR: None
ERM: None
Deputy Sheriff: None

---

of Business and Professions Code section 17200 et seq, under a theory of defamation or incitement.

Plaintiff claims that the statements were illegal because it was a part of a larger scheme to extort Fight Club and harm Triller in violation of Penal Code section 518, violation of Business and Professions Code section 17200, and state common law. However, Plaintiff has failed to carry its burden of offering evidence to show a probability of success on the merits.

Plaintiff cites to the facts of Flatley where an attorney admitted to sending a letter to a defendant threatening public disclosure that defendant had sexually assaulted plaintiff unless the parties settled for $100 million. Plaintiff here has not alleged, nor offered, any evidence to show that Defendant gave them an ultimatum to settle or face threat of public disclosure, like in Flatley.

Plaintiff offers two declarations and two exhibits showing that some of the negative comments regarding the App used similar language to the podcasts at issue. The Court is left to surmise the additional elements for extortion from this evidence. The second prong for an Anti-SLAPP analysis places the burden upon the Plaintiff, to submit admissible evidence to show a probability of success on the merits. Negative reviews along with statements from the podcasts do not meet the minimum requirement to show a probability of success for extortion. To the extent Defendants' violation of Business and Professions Code section 17200 is based on a claim under Penal Code 518, Plaintiff fails to state a probability of success.

Conclusion

For these reasons, Defendants' Special Motion to Strike is hereby GRANTED. Defendants are ordered to give notice.

Plaintiff's Request to Amend Complaint

At the January 11, 2022, second hearing on the Anti-SLAPP motion, Plaintiff requested the opportunity to amend its complaint. The Court DENIES Plaintiff's request.

Certificate of Mailing is attached.