FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
LAUREN WOODLAND (SBN 283052)
laurenw@novianlaw.com
ALEXANDER KANDEL (SBN 306176)
alexanderk@novianlaw.com
AMBER MILLER (SBN 346793)
amberm@novianlaw.com
**NOVIAN & NOVIAN, LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222

*Attorneys for Plaintiff TRILLER FIGHT CLUB II LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRILLER FIGHT CLUB II LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>TED ENTERTAINMENT, INC. a California corporation; TEDDY FRESH, INC, a California corporation; ETHAN KLEIN, an individual; HILA KLEIN, an individual; and Does 1-10,<br><br>Defendants. | CASE NO.: 2:21-cv-03942-JAK-KS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE ALTER EGO AND VICARIOUS COPYRIGHT INFRINGEMENT CLAIMS IN PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**<br><br>Assigned to: Hon. John A. Kronstadt<br>Date: January 8, 2024<br>Time: 8:30 a.m.<br>Place: Courtroom 10B |

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................ 1

II.    ARGUMENT ...................................................................... 3

   A.    Legal Standard ............................................................. 3

   B.    The TAC Properly Pleads Alter Ego .............................. 4

      1.    The TAC Sufficiently Alleges a Unity of Interest ................... 7

      2.    The TAC Sufficiently Alleges an Inequitable Result ............. 10

   C.    The TAC Sufficiently Alleges Vicarious Liability ...................... 11

      1.    Defendants' Direct Infringement Arguments Should Not be
         Considered .......................................................... 11

      2.    Plaintiff's Alleged Defendant's Direct Financial Benefit from
         Infringement ........................................................ 12

   D.    To the Extent the Court is Inclined to Grant any Part of
       Defendants' Motion, Triller Respectfully Requests Leave to
       Amend ............................................................... 13

III.   CONCLUSION .................................................................. 14

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*
    556 U.S. 662, 678 (2009) ................................................................. 4

*Bass v. United States Department of Agriculture*
    211 F.3d 959, 962 (5th Cir. 2000) .................................................. 11

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544, 570 (2007) ............................................................. 4,8

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*
    227 F.R.D. 313, 326 (C.D. Cal. 2004) ............................................. 4

*Erickson v. Pardus*
    5551 U.S. 89, 93 (2007) ................................................................. 4

*Gilligan v. Jamco Development Corp.*
    108 F.3d 246, 249 (9th Cir. 1997) ................................................... 3

*Hamilton v. Williams Plaintiffs*
    147 F.3d 367, 371 n. 10 (5th Cir. 1998) ......................................... 11

*Harris v. Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*
    328 F.3d 1122, 1129 (9th Cir. 2003) .............................................. 13

*Hernandez v. City of San Jose*
    241 F.Supp.3d 959, 984 (N.D. Cal. Mar. 14, 2017) ........................ 11

*Kayne v. Ho*
    2013 WL 12123202, *11 (C.D. Cal. Aug. 28, 2013) ....................... 10

*Nat'l Council of La Raza v. Cegavske*
    800 F.3d 1032, 1041 (9th Cir. 2015) .............................................. 13

*Oakley, Inc. v. Trimera Military Technology, Inc.*
    2016 WL 8794459, *8-9 (C.D. Cal. Jan. 22, 2016) ....................... 7,8

*Porter v. Jones*

319 F.3d 483, 494 (9th Cir. 2003)...................................................................4

*Sandoval v. Ali*

  343 F.Supp.3d 1031, 1040........................................................................7,8

*Twombly*

  550 U.S. at 570 ...........................................................................................4

*United States v. Corinthian Colleges*

  655 F.3d 984, 995 (9th Cir. 2011)...............................................................13

*United States v. Redwood City*

  640 F.2d 963, 966 (9th Cir. 1981)................................................................3

*Usher v. City of Los Angeles*

  828 F.2d 556, 561 (9th Cir. 1987)................................................................9

*Vacless Systems, Inc. v. Vac-Alert IP Holdings, LLC*

  2011 WL 13217924, *6 (C.D. Cal. Jun. 24, 2011) .....................................8

*Williamson v. Gen. Dynamics Corp.*

  208 F.3d 1144, 1149 (9th Cir. 2000)............................................................3

*Wimbledon Fund, SPC v. Graybox, LLC*

  2016 WL 7444709, *7 (C.D. Cal. Aug. 31, 2016)........................................7

**<u>Statutes</u>**

F.R.C.P. 12(b)(6) ..............................................................................................1

Fed. R. Civ. P. 12(b)(6) .................................................................................1,3

Fed. R. Civ. P. 8(a) ........................................................................................4,8

Federal Rule of Civil Procedure 12(b)(6).........................................................3

Federal Rule of Civil Procedure 15(a)............................................................12

**<u>Rules</u>**

Rule 12 (h)(2)..................................................................................................11

Rule 12(b)(6)......................................................................................................4

Rule 12(c) ........................................................................................................11

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Rule 12(g)(2)................................................................................11

Rule 59.........................................................................................11

Rule 59(e) ....................................................................................11

Rule 60(b) ....................................................................................11

Rule 8 ............................................................................................7

Rule 9(b) ........................................................................................7

Rules 59 and 60...........................................................................10

iv

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3          This Court already rejected many of the arguments raised by Defendants TED

4    Entertainment, Inc. ("TEI"), Teddy Fresh, Inc. ("Teddy Fresh"), Ethan Klein

5    ("Ethan") and Hila Klein ("Hila") (collectively, Defendants), in its "Order Re

6    Defendants' Motion to Dismiss Case Pursuant to Fed. R. Civ. P. 12(B)(6) (Dkt. 26),"

7    Dkt. 32 ("Prior Order"). It is improper for Defendants to rehash the same arguments

8    now, in "Defendants' Memorandum of Points and Authorities in Support of Their

9    Motion to Dismiss the Alter Ego and Vicarious Copyright Infringement Claims in

10   Plaintiff's Third Amended Complaint Pursuant to F.R.C.P. 12(b)(6)" (the "Motion").

11   Yet, Defendants do just that.

12          In its Prior Order, this Court expressly rejected Defendants' argument that

13   Plaintiff Triller Flight Club II LLC ("Triller") failed to state a claim because

14   Defendants purportedly failed to "fix" a copy of the Triller Fight Club broadcast of the

15   April 17, 2023 "Jake Paul vs. Ben Askren" boxing event, including the entire

16   television broadcast which was exhibited by closed circuit television and encrypted

17   satellite (the "Broadcast").  Indeed, finding Defendants' arguments "not persuasive,"

18   this Court correctly found that "Plaintiff has plausibly alleged that Defendants fixed a

19   copy of the Broadcast by downloading it as it was transmitted, or that they obtained a

20   copy from someone who did," and held Triller's allegations to be "sufficient." Dkt. 32

21   at 5.

22          Also in its Prior Order, this Court correctly saw through Defendants' efforts to

23   confuse the issues between the Broadcast in unaltered form that Defendants uploaded

24   to YouTube on April 22, 2021 (the "Unlisted Video") and the April 22, 2021 podcast

25   video entitled, "Jake Paul Fight Was A Disaster – H3 Podcast # 244," which publicly

26   displayed the URL for the Unlisted Video (the "Distribution Video").  Rejecting the

27   intermediate use doctrine as a fair use defense, this Court noted that "Plaintiff's claims

28   are based on allegations as to Defendants conduct with respect to the Unlisted Video,

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1  not the Distribution Video, Dkt. 27 at 22, and the Unlisted Video is more than a mere
2  intermediate copy.  Dkt. 32 at 7.  The Court held that "the allegations of the SAC are
3  sufficient to present the inference that Defendants created the Unlisted Video and
4  made it publicly accessible for reasons unrelated to the critical commentary in the
5  Distribution Video."  *Id.*  In considering the remaining fair use defense factors, the
6  Court again found that every single one, including the purpose and character of the
7  use, nature of the copyrighted work, amount and substantiality of the portion used, and
8  effect of the use on the potential market for or value of the copyrighted work and bad
9  faith, *all* weighed against a finding of fair use.  Dkt. 27 at 7-10.  Indeed, as the Court
10  noted in holding that "Plaintiff has adequately alleged that its copyright was infringed
11  by TEI," "all of the factors weigh at least somewhat against a finding of fair use."  Dkt.
12  27 at 10.  Similarly, rejecting Defendants' unpersuasive arguments seeking dismissal
13  of Triller's Federal Communications Act claim, the Court held in its Prior Order that
14  "the SAC adequately alleges that TEI violated the FCA."  Dkt. 32 at 12.

15      The only arguments of Defendants the Court agreed with, at least in part, were
16  for the claims of vicarious copyright infringement and alter ego.  Dkt. 32 at 10-11, 12-
17  14.  The Court granted leave to amend as to both issues.  Dkt. 32 at 14.  With regards
18  to the vicarious infringement claim, the Court was very clear as to what type of
19  allegations would cure the defects to the SAC: "It has not been alleged that watching
20  the Unlisted Video made viewers more likely to re-watch the Distribution Video, to
21  make purchases from the sponsors of the Distribution Video, or to purchase any of the
22  merchandise offered in the Distribution Video."  Dkt. 32 at 11.  Triller has now cured
23  all of these defects with good faith allegations in the Third Amended Complaint
24  ("TAC"), ¶¶ 36-41, alleging that Defendants have profited from their unlawful
25  conduct, including via the YouTube partner program; sponsorships from unaffiliated
26  third parties and the sale of merchandise, gaining a direct financial benefit.  TAC ¶¶
27  36-41.  In so doing, Triller has alleged, in good faith, precisely what the Court
28  identified needs to be alleged to cure deficiencies with the SAC.

With regards to alter ego, Triller has now sufficiently alleged both unity of interest and inequitable result.  Specifically, Triller has alleged that Defendants commingled assets, equipment, personnel, employees, and more.  Indeed, Defendants admitted much of this in an article that is cited in the TAC.  Triller has further alleged that an inequitable result would occur, caused by Defendants' strategic and intentional transfer of assets to avoid creditors.  Combined with allegations in the SAC that the Court already found relevant, this is sufficient to establish alter ego liability at this early stage in the pleadings.

With regards to vicarious liability, Triller has now alleged a direct financial benefit from the infringement, alleging exactly what the Court identified would be sufficient, and more.  Triller has alleged that individuals watched the Distribution Video, then obtained the address for the Unlisted Video, and subsequently watched the Unlisted Video as a result.  Many of those individuals then rewatched the Distribution Video one ore more times, bringing substantial direct financial benefit to Defendants.

Accordingly, Triller has sufficiently alleged all of its claims.  Triller respectfully requests that the Court deny Defendants' third attempt at this motion. To the extent the Court is inclined to grant any portion of Defendants' motion, Triller respectfully requests leave to amend.

## II.   ARGUMENT

### A.   Legal Standard

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.  *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) can only be granted in "extraordinary" cases where it is beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle them to relief.  *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981); *see also* Fed.

R. Civ. P. 12(b)(6); *Williamson v. Gen. Dynamics Corp*., 208 F.3d 1144, 1149 (9th Cir. 2000).

To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a), which states, in pertinent part:

Claim for Relief. A pleading that states a claim for relief must contain:

(1)   a short and plaint statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. Proc. 8(a); *see also Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual allegations must merely be enough to raise a right to relief above a level of speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Specific facts are not necessary; the statement need only give the [defendant] fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 5551 U.S. 89, 93 (2007) (internal quotations and citation omitted).

"When evaluating a [Rule 12(b)(6)] motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in a light most favorable to the non-moving party." *Twombly*, 550 U.S. at 570.

## B.   The TAC Properly Pleads Alter Ego

"Before the [alter ego] doctrine may be invoked, two elements must be established: (1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

acts are treated as those of the corporation alone, an inequitable result will follow. *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 326 (C.D. Cal. 2004). Plaintiff has pleaded that TEI and Teddy Fresh are the alter egos of Ethan and Hila. As the Court noted in the Prior Order, the SAC already contained some of the allegations needed to support an alter ego, claim, which Triller has now repeated and expounded upon in the TAC:

> As noted, the SAC alleges that E. Klein and H. Klein are officers and directors of TEI an Teddy Fresh, and that TEI and Teddy Fresh do not have any other officers or directors.  SAC ¶V 13-16.  It is also alleged that TEI and Teddy Fresh share the same corporate offices.  SAC ¶ 17(a).

Dkt. 32 at 13.  Although the Court found that these allegations by themselves, without more, were not sufficient to establish alter ego liability, the Court did hold that "these facts are relevant to alter ego."  *Id.*

As the Court noted in its Prior Order, Triller provided additional alter ego facts in its opposition to the motion to dismiss the SAC, but declined to consider the facts since they were not in the SAC. To wit, as the Court noted in its Prior Order:

> There are other statements in the Opposition as to alter ego. For example, the Opposition describes how all Defendants use the H3 Podcast and YouTube Channel to advertise and promote Teddy Fresh's business.  It also describes how Defendants do not distinguish themselves and their business o social media.  It then describes the financial relationships between or among the various Defendants.

Dkt. 32 at 13.  Triller has now cured the TAC deficiencies by alleging these facts in the SAC.  Triller's new allegations in the TAC include:

> TEI, unlike Teddy Fresh, fails to maintain adequate liability insurance to pay claims against TEI.
> …
> [I]n an effort to intentionally make TEI judgment proof, TEI has few assets and those assets have limited value.

---

5

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

…

The value of the YouTube channel plummeted in 2017 after YouTube changed how it compensates content creators.

…

The YouTube Channel is used to actively market Teddy Fresh because the audience of the YouTube Channel is the same as the customer base for Teddy Fresh.

…

Employees of TEI actively perform services for marketing Teddy Fresh without separately working for Teddy Fresh. For instance, in a TEI YouTube Channel video available at: https://www.youtube.com /watch?v=vBJy64IqHO0, TEI employees are shown modeling Teddy Fresh garments in a Teddy Fresh video. The video also shows boxes in the background storing Teddy Fresh garments at what is ostensibly TEI's office space.

…

Mrs. Klein readily admits to the above commingling of assets in a recent Fashionista Article by Morgan Whipple available at: https://fashionista.com/2023/06/hila-klein-teddy-fresh-designer-career-interview.

…

According to the Fashionista article, the YouTube Channel became less profitable after a recalculation of Advertising Revenue in 2017, resulting in an 80% drop in revenue. Ms. Klein reflected, "You don't want all your eggs in one basket" and diverted over $100,000 from TEI to Teddy Fresh in order to remove assets from TEI.

…

The business goal of Teddy Fresh is to "trickle down" from the YouTube Channel to create revenue for Teddy Fresh.

…

Ms. Klein uses equipment purchased by TEI to fil personal videos for her personal Tik-Tok account (https://www.tiktok.com/@hilakleinh3) in order to make advertisements for Teddy Fresh, disregarding corporate structure of both entities.

…

Ms. Klein uses multiple pieces of equipment, including but not limited to lights, microphones, and cameras, as well as camera, audio or other crew members from TEI to film videos for Teddy Fresh without any compensation from Teddy Fresh toing to TEI, disregarding corporate formalities.

---

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

TAC ¶¶ 17(a)(i-x).  To be clear, Triller alleged every fact in the TAC that the Court pointed out it could not consider because they were alleged in the opposition to the motion to dismiss the SAC, and not in the SAC itself.  *See* Prior Order at 13-14. Specifically, with regard to the allegation in the Opposition to the Motion to Dismiss the SAC that describes "how all Defendants use the H3 Podcast and YouTube Channel to advertise and promote Teddy Fresh's business," Prior Order at 13, those allegations are addressed in TAC ¶¶ 17(a)(iv), 17(a)(v), 17(a)(ix), and 17(a)(x).  With regard to the allegation in the Opposition to the Motion to Dismiss the SAC that describes "how Defendants do not distinguish themselves and their businesses on social media," Prior Order at 13, those allegations are addressed in the TAC ¶¶ 17(a)(ix).  With regard to the allegation in the Opposition to the Motion to Dismiss the SAC that describes "the financial relationships between or among the various Defendants," Prior Order at 13, those allegations are addressed in TAC ¶¶ 17(a)(i), 17(a)(ii), 17(a)(iii), 17(a)(iv), 17(a)(vi), 17(a)(vii), 17(a)(viii), 17(a)(ix), and 17(a)(x).  The TAC further alleges that: Defendants intentionally undercapitalized TEI, TAC ¶¶ 17(a)(i)-(ii); lost significant value in the YouTube Channel in 2017, TAC ¶¶ 17(a)(iii); use the YouTube Channel to advertise Teddy Fresh because the two share the same customers, TAC ¶¶ 17(a)(iv); use TEI services and materials for the benefit of Teddy Fresh, TAC ¶¶ 17(a)(v); commingle assets, and admit to doing so, TAC ¶¶ 17(a)(vi); admittedly removed assets from TEI and diverted them to Teddy Fresh, ¶¶ 17(a)(vii); use assets from the YouTube Channel to "trickle down" to Teddy Fresh, ¶¶ 17(a)(viii), and comingle social media accounts and physical equipment. ¶¶ 17(a)(ix-x).  In so doing, Triller has properly alleged both: a unity of interest between Defendants, and an inequitable result.

### 1. The TAC Sufficiently Alleges a Unity of Interest

Defendants baldly assert that "the TAC relies on allegations that are ***identical*** to those in Triller's SAC." Motion at 5:9-10.  This assertion is false.  Triller has added substantial additional allegations, as detailed above.  Next, Defendants take issue with

Triller's allegations "on information and belief," claiming that "[a] plaintiff who makes allegations on information and belief must state the factual basis for the belief," citing to *Wimbledon Fund, SPC v. Graybox, LLC*, 2016 WL 7444709, *7 (C.D. Cal. Aug. 31, 2016); *Sandoval v. Ali*, 343 F.Supp.3d 1031, 1040 and *Oakley, Inc. v. Trimera Military Technology, Inc.*, 2016 WL 8794459, *8-9 (C.D. Cal. Jan. 22, 2016). These cases do not support Defendants' position.

*Wimbledon* merely states that, in cases applying the heightened pleading standard for fraud under Rule 9(b), the complaint may provide allegations on information and belief, state the factual basis for the belief, and then, "Rule 9(b) may be relaxed to permit discovery." *Id.* at *4. But Rule 8, not the heightened standard of Rule 9(b), applies to the unity of interest allegations of this case. To quote this Court's Prior Order:

> Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action."

Prior Order at 3. Nowhere does the Prior Order mention Rule 9.

*Sandoval v. Ali*, 34 F.Supp3d 1031, 1040 is equally inapposite. In *Sandoval*, plaintiffs alleged, in conclusory fashion, and on information and belief, "that the individual Ali Defendants are the alter egos of the corporate defendants, … and that the corporate Defendants are underfunded, are not stand alone corporations, have common management and pay practices, share labor and materials, including a distribution and billing system, and operate a common marketing system." *Id.* at 1040. In other words, the issue was not that the allegations were on information and belief, but rather, that the allegations were legal conclusions. That is a far cry from the detailed allegations Triller has provided here, in part in the SAC, as the Court

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1   recognized in the Prior Order, and in more detail in the TAC, as discussed above.
2   *Oakley, Inc. v. Trimera Military Technology, Inc.*, 2016 WL 8794459, *8-9 (C.D. Cal.
3   Jan. 22, 2016) is equally inapposite because (1) it did not deal with the information
4   and belief issue, and (2) it dealt with the second alter ego prong of inequitable result,
5   rather than the first prong of unity of interest, at issue here.  Accordingly, Triller's
6   allegations on information and belief must be fully considered and credited.

7         Next, Defendants claim there is no case law considering the lack of liability
8   insurance in alter ego analysis, citing *Vacless Systems, Inc. v. Vac-Alert IP Holdings,*
9   *LLC*, 2011 WL 13217924, *6 (C.D. Cal. Jun. 24, 2011).  There are several problems
10  with Defendants' assertion, including, but not limit4ed to, the fact that it is false.
11  *Vacless* does not state that there is no such caselaw, but rather that "**Plaintiff cites to**
12  **no case law** considering the lack of liability insurance in alter ego analysis."  *Id.*
13  (emphasis added).  However, here, it is Defendants who assert that insurance should
14  not be considered, but provide no authority for this assertion.  More importantly, the
15  issue here is not that Defendants lack insurance, but rather that Defendants
16  intentionally structured themselves such that the party TEI, unlike Teddy Fresh, is
17  undercapitalized. This includes, but is not limited to, failing to procure adequate
18  insurance for TEI, but not for Teddy Fresh.  *See* TAC ¶¶ 17(a)(i).  And the allegations
19  of undercapitalization are not contradicted by the allegations that Hila uses TEI
20  equipment for the benefit of other defendants.  This allegation merely alleges the
21  commingling of assets, not that the assets themselves, (which are merely audio-visual
22  equipment) is sufficient to satisfy the extensive liability that Defendants face here.

23        Defendants then proceed to parse the Fashionista article Triller references in the
24  TAC, coming up with a creative reading of the article.  These arguments are perhaps,
25  appropriate for trial, but certainly not for a motion to dismiss.  To the extent
26  Defendants' reading of the article is even plausible, "[o]n a motion to dismiss for
27  failure to state a claim, the court **must** presume all factual allegations to be true and
28

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1  draw **all** reasonable inferences **in favor of the nonmoving party**." *Usher v. City of*

2  *Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (emphasis added).

3      Defendants argue that the Fashionista article demonstrates that the H3 Podcast

4  and Teddy Fresh were established to diversify, and not to commingle, assets. Those

5  are two sides of the same coin. Triller clearly alleges that after suffering the 80% loss

6  to the YouTube Channel revenue, Defendants "**diverted** over $100,000 from TEI to

7  Teddy Fresh in order to remove assets from TEI." TAC ¶¶ 17(a)(vii). Defendants

8  also argue the article demonstrates that Hila took the photographs at issue herself,

9  rather than with TEI assets. This contention is false. The fact that Hila physically

10 took photos herself, does not mean that she owned the equipment that was used.

11     Next, Defendants argue that the TAC's marketing conduit theory fails: (1)

12 because TEI is not a subsidiary of Teddy Fresh; (2) because Teddy Fresh is not using

13 TEI to shield Teddy Fresh from its activities; (3) because the TAC seeks to hold Teddy

14 Fresh responsible for TEI's activities; and (4) because the mere fact that TEI markets

15 Teddy Fresh products does not demonstrate alter ego. Defendants appear to

16 misunderstand the TAC's allegations. First of all, Defendants cite to no authority that

17 TEI must be a subsidiary of Teddy Fresh. Second, Defendants cite to no authority that

18 TEI is not a subsidiary of Teddy Fresh. Third, the fact that Triller seeks to hold Teddy

19 Fresh liable does not negate the fact that Defendants are using TEI in an attempt to

20 shield Teddy Fresh. The very fact that this is now an issue, in this motion,

21 demonstrates that Defendants are attempting to shield Teddy Fresh. Fourth, there is

22 no evidence that money is exchanged between Teddy Fresh and TEI for TEI's

23 marketing of Teddy Fresh' products. Fifth, these allegations also demonstrate the

24 comingling of assets, including equipment and human capital, between the entities.

25     **2.**   **The TAC Sufficiently Alleges an Inequitable Result**

26     The TAC pleads an inequitable result. The TAC pleads that Defendants

27 intentionally undercapitalized TEI to escape liability to creditors, including Triller.

28 Namely, "TEI, unlike Teddy Fresh, fails to maintain adequate liability insurance to

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

pay claims against TEI," TAC ¶¶ 17(a)(i); and Defendants diverted over $100,000 from TEI to Teddy Fresh in order to make TEI judgment proof.  TAC ¶¶ 17(a)(vii).  Such moving around of assets to defraud creditors was sufficient to find alter ego liability in *Kayne v. Ho*, 2013 WL 12123202, *11 (C.D. Cal. Aug. 28, 2013).

Accordingly, Triller has sufficiently alleged alter ego liability.

## C.   <u>The TAC Sufficiently Alleges Vicarious Liability</u>

### 1.   <u>Defendants' Direct Infringement Arguments Should Not be Considered</u>

Defendants argue that third parties did not fix the videos at issue.  This is a red herring and is false.  The Court already addressed this issue by holding that "[b]ecause it has been determined that the copyright infringement claim has been adequately alleged, the same analysis applies to vicarious infringement."  By so doing, Defendants are raising an argument that has already been rejected by the Court in its Prior Order, whether expressly or implicitly, when the Court held that the only deficiencies with the vicarious liability claim was due to a lack of direct financial interests allegations.  Prior Order at 11.  To the extent Defendants believe the Prior Order is wrong, Defendants should have sought relief under Rules 59 and 60.

There is no "motion for 'reconsideration' in the Federal Rules of Civil Procedure."  *Bass v. United States Department of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000).  Rather, if filed within ten days of the district court's judgment, such a motion is construed as filed pursuant to Rule 59(e).  *See id.*  Motions that are not timely under Rule 59 must be treated as motions filed under Rule 60(b).  *See Hamilton v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998).  By failing to timely file such a motion, Defendants waived this argument.

To the extent Defendants contend that they raised this argument for the first time in its current motion to dismiss, the Court considering this argument would be barred by Rule 12(g)(2) which states, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was

available to the party but omitted from its earlier motion." "To summarize, under Rule 12(g)(2) and Rule 12 (h)(2), a party that seeks to assert a defense pertaining to a failure to state a claim that was available but omitted from an earlier Rule 12 motion can only do so in a pleading, a Rule 12(c) motion, or at trial." *Hernandez v. City of San Jose*, 241 F.Supp.3d 959, 984 (N.D. Cal. Mar. 14, 2017). "Thus, if the defense … was available to the … Defendants in the first motion to dismiss and … Defendants failed to raise the defense in the first motion to dismiss, then the … Defendants may not raise the defense in the instant second-round motion to dismiss."

Accordingly, this argument should not be considered. To the extent the Court is inclined to consider this argument, Defendant respectfully requests leave for supplemental briefing.

## 2.   Plaintiff's Alleged Defendant's Direct Financial Benefit from Infringement

The Court was very clear in its Prior Order as to why it dismissed the vicarious infringement claim: "The SAC has not adequately alleged any 'direct financial interest' in the infringing activity. … It has not been alleged that watching the Unlisted Video made viewers more likely to re-watch the Distribution Video, to make purchases form the sponsors of the Distribution Video, or to purchase any of the merchandise offered in the Distribution Video." Prior Order at 11. Triller has alleged each of those things now, in good faith, in the TAC:

37. Upon information and belief, individuals watched the Distribution Video and obtained the address of the Unlisted Video from the Distribution Video. Individuals, at least sixty-three of them, then watched the Unlisted Video.
38. Upon information and belief, those individuals then subsequently watched the Distribution Video an additional one or more time(s), including but not limited to for the purpose of watching commentary of the material they had watched in the Unlisted Video, creating additional revenue for the H3 Podcast and YouTube Channel through the YouTube Partner Program.
39. Upon information and belief, an individual who watches a monetized video once generates some revenue for the YouTube Channel. An individual who

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

watches the same video more than once generates additional revenue for the YouTube Channel, each time the individual rewatches the video, creating a financial benefit for the YouTube Channel to encourage the individual to watch a video multiple time[s].

40. Upon information and belief, the H3 Podcast and YouTube Channel made the Unlisted Video available to its audience in order to encourage the audience, at least sixty-three of them, to watch the Distribution Video, which was a monetized video, multiple times.  As a result of this rewatching of the Distribution Video multiple times, Defendants gained a direct financial benefit.

41. Upon information and belief, some or all of those sixty-three or more individuals then purchased merchandise offered through the Distribution Video, and/or made purchases from the sponsors of the Distribution Video.  Businesses affiliated with Defendants, from which viewers made purchases, include, but are not limited to, Teddy Fresh.  The viewers made these purchases as a result of watching the Distribution Video an additional one or more time(s).

TAC ¶¶ 37-41.  Contrary to Defendants' meritless assertions, these allegations go to direct benefits from the Unlisted Video (and not merely the Distribution Video), and allege everything the Court correctly stated needs to be alleged to state a claim, and goes even further.  Accordingly, the TAC sufficiently alleges vicarious copyright infringement.

**D.    To the Extent the Court is Inclined to Grant any Part of Defendants' Motion, Triller Respectfully Requests Leave to Amend**

If the Court is inclined to grant the Motion, Triller seeks leave to amend its complaint.  Federal Rule of Civil Procedure 15(a) makes clear that leave to amend a complaint "shall be freely given when justice so requires."  Fer. R. Civ. P. 15(a).

This standard has been described as "generous."  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  Indeed, "a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile."  *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015).  This is particularly true where a Court grants a motion to dismiss without first holding an evidentiary hearing.  *See Harris v. Rutsky & Co. Ins.*

*Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). Although Triller has amended the complaint in response to the Prior Order, Defendants raise new arguments for the first time in this motion. Moreover, Defendants cannot, and do not, argue that an amended complaint will be futile, cause prejudice, or undue delay. Accordingly, leave to amend should be granted.

## III.   **CONCLUSION**

For the reasons specified herein, Triller respectfully requests the Court deny Defendants' motion. Alternatively, Triller respectfully requests leave to amend.

Dated:  November 17, 2023                    NOVIAN & NOVIAN, LLP
                                             Attorneys at Law

                                     By:     */s/ Farhad Novian*
                                             FARHAD NOVIAN
                                             LAUREN WOODLAND
                                             ALEXANDER KANDEL
                                             AMBER MILLER

                                             *Attorneys for Plaintiff TRILLER FIGHT
                                             CLUB II LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I filed the foregoing on this 17th day of November 2023, which will send a notice of electronic filing to all counsel of record.


/s/___*Farhad Novian* _____
Farhad Novian

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS