Lincoln D. Bandlow (SBN: 170449)
Lincoln@BandlowLaw.com
Rom Bar-Nissim (SBN: 293356)
Rom@BandlowLaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.556.9680
Facsimile: 310.861.5550

Attorneys for Defendants
Ted Entertainment, Inc., Teddy Fresh, Inc.,
Ethan Klein and Hila Klein

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRILLER FIGHT CLUB II LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TED ENTERTAINMENT, INC., a California corporation; TEDDY FRESH, INC., a California corporation; ETHAN KLEIN, an individual; HILA KLEIN, an individual; and DOES 1-10<br><br>Defendants. | Case No.: 2:21-cv-03942-JAK-KS<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE ALTER EGO AND VICARIOUS COPYRIGHT INFRINGEMENT CLAIMS IN PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**<br><br>Assigned to: Hon. John A. Kronstadt<br><br>Date: January 8, 2024<br>Time: 8:30 a.m.<br>Place: Courtroom 10B |

1
2

## <u>TABLE OF CONTENTS</u>

3
I.      INTRODUCTION……………………………………………………...1

4
II.     TRILLER FAILS TO REFUTE THAT THE TAC DOES NOT

5
        ADEQUATELY ALLEGE ALTER EGO THEORY………..…..……..2

6
        A. Triller Fails to Refute that the TAC does not Adequately Allege

7
           the Unity of Interest Element…….……………………………….....3

8
        b.  Triller Fails to Refute that the TAC does not Adequately Allege

9
           the Inequitable Result Element ……………………………………7

10
III.    TRILLER FAILS TO REFUTE THE TAC DOES NOT

11
        ADEQUATELY ALLEGE VICARIOUS INFRINGEMENT….…….8

12
        A. Triller Fails to Refute the TAC does not Adequately Allege

13
           Third-Party Direct Infringement …….……………………………..8

14
        b.  Triller Fails to Refute the TAC does not Adequately Allege

15
           Direct Financial Benefit from Third-Party Infringement …………..9

16
IV.     LEAVE TO AMEND SHOULD BE DENIED………………………10

17
V.      CONCLUSION………………………………………………………..10

18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Bass v. U.S. Department of Agriculture*,
  211 F.3d 959 (5th Cir. 2000) ................................................................... 9

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) ................................................................... 6

*Durning v. First Boston Corp.*,
  815 F.2d 1265 (9th Cir. 1987) ................................................................ 4

*eCash Technologies, Inc. v. Guagliardo*,
  210 F.Supp.2d 1138 (C.D. Cal. 2001) .................................................... 4

*Gardner v. Starkist Co.*,
  418 F.Supp.3d 443 (N.D. Cal. 2019) ...................................................... 6

*Hamilton Plaintiffs v. Williams Plaintiffs*,
  147 F.3rd 367 (5th Cir. 1998) ................................................................. 9

*Heraldez v. Bayview Loan Servicing, LLC*,
  2016 WL 10834101 (C.D. Cal. 2016) ............................................. 4, 5, 9

*Kayne v. Ho*,
  2013 WL 12123202 (C.D. Cal. 2013) .................................................. 7, 8

*Leadsinger, Inc. v. BMG Music Publishing*,
  512 F.3d 522 (9th Cir. 2008) ................................................................. 10

*Moody v. Charming Shoppes of Delaware, Inc.*,
  2008 WL 2128955 (N.D. Cal. 2008) ....................................................... 6

*Mullis v. U.S. Bankruptcy Court*,
  828 F.2d 1385 (9th Cir. 1987) ................................................................ 4

*NetApp, Inc. v. Nimble Storage, Inc.*,
  2015 WL 4000251 (N.D. Cal. 2015)) ...................................................... 6

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) ...................................................................... 3

*Sandoval v. Ali*,
    34 F.Supp.3d 1031 (N.D. Cal. 2014)..................................................................3, 4

*Stichting Pensionfonds ABP v. Countrywide Fin. Corp.*,
    802 F.Supp.2d 1124 (C.D. Cal. 2011)......................................................................5

*U.S. ex. rel. Hoggert v. University of Phoenix*,
    863 F.3d 1104 (9th Cir. 2017) .................................................................................9

*Vacless Systems, Inc. v. Vac-Alert IP Holdings, LLC*,
    2011 WL 13217924 (C.D. Cal. Jun. 24, 2011) .......................................................5

*Wimbledon Fund, SPC v. Graybox, LLC*,
    2016 WL 7444709 (C.D. Cal. Aug. 31, 2016) .........................................................3

**Federal Rules**

Federal Rule of Civil Procedure 59 ......................................................................8, 9

Federal Rule of Civil Procedure 60 ......................................................................8, 9

# REPLY BRIEF[1]

## I.  **INTRODUCTION**

Triller's Opposition demonstrates that – despite being provided numerous opportunities – it cannot adequately allege an alter ego theory or vicarious copyright infringement against Defendants. The reasons why are summarized below.

***Unity of Interest (Alter Ego)***: Triller's arguments that it properly alleged a unity of interest between TEI (on the one hand) and Teddy Fresh, Ethan and Hila (on the other hand) are based on misrepresentations of law and fact. First, Triller misrepresents the Motion's argument that all of the TAC's alter ego allegations are identical to the SAC. This is false because the Motion argues that the TAC reincorporates verbatim the allegations that this Court previously held were inadequate and conclusory in the 9/15/23 Order. Second, Triller misrepresents the authority cited in the Motion regarding the heightened pleading requirements for alter ego liability, the role of liability insurance in the alter-ego analysis and the market conduit theory. Third, Triller asks this Court to ignore the text of the Fashionista Article cited in the TAC and accept as true its misrepresentations of the Fashionista Article in the TAC. The law is clear: if documents subject to judicial notice or incorporated by reference in the TAC contradict the allegations of the TAC, then the contradicted allegations are disregarded.

***Inequitable Result (Alter Ego)***: Triller misrepresents the TAC and a prior decision by this Court to argue that Defendants seek to defraud Triller of being able to recover a judgment. The Motion, however, demonstrated that alter ego allegations based on fraud are subject to heightened pleading requirements. Triller does not attempt to dispute these requirements or demonstrate the TAC has satisfied them. Nor does Triller attempt to demonstrate how the unity of interest allegations (which are demonstrably false) would lead to an inequitable result in this present case. Indeed, Triller misrepresents its supporting authority as supporting Triller's

[1] Defined terms in this reply brief shall have the same meaning as the Motion.

argument when it actually supports Defendants – *i.e.*, the mere inability to recover a potential judgment is insufficient to demonstrate an inequitable result.

**Direct Third-Party Infringement (Vicarious Copyright Infringement)**: Triller makes no attempt to argue the substance of the Motion – *i.e.*, that the 9/15/23 Order did not address whether, by watching the Unlisted Video, third-parties engaged in copyright infringement. Rather, Triller argues that Defendants were required to move for reconsideration and that the deadline to do so has passed. The authority cited by Triller, however, is inapposite or contradicts these asserts.

**Direct Financial Benefit (Vicarious Copyright Infringement)**: Triller makes no attempt to address the arguments raised in the Motion whatsoever. Instead, Triller argues that the 9/15/23 Order claimed that certain allegations would be sufficient to demonstrate a direct financial benefit and the TAC contains those allegations. Not only does Triller misrepresent the 9/15/23 Order, but it also ignores the fact that Defendants never had the opportunity to address the validity of the potential allegations contained in the 9/15/23 Order. By failing to address the substantive arguments in the Motion, Triller concedes it cannot allege a direct financial benefit.

Therefore, Defendants respectfully request that the Court grant the Motion and dismiss the alter ego and vicarious copyright infringement claims with prejudice.

## II. TRILLER FAILS TO REFUTE THAT THE TAC DOES NOT ADEQUATELY ALLEGE ALTER EGO THEORY

To begin, Triller fails to dispute that: (1) "alter ego is an extreme remedy sparingly used" and only applies in "narrowly defined circumstances"; (2) the "standards for application of alter ego principles are high"; (3) the elements of alter ego are (a) "a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist"; and (b) "an inequitable result if the acts in question are treated as those of the corporation alone."; and (4) "a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting

each." *Compare* Dkt. No. 41-1, pp. 3:15-4:12 *with* Dkt. No. 43, pp. 4:25-11:5.

The Opposition reveals that Triller cannot meet this exacting standard. Instead of conceding this point, Triller's arguments are based on misrepresentations of law and fact described in detail below.

## A. <u>Triller Fails to Refute that the TAC does not Adequately Allege the Unity of Interest Element</u>

Triller's first misrepresentation is claiming that the Motion argues that "the TAC relies on allegations that are identical to those in Triller's SAC." Dkt. No. 43, pp. 7:26-28. Triller intentionally omits that the Motion demonstrated that the allegations that this Court found were "not sufficient" to demonstrate alter ego liability in the SAC and "conclusory" were regurgitated verbatim in the TAC. Dkt. No. 41-1, pp. 4:23-6:3. A simple comparison of the TAC and SAC refutes proves this point *Compare* Dkt. No. 24, ¶¶ 13-17(a-d) *with* Dkt. No. 36, ¶¶ 13-17(a-d).

Second, Triller misrepresents the authority quoted in the Motion on alter ego allegations made "on information and belief." Dkt. No. 43, pp. 13:1-9:6. Triller argues that *Wimbledon Fund, SPC v. Graybox, LLC* only discusses the heightened pleading standard for fraud under Federal Rule of Civil Procedure ("F.R.C.P.")  9(b). Dkt. No. 41-1, p. 8:7-10 (*citing Wimbledon*, 2016 7444709, *4 (C.D. Cal. Aug. 31, 2016)). Triller's citation is not to the section cited in the Motion. Dkt. No. 41-1, p. 6:8-17 (*quoting Wimbledon*, 2016 WL 7444709, *7). The Court in *Wimbledon* found "a majority of courts in this Circuit have found that plaintiffs ***must*** satisfy Rule 9(b)'s particularity standard as to the fraud element of plaintiff's alter ego theory." 2016 WL 7444709, *7 (emphasis added). The Court in *Wimbledon* further noted that, "[e]ven when, as here, Rule 9(b)'s standards are relaxed, 'a plaintiff who makes allegations on information and belief must state the factual basis for the belief.'" *Id.* (*quoting Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).

Further, Triller misrepresents *Sandoval v. Ali*, 34 F.Supp.3d 1031 (N.D. Cal. 2014). *See* Dkt. No. 41-1, p. 8:20-28. *Sandoval* held that "a plaintiff must allege

specifically both of the elements of alter ego liability, as well as facts supporting each." 34 F.Supp.3d at 1040. For unity of interest, the Court found that "Plaintiffs' allegations 'on information and belief' about a unity of interest" were "conclusory" – *i.e.*, they did not provide the "facts supporting" those allegations. *Id.*

Here, the TAC explicitly states that the allegations made in support of Triller's alter ego theory would "sanction fraud" and two of those supporting allegations were made on information and belief.  Dkt. No. 36, ¶ 18; Dkt. No. 41-1, p. 6:13-22 (*quoting* Dkt. No. 36, ¶¶ 17(a)(i-ii)). Therefore, Triller fails to dispute that these allegations are inadequate to demonstrate alter ego liability.

Third, Triller brazenly argues that the TAC's numerous misrepresentations of the Fashionista Article should trump the actual text of the Fashionista Article. Dkt. No. 43, pp. 9:23-10:10. The opposite is true: "The Court may disregard allegations in the [TAC] if they are ***contradicted*** by facts established by reference to documents attached as exhibits to the [TAC], ***or upon which it necessarily relies***" or "facts which may be ***judicially noticed*** by the Court." *eCash Technologies, Inc. v. Guagliardo*, 210 F.Supp.2d 1138, 144 fn. 7 (C.D. Cal. 2001) (emphasis added) (*citing Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir. 1987); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Here, Triller: (1) has not opposed Defendants' request for judicial notice of the Fashionista Article or that it is incorporated by reference into the TAC; and (2) does not address the Motion's arguments that the Fashionista Article contradicted the allegations in the TAC that the Fashionista Article stated that: (a) Hila admitted that TEI and Teddy Fresh commingled assets; (b) that $100,000 was diverted from TEI to Teddy Fresh; (c) the business goal of Teddy Fresh is to trickle down revenue from TEI's YouTube Channel to Teddy Fresh; and (d) Hila used TEI equipment to take photographs for her social media account. Dkt. No. 41-1, pp. 7:3-8:23.

"Failure to oppose constitutes a waiver or abandonment of the issue." *Heraldez v. Bayview Loan Servicing, LLC*, 2016 WL 10834101, *2 (C.D. Cal. Dec.

15, 2016) (*citing Stichting Pensionfonds ABP v. Countrywide Fin. Corp.*, 802 F.Supp.2d 1124, 1132 (C.D. Cal. 2011)). By failing to address the Motion's arguments, Triller concedes it misrepresented the Fashionista Article in the TAC.

Fourth, Triller seeks to confuse this Court about the law regarding: (1) the role of liability insurance in the alter ego analysis; and (2) the market conduit theory. Dkt. No. 43, pp. 9:7-18, 10:11-24. As to liability insurance, Triller does not provide any authority demonstrating that liability insurance plays a role in the alter ego analysis. Rather, Triller plays a game of three-card monte by arguing that: (1) the Motion fails to cite authority that affirmatively disclaims liability insurance as part of the alter ego analysis; and (2) lack of insurance is relevant to inadequate capitalization. Dkt. No. 43, p. 9:7-18 (*quoting Vacless Sys. Inc. v. Vac-Alert IP Holdings, LLC*, 2011 WL 13217924, *6 (C.D. Cal. Jun. 24, 2011). Contrary to Triller's assertion, it is Triller (and not Defendants) that have misrepresented *Vacless* – which exposes Triller's false assertions.

> Plaintiff additionally argues that Vac-Alert IP's failure to acquire a liability insurance policy is evidence that it is undercapitalized. Plaintiff cites ***no case law considering the lack of liability insurance in alter ego analysis***. Nor does Plaintiff assert that Defendant, as an IP holding company, must carry liability insurance. ***Even assuming the lack of liability insurance is relevant***, here, Defendant has shown it is adequately capitalized to cover the potential liability it faces.

*Vacless*, 2011 WL 13217924, *6 (emphasis added).

As to the market conduit theory, the Motion demonstrated that the TAC's allegations regarding TEI marketing Teddy Fresh products were insufficient to demonstrate alter ego under the governing law because: (1) TEI is not a subsidiary of Teddy Fresh; (2) Teddy Fresh is not using TEI to shield Teddy Fresh from its own activities; (3) the mere fact TEI markets Teddy Fresh products does not demonstrate that Teddy Fresh controls TEI's day-to-day operations or that TEI's specific purpose is to promote Teddy Fresh products. *See* Dkt. No. 41-1, pp. 8:24-10:2.

Triller fails to cite any authority or allegations in the TAC that refute these points. Dkt. No. 43, p. 10:11-24. Instead, it engages in the same game of three-card

monte. Triller argues that Defendants "cite no authority that TEI must be a subsidiary of Teddy Fresh." *Id.* at 10:16-17. All of the authorities quoted in the Motion held that the market conduit theory involves parent companies and subsidiaries.[2] Triller fails to cite any authority demonstrating the market conduit theory applied in any other context. Triller also argues that the Motion fails to demonstrate that TEI is not a subsidiary of Teddy Fresh. Dkt. No. 43, p. 10:17-18. This is a misdirection because the issue is whether the ***TAC alleges*** that TEI is a subsidiary of Teddy Fresh. Not only does the TAC fail to allege TEI is a subsidiary of Teddy Fresh, Defendants established that TEI was established ***before*** Teddy Fresh – *i.e.*, TEI is not Teddy Fresh's subsidiary. Dkt. No. 41-1, p. 8 fn. 3.

Triller makes the confused, circular, and conclusory argument that "the fact that Triller seeks to hold Teddy Fresh liable does not negate the fact that Defendants are using TEI in an attempt to shield Teddy Fresh" and the Motion "demonstrates that Defendants are attempting to shield Teddy Fresh." Dkt. No. 43, p. 10:18-21. Not only is Triller's argument completely conclusory and not grounded in any allegation in the TAC, it is illogical – as merely defending against alter ego allegations would be sufficient to impose alter ego liability.

Most notable, Triller makes no attempt to argue that the TAC alleges facts sufficient to show that either: (1) Teddy Fresh controls TEI's day-to-day operations; or (2) TEI's specific purpose is to promote Teddy Fresh products. *Compare* Dkt. No. 41-1, pp. 8:24-10:2 *with* Dkt. No. 43, p. 10:11-24. Nor could Triller make this argument because the Motion demonstrated that: (1) the YouTube Channel ***preceded*** Teddy Fresh; and (2) videos on the YouTube Channel promote ***other products***, such as Magic Spoon and Adam & Eve. Dkt. No. 41-1, pp. 9:18-10:2.

In sum, Triller once again fails to demonstrate that it has sufficiently pled the

---

[2] Dkt. No. 41-1, p. 9:1-12 (*quoting NetApp, Inc. v. Nimble Storage, Inc.*, 2015 WL 4000251, *7 (N.D. Cal. Jan. 29, 2015); *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001); *Gardner v. Starkist Co.*, 418 F.Supp.3d 443, 464 (N.D. Cal. 2019); *Moody v. Charming Shoppes of Delaware, Inc.*, 2008 WL 2128955, *7 (N.D. Cal. May 20, 2008)).

unity of interest element of alter ego liability.

## B. Triller Fails to Refute that the TAC does not Adequately Allege the Inequitable Result Element

To begin, Triller fails to refute that: (1) the allegation pleading inequitable result in the TAC is identical to the allegation pleading inequitable result in the SAC, which the 9/15/23 Order held were conclusory and insufficient to adequately allege an inequitable result; (2) allegations of fraud to support an inequitable result must satisfy the particularity requirement of F.R.C.P. Rule 9(b) and Triller failed to meet this requirement; and (3) the unity of interest elements must support an inequitable result – not as a general matter – but in the present case. *Compare* Dkt. No. 43, pp. 10:25-11:5 *with* Dkt. No. 41-1, pp. 10:5-19, 11:10-12:26. This alone demonstrates that Triller has failed to adequately plead an inequitable result.

Instead, Triller argues that the following allegations from the TAC are sufficient to demonstrate that Defendants supposedly move around "assets to defraud creditors": (1) TEI is undercapitalized to escape liability from creditors; (2) TEI fails to maintain liability insurance; and (3) Defendants diverted $100,000 from TEI to Teddy Fresh. Dkt. No. 43, pp. 10:25-11:5 (*citing* Dkt. No. 36, ¶¶ 17(a)(i), 17(a)(vii); *Kayne v. Ho*, 2013 WL 12123202, *11 (C.D. Cal. Aug. 28, 2013)).

This argument fails for several reasons. First, as discussed in Section II.A, *supra*: (1) the 9/15/23 Order previously held that the allegation that TEI is undercapitalized was conclusory and insufficient; (2) liability insurance does not play a role in the alter ego analysis; (3) Triller's allegation that Defendants diverted over $100,000 from TEI to Teddy Fresh is contradicted by the Fashionista Article cited in the TAC for this proposition. Second, Triller fails to demonstrate how the allegations of the TAC satisfy the particularity requirement of F.R.C.P. Rule 9(b) to support its allegation of fraud.

Most important, Triller's citation to this Court's decision in *Kayne* supports Defendants' argument and not Triller – *i.e.*, that the inability to recover a potential

judgment is insufficient to demonstrate an inequitable result. Dkt. No. 41-1, pp. 10:20-11:9. In *Kayne*, this Court noted that "California courts have rejected the view that the potential difficulty a plaintiff faces collecting a judgment is an inequitable circumstance that warrants application of the alter ego doctrine." *Kayne*, 2013 WL 12123202, *11. Rather, "there must be some evidence on bad faith conduct on the part of the defendants" and the mere fact "the debtor company is insolvent does not meet this standard." *Id.* In *Kayne*, this Court found that the defendants engaged in fraudulent transfers to escape a potential judgment shortly after a finding of personal jurisdiction in a prior proceeding. In other words, this Court found that the defendants in *Kayne* engaged in bad faith acts to evade a judgment in that particular case. Triller fails to cite any allegations in the TAC or other facts demonstrating TEI engaged in bad faith conduct to evade a potential judgment in this particular case – let alone anything analogous to the facts at issue in *Kayne*.

In sum, Triller once again completely fails to demonstrate that the TAC adequately alleges either element of alter ego liability.

## III.   TRILLER FAILS TO REFUTE THE TAC DOES NOT ADEQUATELY ALLEGE VICARIOUS INFRINGEMENT

### A.   Triller Fails to Refute the TAC does not Adequately Allege Third-Party Direct Infringement

Triller does not dispute that: (1) vicarious infringement requires direct infringement by a third-party; (2) watching a streamed video over the internet does not constitute direct infringement; or (3) the 9/15/23 Order's findings on "copying" focused solely on Defendants' copying and not direct infringement by third-parties. *Compare* Dkt. No. 43, pp. 11:7-12:11 *with* Dkt. No. 41-1, pp. 13:4-15:7. Instead, Triller argues that this issue was already decided in the 9/15/23 Order and, if that ruling was in error, Defendants were required to file a motion under F.R.C.P. Rules 59 and 60 – which is now untimely.[3] Dkt. No. 43, p. 11:16-24.

---

[3] Triller argument that Defendants did not raise this argument previously (but could (continued).

As Triller's own out-of-circuit authority demonstrates, F.R.C.P. Rule 59 only applies to final judgments – and the Ninth Circuit holds the same. *See Bass v. U.S. Department of Agriculture*, 211 F.3d 959, 961-622 (5th Cir. 2000) (motion for reconsideration filed after entry of judgment); *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 (5th Cir. 1998) (motion to vacate after court approved settlement) *accord U.S. ex. rel. Hoggert v. University of Phoenix*, 863 F.3d 1104, 1108-9 (9th Cir. 2017). Further, F.R.C.P. Rule 60(a) states the Court may "correct a clerical mistake or mistake arising from oversight or omission … on motion, or on its own, with or without notice" prior to appeal.

Here, no judgment has been entered and F.R.C.P. Rule 60 authorizes this Court to address the issue of direct third-party infringement for purposes of vicarious copyright infringement in connection with this Motion. Ironically, it is Triller who has waived its ability to refute the Motion's substantive arguments by failing to address them. *Heraldez*, 2016 WL 10834101, *2

For this reason alone, the vicarious infringement claim must be dismissed.

**B.      Triller Fails to Refute the TAC does not Adequately Allege Direct Financial Benefit from Third-Party Infringement**

Triller fails to dispute any of the arguments raised in the Motion for why the TAC fails to adequately allege a direct financial benefit from third-party infringement. *Compare* Dkt. No. 43, pp. 12:12-13:17 *with* Dkt. No. 41-1, pp. 15:8-21:2. Instead, Triller argues that the TAC copied language from the 9/15/23 Order on what could be potentially alleged and that should be sufficient. Dkt. No. 43, pp. 12:12-13:17 (*quoting* Dkt. No. 32, p. 11; Dkt. No. 36, ¶¶ 37-41).

Defendants did not have the opportunity to brief why the potential allegations in the 9/15/23 Order regarding direct financial benefit from the Distribution Video were insufficient until the Motion. In the Motion, Defendants demonstrated that there must be a direct causal relationship between the alleged have done so and is, therefore, waived) is meritless. *Compare* Dkt. No. 26-1, pp. 8:6-9:16 *with* Dkt. No. 32, pp. 4-5.

infringement and the direct financial benefit, which required pleading: (1) the specific infringing post alleged (*i.e.*, Unlisted Video) created a direct financial benefit (as opposed to the Distribution Video); (2) Defendants received commissions from the sale of Unlisted Video; (3) Defendants placed advertisements next to the Unlisted Video; (4) Defendants received payment for providing access to the Unlisted Video; (5) Defendants solicited money in connection with the promotion of the Unlisted Video; or (6) Defendants used the Unlisted Video to attract new customers or users. Dkt. No. 41-1, pp. 15:8-21:2.

Triller does not (because it cannot) claim the TAC alleges such facts or could allege such facts. Therefore, once again, Triller fails to properly plead direct financial benefit for its vicarious copyright infringement claim.

## IV.   LEAVE TO AMEND SHOULD BE DENIED

Leave to amend should be denied due to Triller's "repeated failure to cure deficiencies by amendments previously allowed" or "futility of amendment." *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008). This is Triller's ***fourth*** attempt to draft a proper complaint in this action (and its ***sixth*** when factoring the complaints filed against Defendants for the same conduct in a now dismissed action). *See* Dkt. No. 26-1, p. 5:3-21; Dkt. No. 32, p. 14. Additionally, Triller does not describe any facts it could potentially allege to demonstrate the possibility of amendment. *See* Dkt. No. 43, pp. 13:18-14:5. Therefore, leave to amend should be denied.

## V.   CONCLUSION

For the reasons stated above, this Court should dismiss with prejudice the claims of alter ego liability and vicarious copyright infringement.

Dated: December 4, 2023

**Law Offices of Lincoln Bandlow**

By _____

LINCOLN D. BANDLOW
ROM BAR-NISSIM
Attorneys for Defendants