| | |
|---|---|
| FARHAD NOVIAN (SBN 118129)<br>farhad@novianlaw.com<br>LAUREN WOODLAND (SBN 283052)<br>laurenw@novianlaw.com<br>ALEXANDER KANDEL (SBN 306176)<br>alexanderk@novianlaw.com<br>AMBER MILLER (SBN 346793)<br>amberm@novianlaw.com<br>**NOVIAN & NOVIAN, LLP**<br>1801 Century Park East, Suite 1201<br>Los Angeles, California 90067<br>Telephone: (310) 553-1222<br>Facsimile: (310) 553-0222<br><br>Attorneys for Plaintiff and Counter-Defendant TRILLER FIGHT CLUB II LLC | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRILLER FIGHT CLUB II LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>TED ENTERTAINMENT, INC., a California corporation; TEDDY FRESH, INC, a California corporation; ETHAN KLEIN, an individual; HILA KLEIN, an individual; and DOES 1-10<br><br>    Defendants.<br><br>TED ENTERTAINMENT, INC, a California corporation,<br><br>    Countercomplainant,<br><br>    v. | Case No. 2:21-cv-03942-JAK-KS<br><br>**ANSWER OF TRILLER FIGHT CLUB II LLC TO COUNTERCOMPLAINT OF TED ENTERTAINMENT, INC.** |

ANSWER TO COUNTERCOMPLAINT

1  TRILLER FIGHT CLUB II, LLC, a
   Delaware limited liability company
2
3           Counter-defendant

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANSWER TO COUNTERCOMPLAINT

Counter-Defendant Triller Fight Club II, LLC ("Counter-Defendant" or "Triller"), by and through its undersigned counsel, hereby answer the Countercomplaint ("CC") (Dkt. No. 56) of Counter-Plaintiff Ted Entertainment, Inc. ("Counter-Plaintiff" or "TEI"). Counter-Defendant responds to the allegations contained in TEI's CC only insofar as they pertain to Triller and not as to any other party in this matter or third-party. If an allegation is not specifically admitted, it is hereby denied.

## INTRODUCTION

1. The allegations contained in Paragraph 1 of the CC are conclusions of law to which no response is required. Insofar as a response is required, Triller denies the allegations in Paragraph 1 of the CC.

## BACKGROUND OF H3H3PRODUCTIONS AND THE H3 PODCAST

2. Triller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the CC and therefore denies them on that basis.

3. The allegations in Paragraph 3 of the CC are conclusions of law to which no response is required.

4. Triller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the CC and therefore denies them on that basis.

## TEI'S HISTORY OF CRITIQUEING JAKE PAUL

5. Triller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the CC and therefore denies them on that basis.

6. Triller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the CC and therefore denies them on that basis.

7. Triller admits that TEI made several videos about Jake Paul. Triller lacks

1  personal knowledge and information sufficient to form a belief as to the truth of the
2  remaining allegations in Paragraph 7 of the CC, including all subparts, and therefore
3  denies them on that basis.
4      8.    Triller lacks knowledge and information sufficient to form a belief as to
5  the truth of the allegations in Paragraph 8 of the CC and therefore denies them on
6  that basis.
7      9.    Triller lacks knowledge and information sufficient to form a belief as to
8  the truth of the allegations in Paragraph 9 of the CC and therefore denies them on
9  that basis.
10      10.    Triller lacks knowledge and information sufficient to form a belief as to
11  the truth of the allegations in Paragraph 10 of the CC and therefore denies them on
12  that basis.

## JAKE PAUL VS. BEN ASKREN

14      11.    Triller lacks knowledge and information sufficient to form a belief as to
15  the truth of the allegations in Paragraph 11 of the CC and therefore denies them on
16  that basis.
17      12.    Triller admits that it participated in the promotion and organization of the
18  boxing match between Jake Paul and Ben Askren.  Triller admits that the suggested
19  pay per view retail price for the boxing match in the United States and Canada was
20  $49.99.  Triller admits that there is a social media application called "Triller" and that
21  the application provided a link to the website TrillerFightClub.com on which people
22  could purchase pay per view tickets to view the boxing match.  The remaining
23  allegations in Paragraph 12 of the CC are assertions to which no response is required.
24  Insofar as a response to the remaining allegations contained in Paragraph 12 is
25  required, Triller denies the remaining allegations.
26      13.    Triller admits that the entire show containing the boxing match between
27  Jake Paul and Ben Askren was approximately four hours long, aired on April 17,
28  2021, streamed on a FITE, and contained performances by Pete Davidson, The Black

Keys, Diplo, Doja Cat, Justin Bieber, Major Lazer, Saweetie, Snoop Dogg, Ice Cube, Too $hort, and E-40. The remaining allegations in Paragraph 13 of the CC are assertions to which no response is required. Insofar as a response to the remaining allegations contained in Paragraph 13 is required, Triller denies the remaining allegations.

14. Triller admits that Jake Paul defeated Ben Askren in the first round. As to the remaining allegations made in Paragraph 14, they are assertions to which no response is required. Insofar as a response to the remaining allegations contained in Paragraph 14 is required, Triller denies the remaining allegations.

15. The allegations made in Paragraph 15 are assertions to which no response is required. Insofar as a response to the remaining allegations contained in Paragraph 15 is required, Triller denies the remaining allegations.

16. Triller admits that the Reuters article authored by Rory Carroll attached to TEI's CC as Exhibit "A" states that "More than 2 million illegal streams of the Triller Fight Club bout occurred . . .." The remaining allegations made in Paragraph 16 are assertions to which no response is required. Insofar as a response to the remaining allegations contained in Paragraph 16 is required, Triller denies the remaining allegations.

## TEI'S CRITIQUE OF THE BROADCAST

17. The allegations made in Paragraph 17 are assertions and/or legal conclusions to which no response is required. Insofar as a response to the allegations contained in Paragraph 17 is required, Triller denies the remaining allegations and has no personal knowledge regarding them.

18. The allegations made in Paragraph 18 are assertions and/or legal conclusions to which no response is required. Insofar as a response to the allegations contained in Paragraph 18 is required, Triller denies the remaining allegations and has no personal knowledge regarding them.

19. Triller admits that TEI copied the broadcast of the boxing match between

3
ANSWER TO COUNTERCOMPLAINT

1  Jake Paul and Ben Askren.  The remaining allegations made in Paragraph 19 of the
2  CC are assertions and/or legal conclusions to which no response is required.  Insofar
3  as a response to the allegations contained in Paragraph 19 is required, Triller lacks
4  knowledge and information sufficient to form a belief as to the truth of the
5  allegations in Paragraph 19 of the CC and so denies them.

6        20.    The allegations made in Paragraph 20 of the CC are assertions and/or
7  legal conclusions to which no response is required.  Insofar as a response to the
8  allegations contained in Paragraph 20 of the CC is required, Triller lacks knowledge
9  and information sufficient to form a belief as to the truth of the allegations in
10 Paragraph 20 of the CC and so denies them.

11       21.    Triller denies that on April 22, 2022 TEI produced the Podcast – i.e., Jake
12 Paul Fight Was A Disaster – H3 Podcast # 244 – and aired it on YouTube via the H3
13 Podcast Channel.  Triller admits, however, that on April 22, 2021 TEI produced the
14 Podcast – i.e., Jake Paul Fight Was A Disaster – H3 Podcast # 244 – and aired it on
15 YouTube via the H3 Podcast Channel.  The remaining allegations made in Paragraph
16 21 of the CC are assertions and/or legal conclusions to which no response is required.
17 Insofar as a response to the allegations contained in Paragraph 21 of the CC is
18 required, Triller lacks knowledge and information sufficient to form a belief as to the
19 truth of the allegations in Paragraph 21 of the CC and so denies them.

20       22.    The allegations made in Paragraph 22 of the CC are assertions and/or
21 legal conclusions to which no response is required.  Insofar as a response to the
22 allegations contained in Paragraph 22 of the CC is required, Triller lacks knowledge
23 and information sufficient to form a belief as to the truth of the allegations in
24 Paragraph 22 of the CC and so denies them.

25       23.    The allegations made in Paragraph 23 of the CC are assertions and/or
26 legal conclusions to which no response is required.  Insofar as a response to the
27 allegations contained in Paragraph 23 of the CC is required, Triller lacks knowledge
28 and information sufficient to form a belief as to the truth of the allegations in

Paragraph 23 of the CC and so denies them.

24. The allegations made in Paragraph 24 of the CC are assertions and/or legal conclusions to which no response is required. Insofar as a response to the allegations contained in Paragraph 24 of the CC is required, Triller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the CC and so denies them.

### TRILLER'S INITIAL LAWSUIT FOR COPYRIGHT INFRINGEMENT

25. Triller admits the allegations in Paragraph 25.

26. Triller denies that the amended complaint referenced in Paragraph 26 was filed on August 29, 2021. Rather, it was filed on April 29, 2021. Triller admits that with respect to the amended complaint referenced in Paragraph 26 Triller changed the plaintiff from Triller, Inc,, to Triller Fight Club II LLC and included as defendants the "H3 Podcast" and "H3H3 Productions." The remaining allegations made in Paragraph 26 are assertions and/or legal conclusions to which no response is required. Insofar as a response to the remaining allegations contained in Paragraph 26 is required, Triller denies the remaining allegations because the amended complaint referenced therein alleged that the defendants infringed Triller's copyright in the broadcast of the "Jake Paul vs. Ben Askren" boxing event.

### THE TRILLER PRESS RELEASE

27. The allegations made in Paragraph 27 of the CC are assertions and/or legal conclusions to which no response is required. Insofar as a response to the allegations contained in Paragraph 27 is required, Triller denies the allegations and all subparts.

28. Triller lacks personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the CC and therefore denies them on that basis. Further, the allegations contain legal conclusions to which no response is required.

29. The allegations made in Paragraph 29 of the CC are assertions and/or

1 legal conclusions to which no response is required. Insofar as a response to the
2 allegations contained in Paragraph 29 is required, Triller denies the allegations and all
3 subparts.
4     30. The allegations made in Paragraph 30 of the CC are assertions and/or
5 legal conclusions to which no response is required. Insofar as a response to the
6 allegations contained in Paragraph 30 is required, Triller denies the allegations and all
7 subparts.
8     31. The allegations made in Paragraph 31 of the CC are assertions and/or
9 legal conclusions to which no response is required. Insofar as a response to the
10 allegations contained in Paragraph 31 is required, Triller denies the allegations and all
11 subparts.
12     32. The allegations made in Paragraph 32 of the CC are assertions and/or
13 legal conclusions to which no response is required. Insofar as a response to the
14 allegations contained in Paragraph 32 is required, Triller denies the allegations and all
15 subparts.
16     33. The allegations made in Paragraph 33 of the CC are assertions and/or
17 legal conclusions to which no response is required. Insofar as a response to the
18 allegations contained in Paragraph 33 is required, Triller denies the allegations.
19     34. The allegations made in Paragraph 34 of the CC are assertions and/or
20 legal conclusions to which no response is required. Insofar as a response to the
21 allegations contained in Paragraph 34 is required, Triller denies the allegations and all
22 subparts.
23     35. The allegations made in Paragraph 35 of the CC are assertions and/or
24 legal conclusions to which no response is required. Insofar as a response to the
25 allegations contained in Paragraph 35 is required, Triller denies the allegations and all
26 subparts.
27     36. The allegations made in Paragraph 36 of the CC are assertions and/or
28 legal conclusions to which no response is required. Insofar as a response to the

allegations contained in Paragraph 36 is required, Triller denies the allegations.

37. The allegations made in Paragraph 37 of the CC are assertions and/or legal conclusions to which no response is required. Insofar as a response to the allegations contained in Paragraph 37 is required, Triller denies the allegations.

38. The allegations made in Paragraph 38 of the CC are assertions and/or legal conclusions to which no response is required. Insofar as a response to the allegations contained in Paragraph 38 is required, Triller denies the allegations.

39. The allegations made in Paragraph 39 of the CC are assertions and/or legal conclusions to which no response is required. Insofar as a response to the allegations contained in Paragraph 39 is required, Triller denies the allegations.

## **ADDITIONAL RELEVANT FACTS**

40. The allegations made in Paragraph 40 of the CC are assertions and/or legal conclusions to which no response is required. Insofar as a response to the allegations contained in Paragraph 40 is required, Triller denies the allegations and all subparts.

41. The allegations made in Paragraph 41 of the CC are assertions and/or legal conclusions to which no response is required. Further the allegations on their face comprise protected and privileged settlement communications and for that reason are improper and should be stricken from the CC. For these reasons, insofar as a response to the allegations contained in Paragraph 40 is required, Triller denies the allegations.

42. The allegations made in Paragraph 42 of the CC are assertions and/or legal conclusions to which no response is required. Further the allegations on their face comprise protected and privileged settlement communications and for that reason are improper and should be stricken from the CC. For these reasons, insofar as a response to the allegations contained in Paragraph 42 is required, Triller denies the allegations.

43. The allegations made in Paragraph 43 of the CC are assertions and/or

legal conclusions to which no response is required. Further the allegations on their face comprise protected and privileged settlement communications and for that reason are improper and should be stricken from the CC. For these reasons, insofar as a response to the allegations contained in Paragraph 43 is required, Triller denies the allegations.

## JURISDICTION

44. Triller denies that it has committed any violation of 15 U.S.C Section 1125 or wrongful acts but does not contest that the Counter-Complaint arises under 15 U.S.C Section 1125 and that this Court has federal jurisdiction under 28 U.S.C. Section 1331 and 1338(a).

## FIRST CLAIM FOR RELIEF
### (False Advertising 15 U.S.C. § 1125)

45. Triller incorporates by reference its responses to Paragraphs 1 through 44 of the CC as set forth above as if they were fully set forth herein.

46. The allegations contained in Paragraph 46 of the CC are conclusions of law to which no responsive pleading is required. Insofar as a response is required, Triller denies the allegations.

47. The allegations contained in Paragraph 47 of the CC are conclusions of law to which no responsive pleading is required. Insofar as a response is required, Triller denies the allegations.

48. The allegations contained in Paragraph 48 of the CC are conclusions of law to which no responsive pleading is required. Insofar as a response is required, Triller denies the allegations.

49. The allegations contained in Paragraph 49 of the CC are conclusions of law to which no responsive pleading is required. Insofar as a response is required, Triller denies the allegations.

50. The allegations contained in Paragraph 50 of the CC are conclusions of law to which no responsive pleading is required. Insofar as a response is required,

1 Triller denies the allegations.

2 51. The allegations contained in Paragraph 51 of the CC are conclusions of law to which no responsive pleading is required. Insofar as a response is required, Triller denies the allegations.

52. The allegations contained in Paragraph 52 of the CC are conclusions of law to which no responsive pleading is required. Insofar as a response is required, Triller denies the allegations.

## PRAYER FOR RELIEF

53. Counter-Defendant denies that TEI is entitled to the relief requested in Paragraph 53 of the CC.

54. Counter-Defendant denies that TEI is entitled to the relief requested in Paragraph 54 of the CC.

55. Counter-Defendant denies that TEI is entitled to the relief requested in Paragraph 55 of the CC.

56. Counter-Defendant denies that TEI is entitled to the relief requested in Paragraph 56 of the CC.

57. Counter-Defendant denies that TEI is entitled to the relief requested in Paragraph 57 of the CC.

58. Counter-Defendant denies that TEI is entitled to the relief requested in Paragraph 58 of the CC.

59. Counter-Defendant denies that TEI is entitled to the relief requested in Paragraph 59 of the CC.

## AFFIRMATIVE DEFENSES

Counter-Defendant asserts the following affirmative defenses to TEI's CC. All such defenses are pled in the alternative, do not constitute an admission of liability, do not imply a concession that TEI is entitled to any relief, and do not constitute an assumption of the burden of proof and/or persuasion that would otherwise be TEI's burden. Counter-Defendant alleges that tit cannot fully anticipate all affirmative

defenses that may be applicable to the present action. Accordingly, Counter-Defendant hereby reserves its right to assert additional affirmative defenses based on information subsequently acquired through discovery, investigation, or otherwise, if and to the extent such affirmative defenses are applicable. Subject to the foregoing, for their affirmative defenses in this action, Counter-Defendant hereby asserts and alleges the following.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim/Insufficient Pleading)

TEI's CC and its claim for false advertising fail to state a claim upon which relief can be granted. Further, TEI's CC and its claim for false advertising fails to meet the heightened pleading standards of FRCP 9(b).

## SECOND AFFIRMATIVE DEFENSE
### (No Standing)

TEI's CC and its claim for false advertising should be dismissed because TEI lacks standing.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

TEI's CC and each claim for relief therein (in whole or in part) are barred by the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

TEI's CC and each claim for relief therein (in whole or in part) are barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Puffery)

TEI's CC and each claim for relief therein (in whole or in part) fail because the speech that TEI alleges therein was puffery and therefore is not actionable under the Lanham Act.

### SIXTH AFFIRMATIVE DEFENSE
### (Statement of Opinion)

TEI's CC and each claim for relief therein (in whole or in part) fail because the speech that TEI alleges therein were opinions and therefore are not actionable under the Lanham Act.

### SEVENTH AFFIRMATIVE DEFENSE
### (Statement Not False)

TEI's CC and each claim for relief therein (in whole or in part) fail because the speech that TEI alleges therein was not false.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Commercial Advertising or Promotion)

TEI's CC and each claim for relief therein (in whole or in part) fail because the speech that TEI alleges therein is not about a product in commercial advertising or promotion.

### NINTH AFFIRMATIVE DEFENSE
### (No Material Deception)

TEI's CC and each claim for relief therein (in whole or in part) fail because the speech that TEI alleges therein did not actually deceive nor had the tendency to deceive a substantial segment of its audience and, to the extent that TEI alleges that the speech was deceptive (it was not), the alleged deception was not material.

### TENTH AFFIRMATIVE DEFENSE
### (No Injury/Damages)

TEI did not suffer any harm from the allegations and claim alleged in the CC in whole or in part as a result of any acts or omissions of Triller.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Agency Preemption)

To the extent that adjudication of TEI's false advertising claim would require the Court to interpret an agency regulation without allowing the agency to do so first,

TEI's false advertising claim is preempted.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

TEI is bared from recovery on its CC in whole or in part because of and to the extent that it has failed to mitigate its alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

To the extent that TEI seeks its attorneys' fees for the instant action it is not entitled to such relief under the circumstances.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Privileged and/or Protected Speech)

TEI's CC and each claim for relief therein (in whole or in part) fail because the speech that TEI alleges therein is privileged by the litigation privilege or other applicable privilege and therefore is protected speech and/or cannot form the basis of TEI's false advertising claim.

## FIFTHTEENTH AFFIRMATIVE DEFENSE
### (Fault of Others)

TEI's CC and each claim for relief therein (in whole or in part) fail because the speech that TEI alleges therein and that is the basis of TEI's false advertising claim was made by Rory Carroll at Reuters, not Triller.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Other Affirmative Defenses)

Triller at this time has insufficient information upon which to form a belief as to whether it might have additional affirmative defenses. Triller reserves its right to assert additional affirmative defenses in the event that it discovers facts upon which such affirmative defenses may be based.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Defendant prays as follows:

1. That TEI take nothing by way of the CC against Counter-Defendant and the action be dismissed with prejudice;
2. That judgment be entered in favor of Counter-Defendant and against TEI with respect to all claims in the CC;
3. That the Court award Counter-Defendant its attorneys' fees and all other costs reasonably incurred in defense of this action to the extent provided for by law; and
4. That the Court award such other relief that it deems just and proper to Counter-Defendant.

Dated: March 21 2024

**NOVIAN & NOVIAN LLP**

By  */s/Lauren Woodland*
     Farhad Novian
     Lauren Woodland
     Alexander Kandel
     Amber Miller

*Attorneys for Plaintiff and Counter-Defendant Triller Fight Club II LLC*