FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
LAUREN WOODLAND (SBN 283052)
laurenw@novianlaw.com
ALEXANDER KANDEL (SBN 306176)
alexanderk@novianlaw.com
AMBER MILLER (SBN 346793)
amberm@novianlaw.com
**NOVIAN & NOVIAN, LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222

Attorneys for Plaintiff and Counter-Defendant TRILLER FIGHT CLUB II LLC

Rom Bar-Nissim (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Defendant and Countercomplainant TED ENTERTAINMENT, INC. and Defendants TEDDY FRESH, INC., ETHAN KLEIN and HILA KLEIN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TRILLER FIGHT CLUB II LLC, a Delaware limited liability company,

Plaintiff,

v.

TED ENTERTAINMENT, INC., a California corporation; TEDDY FRESH, INC, a California corporation; ETHAN KLEIN, an individual; HILA KLEIN, an individual; and DOES 1-10

Defendants.

TED ENTERTAINMENT, INC, a California corporation,

Countercomplainant,

v.

Case No. 2:21-cv-03942-JAK-KS

**JOINT RULE 16(b)/26(f) REPORT**

TRILLER FIGHT CLUB II, LLC, a Delaware limited liability company

Counter-defendant

2
JOINT RULE 16(b)/26(f) REPORT

By and through their attorneys of record, who are set forth below, Plaintiff/Counter-Defendant Triller Fight Club II, LLC ("Triller" or "Plaintiff") and Defendant/Countercomplainant Ted Entertainment, Inc. ("TEI") and Defendants Teddy Fresh, Inc., Ethan Klein, and Hila Klein (collectively, TEI, Teddy Fresh, Inc., Ethan Klein, and Hila Klein shall be referred to herein as the "TEI Parties" or "Defendants") have prepared and hereby submit this jointly signed Scheduling Conference report following the conference of counsel required by Federal Rule of Civil Procedure ("Rule") 26(f), Central District Local Rule 26-1 and this Court's January 24, 2024 Order Setting Rule 16(b)/26(f) Scheduling Conference (Dkt. No. 57).

**A. <u>Statement of the Case</u>**

**1. <u>On the Third Amended Complaint</u>.**

<u>Plaintiff's Statement</u>:

Plaintiff is the registered copyright owner of the Triller Fight Club broadcast of the "Jake Paul vs. Ben Askren" boxing event including all undercard bouts and the entire television broadcast, exhibited via closed circuit television via encrypted satellite signal (the "Broadcast"). Defendants operate a YouTube channel on which it unlawfully pirated and republished the Broadcast.

Plaintiff brings three claim against Defendants: (1) copyright infringement, (2) vicarious copyright infringement, and (3) violation of the Federal Communications Act (47 U.S.C. § 605). Plaintiff seeks to recover its actual damages according to proof at trial, trebled as permitted by law, disgorgement of Defendants' profits, punitive and exemplary damages, attorneys' fees, and costs.

<u>Defendants' Statement</u>:

TEI is a production company that produces various forms of content for dissemination over the Internet, including the H3 Podcast. TEI's content is centered on commenting on and critiquing current events, public figures and online content. Ethan Klein and Hila Klein are the sole owners of TEI. Ethan Klein hosts each H3

Podcast episode. Hila Klein hosts some H3 Podcast episodes.

Teddy Fresh is an apparel company that designs, produces and distributes streetwear. While Ethan Klein and Hila Klein own Teddy Fresh, it is a legally distinct entity from TEI.

The Third Amended Complaint [Dkt. No. 36] (the "TAC") alleges three claims for relief: (1) direct copyright infringement; (2) vicarious copyright infringement; and (3) violation of the Federal Communications Act (the "FCA"), 47 U.S.C. Section 605(a).

As to the claim for direct copyright infringement, the TAC appears to allege that it arises from: (1) TEI viewing an unauthorized stream of the Broadcast over the Internet; and (2) TEI posting an excerpt of the Broadcast as an unlisted video to the Zach the Sound Lad YouTube channel (the "Reference Video"). Second, as to the claim for vicarious copyright infringement, the TAC appears to allege that it arises from third-parties who viewed the Reference Video. Third, as to the violation of the FCA, 47 U.S.C. Section 605(a), the TAC appears to allege that it arises from TEI viewing an unauthorized stream of the Broadcast over the Internet. Additionally, Triller alleges that TEI is the alter-ego of Teddy Fresh, Ethan Klein and Hila Klein.

Defendants deny they are liable for any of the claims alleged by Triller in the TAC or that Triller is entitled to damages whatsoever. As to the claim for direct copyright infringement, Defendants deny liability because: (1) watching a digital transmission of the Broadcast over the Internet does not violate the rights set forth in 17 U.S.C. Section 106; (2) the Reference Video made a fair use of the Broadcast because (a) the Reference Video was solely created and used for purposes of commentary and criticism of the Broadcast in the H3 Podcast episode entitled *Jake Paul Fight Was A Disaster – H3 Podcast # 244* (the "Podcast"), which the Court has already determined constituted a fair use in its September 15, 2023 Order [Dkt. No. 32] (the "9/15/23 Order"); (b) the Broadcast was primarily a factual work as determined by the 9/15/23 Order; (c) the amount and substantiality of the Broadcast

used in the Reference Video was reasonable in light of TEI's critical purpose; and (d) the Reference Video did not result in market harm to the Broadcast.

As to the claim for vicarious copyright infringement, Defendants deny liability because: (1) third-parties that watched the Reference Video did not violate any of the rights set forth in 17 U.S.C. Section 106; and (2) Defendants did not receive a direct financial benefit from third-persons that watched the Reference Video.

As to the claim for violation of the FCA (47 U.S.C. § 605), Defendants deny liability because they viewed the Broadcast over the Internet. As explained in the 9/15/23 Order, 47 U.S.C. Section 605 does not apply to the Internet.

As to Triller's alter-ego allegations, Defendants deny that TEI is the alter-ego of Teddy Fresh, Ethan Klein and Hila Klein because: (1) there is no unity of interest to sufficient to support a finding of alter-ego liability; and (2) there is no inequitable result.

**2. On the Countercomplaint.**

Countercomplainant's Statement:

TEI's Countercomplaint [Dkt. No. 56] sets forth a claim for false advertising under 15 U.S.C. Section 1125(a). The claim concerns a press release that Triller disseminated to the media on or around May 3, 2021 (the "Triller Press Release"). The Triller Press Release was directed at promoting Triller's so-called amnesty program, whereby individuals who viewed the Broadcast without Triller's authorization could settle a potential copyright infringement claim by paying $49.99 to Triller (the "Amnesty Program"). Triller issued the Triller Press Release to the media, including Reuters, because Triller knew doing so would result in wide dissemination of the contents of the Triller Press Release to the public (including TEI's audience) to attract as many participants as possible to the Amnesty Program.

The Triller Press Release contained numerous false assertions of fact about the Podcast, including: (1) that the Podcast infringed the copyright to the Broadcast; (2) that anyone who viewed the Podcast engaged in copyright infringement; and (3) each

view of the Podcast exposed individuals to statutory damages of $150,000 per view. These statements were false because: (1) viewing the Podcast did not constitute copyright infringement because viewing a copyrighted work over the Internet does not implicate the rights set forth in 17 U.S.C. Section 106; (2) the Podcast clearly made a fair use of the Broadcast; (3) statutory damages are awarded per work infringed and not per act of infringement; and (4) only one award of statutory damages is available for jointly and severally liable infringers (*e.g.*, downstream infringers).

Counter-Defendant's Statement:

Counter-Defendant denies that it violated 15 U.S.C. § 1125(a) and denies that Countercomplainant suffered, or is entitled to, any damages.

## B. Subject Matter Jurisdiction

The TAC asserts three claims: (1) Copyright Infringement, (2) Vicarious Copyright Infringement, and (3) Violation of the Federal Communications Act (47 U.S.C. § 605). The Court has original jurisdiction over the first two claims under 28 U.S.C. § 1338(a), and over the third and the first two claims under 28 U.S.C. §1331.

The Countercomplaint asserts one claim for violation of 15 U.S.C. § 1125(a). The Court has original jurisdiction over this claim under 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 and 28 U.S.C. 1338(a).

## C. Legal Issues

### 1. On the Third Amended Complaint.

Plaintiff's Statement:

The key legal issues on the TAC are whether Defendants' use of Plaintiff's registered work constituted (1) direct or vicarious copyright infringement, and (2) violated the Federal Communications Act. Plaintiff has not identified, at this time, any unusual substantive, procedural or evidentiary issues.

Defendants' Statement:

The key legal issues for Defendants regarding the claims alleged in the TAC

are: (1) for purposes of both direct and vicarious copyright infringement, does merely viewing a copyrighted work over the Internet without authorization of the copyright owner violate any of the rights set forth in 17 U.S.C. Section 106; (2) for purposes of direct copyright infringement, was the Reference Video a fair use of the Broadcast under 17 U.S.C. Section 107; (3) for purposes of vicarious copyright infringement, did Defendants receive a direct financial benefit from the Reference Video; (4) for purposes of 47 U.S.C. Section 605(a), does that section apply to transmissions over the Internet; (5) for purposes of both direct and vicarious copyright infringement, whether there is only one statutory damages award at issue; (6) for purposes of all of Triller's claims, are any of Defendants profits attributable to any act of alleged infringement or violation; (7) for purposes of all of Triller's claims, was Defendants' alleged infringement/violation (which they deny) willful; and (8) for purposes of 47 U.S.C. Section 605, was the alleged violation (which Defendants deny) done for a direct or indirect commercial advantage .

Defendants identify the following unusual substantive, procedural or evidentiary issues related to the TAC: (1) for purposes of both direct and vicarious copyright infringement, does merely viewing a copyrighted work over the Internet without authorization of the copyright owner violate any of the rights set forth in 17 U.S.C. Section 106; (2) for purposes of direct copyright infringement, does a copy created solely as raw materials for a fair use purpose constitute copyright infringement; and (3) for purposes of vicarious copyright infringement, when are profits too attenuated from the alleged infringement to qualify as a direct financial benefit.

**2. <u>On the Countercomplaint</u>.**

<u>Countercomplainant's Statement</u>:

The key legal issues raised in the Countercomplaint are: (1) whether the Triller Press Release constitutes false advertising under 15 U.S.C. Section 1125(a); and (2) if so, what are TEI's damages. TEI also identifies the following unusual substantive,

procedural or evidentiary issues related to the Countercomplaint: (1) whether Triller's May 14, 2021 letter regarding settlement of its claims against Defendants is admissible for purposes of the false advertising claim alleged in the Countercomplaint; (2) the representation by Triller's counsel that there is a dearth of information regarding the Triller Press Release and Matt St. Claire; and (3) in the event information regarding the Triller Press Release and Matt St. Claire are unavailable, would the reporter's privilege shield testimony by Rory Carroll (the author of a news article reporting on the Triller Press Release) or production of documents by Reuters (the publisher for Mr. Carroll's article on the Triller Press Release).

Counter-Defendant's Statement:

Unusual legal issues raised by the Countercomplaint include whether communications from Counter-Defendant's attorney can be admitted into evidence to support Counterclaimant's false advertising claim.

**3. Parties and Non-Party Witnesses**

**1. The Parties.**

**On the Third Amended Complaint:**

**Plaintiff:**

Triller Fight Club II LLC

**Defendants:**

Ted Entertainment, Inc.

Teddy Fresh, Inc.

Ethan Klein

Hila Klein

**On the Countercomplaint:**

**Countercomplainant:**

Ted Entertainment, Inc.

/ / /

**Counter-Defendant:**

Triller Fight Club II LLC

**2. Percipient Witnesses.**

**a. On the Third Amended Complaint.**

Plaintiff's Statement:

Triller anticipates that the following people will be percipient witnesses: Ethan Klein, Hila Klein, Bobby Sarnevesht, Mahi de Silva.

Defendants' Statement:

Defendants anticipate that the following people will be percipient witnesses: (1) Ethan Klein; and (2) person(s) most knowledge at Triller of the creation and dissemination of the Broadcast and Triller's alleged damages.

**b. On the Countercomplaint.**

Countercomplainant's Statement:

TEI anticipates that the following people will be percipient witnesses: (1) Ethan Klein; (2) Matt St. Claire; and (3) other individuals, unknown at this time, who were involved in drafting, approving and disseminating the Triller Press Release. In the event that Matt St. Claire and other individuals involved in drafting, approving and disseminating the Triller Press Release are unavailable, another percipient witness may be Rory Carroll.

Counter-Defendant's Statement:

Triller anticipates that the following people will be percipient witnesses: Ethan Klein, Hila Klein, Matt St. Claire, Rory Carroll.

**3. Plaintiff/Counter-Defendant Triller Fight Club II LLC's Disclosure of its Subsidiaries, Parents, and Affiliates.**

For conflict purposes, and pursuant to the Court's January 24, 2024 Order (Dkt. No. 57) Triller (Plaintiff/Counter-Defendant Triller Fight Club II LLC) discloses the following subsidiaries, parents, and affiliated entities:

Triller Fight Club LLC (100% owner of Plaintiff/Counter-Defendant Triller

Fight Club II LLC)

Triller Platform Co. f/k/a Triller, Inc. (100% owner of Triller Fight Club LLC)

Triller Hold Co LLC (100% owner of Triller Platform Co. f/k/a Triller, Inc.)

Triller Fight Club III LLC (100% owned by Plaintiff/Counter-Defendant Triller Fight Club II LLC)

Triller Legends II LLC (100% owned by Triller Fight Club III LLC)

Truverse, Inc. (100% owned by Triller Hold Co LLC)

Trillerverz Private Limited f/k/a Botworx AI Private Limited (India) (100% owned by Truverse, Inc.)

Halogen Holdings Inc. (100% owned by Triller Hold Co LLC)

Halogen Networks LLC (100% owned by Halogen Holdings Inc.)

Halogen Studios LLC (100% owned by Halogen Networks LLC)

Halogen Digital LLC (100% owned by Halogen Studios LLC)

Triller Legends LLC (100% owned by Triller Platform Co. f/k/a Triller, Inc.)

Triad Combat LLC (100% owned by Triller Platform Co. f/k/a Triller, Inc.)

Verzuz LLC (100% owned by Triller Platform Co. f/k/a Triller, Inc.)

Verzuz Spirits LLC (100% owned by Verzuz LLC)

Thuzio LLC (100% owned by Triller Hold Co LLC)

Robin Media Inc. (Canada) (100% owned by Thuzio LLC)

Bare Knuckle Fighting Championships, Inc. (100% owned by Triller Hold Co LLC)

Fangage Holding BV (Netherlands) (100% owned by Triller Hold Co LLC)

Juliusworks LLC f/k/a Juliusworks Inc. (100% owned by Triller Hold Co LLC)

Flipps Media Inc. (100% owned by Triller Hold Co LLC)

Flipps Media EAD (Bulgaria) (100% owned by Flipps Media Inc.)

/ / /

/ / /

**4. Defendant/Countercomplainant Ted Entertainment Inc.'s Disclosure of its Subsidiaries, Parents, and Affiliates.**

For conflict purposes, and pursuant to the Court's January 24, 2024 Order (Dkt. No. 57) TEI discloses the following subsidiaries, parents, and affiliated entities: None.

**5. Defendant Teddy Fresh Inc.'s Disclosure of its Subsidiaries, Parents, and Affiliates.**

For conflict purposes, and pursuant to the Court's January 24, 2024 Order (Dkt. No. 57) Teddy Fresh discloses the following subsidiaries, parents, and affiliated entities: None.

**4. Damages**

**1. On the Third Amended Complaint.**

Plaintiff's Position:

Triller believes it can prove over $1,000,000.00 in damages on its TAC.

Defendants' Position:

Defendants deny that Triller is entitled to any damages for the claims alleged in the TAC. In the event that Defendants are found liable for direct and/or vicarious copyright infringement (which they deny), (1) Triller is only entitled to a single statutory because there is only one work at issue (*i.e.*, the Broadcast) and the alleged third-party infringers are jointly and severally liable with Defendants; (2) Triller is not entitled to any form of Defendants profits because said profits are not attributable to any alleged infringement.

**2. On the Countercomplaint.**

Countercomplainant's Position:

TEI shall prove it suffered millions of dollars in actual and reputation damages for the false advertising claim alleged in the Countercomplaint.

Counter-Defendant's Position:

Triller denies that Countercomplainant is entitled to any damages,

disgorgement of profits, or any other relief on the Countercomplaint.

**3. Insurance**

The parties have investigated whether they have insurance for defense and/or indemnity of the claims alleged in the complaint and counter-complaint.

The TEI Parties have determined that they do not have any insurance coverage in this action.

Triller has tendered a claim to its insurance carrier for defense and indemnity on the Countercomplaint. It does not yet know if the carrier will accept or deny coverage. It is awaiting a coverage determination letter from the carrier.

**4. Motions**

Plaintiff's Position:

Triller is contemplating bringing a motion for judgment on the pleadings on the Countercomplaint.

Triller also anticipates bringing a motion in limine regarding correspondence from Triller's counsel alleged in TEI's Countercomplaint on the grounds that it is irrelevant, privileged or otherwise protected (e.g., constitutes compromise offers and negotiations), or should be excluded under Federal Rule of Evidence 403.

Defendants' Position:

Aside from the dispositive motions set forth in Section 10, *infra*, TEI may seek to amend the Countercomplaint to join Triller's parent company/companies and affiliated entities, depending on revelations made during discovery.

**5. Manual for Complex Litigation**

The parties agree that none of the procedures of the Manual for Complex Litigation should be utilized in whole or in part.

**6. Status of Discovery**

The parties are scheduled to make their Initial Disclosures on April 15, 2024. The TEI Parties have already made their Initial Disclosures and have propounded extensive written discovery. Triller has not yet propounded any written discovery

and the parties have agreed to extend Triller's deadline to service its Initial Disclosures to April 22, 2024. None of the parties have noticed any depositions yet.

**7. Discovery Plan**

All discovery will be conducted pursuant to the Federal Rules of Civil Procedure, and the parties agree that no modification of the discovery limitations set forth in the Federal Rules or the Local Rules are necessary at this time. However, the parties reserve their right to request the Court to modify the limitations imposed by Rule 26 and the Local Rules. The parties anticipate utilizing all discovery allowed under the Federal Rules, including requests for documents, interrogatories, requests for admissions and depositions. The parties agree that they will begin with written discovery and then take depositions of the percipient witnesses as revealed throughout the course of discovery.

The parties are concurrently filing with this report a stipulated protective order that contains only one tier of confidentiality.

The parties presently do not anticipate any ESI-specific issues with discovery, nor do they anticipate any unusual legal issues presented in this case that would warrant conducting discovery in phases or only as to certain issues.

**8. Discovery Cut-Off**

The parties propose February 28, 2025 as the final day for completion of non-expert discovery.

**9. Expert Discovery**

The parties propose the following dates on expert discovery:

| | |
|---|---|
| Expert Disclosure (Initial)<br>(*2 weeks after non-expert discovery cut-off*) | 3/14/2025 |
| Expert Disclosure (Rebuttal)<br>(*4 weeks after non-expert discovery cut-off*) | 3/28/2025 |
| Expert Discovery Cut-Off<br>(*6 weeks after non-expert discovery cut-off*) | 4/11/2025 |

**10. Dispositive Motions**

Plaintiff's Position:

Triller may file a motion for judgment on the pleadings regarding the Countercomplaint. Triller may file a motion for summary judgment on the TACand on the Countercomplaint.

Defendants' Position:

As to the TAC and Countercomplaint, Defendants anticipate filing a motion for summary judgment.

**11. Settlement**

On May 14, 2021, Triller sent the TEI Parties a letter with a settlement offer. On June 1, 2021, the TEI Parties sent Triller a letter with their counter-settlement offer, which Triller rejected on June 8, 2021. In mid-July 2021, counsel for Triller and the TEI Parties conducted telephonic conversations regarding settlement, but the parties could not come to an agreement. On February 2, 2022, the TEI Parties made another settlement offer to Triller, but Triller rejected the offer. In early to mid-October 2023, counsel for Triller and the TEI Parties broached the topic of settlement again, but no agreement could be reached. On April 1, 2024, counsel for the TEI Parties discussed the issue of settlement with counsel for Triller. On April 3, 2024, counsel for the TEI Parties sent counsel for Triller an email setting forth the terms of the proposed settlement. As of this filing, Triller has not yet responded to the TEI Parties' most recent proposed settlement offer.

Per Local Rule 16-15.4, the parties select ADR Procedure No. 3 – the Parties shall participate in a private dispute resolution proceeding.

**12. Trial Estimate**

The parties estimate the jury trial in this matter to last approximately eight (8) court days.

All parties have demanded a jury trial on the Complaint and Countercomplaint.

/ / /

**13. Trial Counsel**

Farhad Novian, Esq., Lauren Woodland, Esq., Alexander Kandel, Esq., and Amber Miller, Esq. of Novian & Novian LLP will be trial counsel for Triller. Lauren Woodland, Esq. will be lead trial counsel.

Rom Bar-Nissim of Heah Bar-Nissim LLP will be trial counsel for the TEI Parties.

**14. Independent Expert or Master**

The parties do not anticipate a need to appoint an independent expert or master.

**15. Timetable**

A schedule of proposed dates in the Court's Schedule of Pretrial & Trial Dates for Civil Cases worksheet is attached hereto as Exhibit "A".

**16. Other Issues**

The parties are not aware of any other issues affecting the status or management of the case at this time.

**17. Patent Cases**

This is not a patent case.

**18. Whether The Parties Wish To Have A Magistrate Judge Preside.**

The parties do not wish to have a Magistrate Judge preside.

**EXHIBIT A – SCHEDULE OF PRETRIAL AND TRIAL DATES**

| Case No.: | 2:21-cv-03942-JAK-KS |
|---|---|
| Case Name: | *Triller Fight Club II LLC vs. The H3 Podcast, et al.* |

| Deadlines: | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| Last Date To Add Parties/Amend Pleadings | 8/28/2024 | 10/28/2024 | |
| Non-Expert Discovery Cutoff | 2/28/2025 | 2/28/2025 | |
| Expert Disclosure (Initial) (*2 weeks after non-expert discovery cut-off*) | 3/14/2025 | 3/14/2025 | |
| Expert Disclosure (Rebuttal) (*4 weeks after non-expert discovery cut-off*) | 3/28/2025 | 3/28/2025 | |
| Expert Discovery Cut-Off (*6 weeks after non-expert discovery cut-off*) | 4/11/2025 | 4/11/2025 | |
| Last Date to File All Motions (incl. discovery motions) (*6 weeks after non-expert discovery cut-off*) | 4/11/2025 | 4/11/2025 | |
| Settlement Procedure Selection: (*ADR-12 Form will be completed by Court after scheduling conference*) | Plaintiff(s) Request | Defendant(s) Request | Court Order |
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial | 3 | 3 | |

| | | | |
|---|---|---|---|
| (Private) | | | |
| Last Day to Conduct Settlement Conference or Mediation | 1/24/2025 | 1/24/2025 | |
| Notice of Settlement / Joint Report re Settlement (*First Friday following last day to conduct settlement conference or mediation*) | 1/31/2025 | 1/31/2025 | |
| Post Mediation Status Conference (*10 days after due date to file notice of settlement / joint report re settlement: Mondays at 1:30 pm*) | 2/10/2025 | 2/10/2025 | |

Dated: April 12 2024

**NOVIAN & NOVIAN LLP**

By: */s/Lauren Woodland*
Farhad Novian
Lauren Woodland
Alexander Kandel
Amber Miller
*Attorneys for Plaintiff and Counter-Defendant Triller Fight Club II LLC*

Dated: April 12, 2024

**HEAH BAR-NISSIM LLP**

By:*/s/ Rom Bar Nissim*
Rom Bar Nissim
*Attorneys for Defendants Ted Entertainment, Inc., Teddy Fresh, Inc., Ethan Klein, and Hila Klein, and Countercomplainant Ted Entertainment, Inc.*

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories

listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.