| | |
|---|---|
| FARHAD NOVIAN (SBN 118129)<br>farhad@novianlaw.com<br>LAUREN WOODLAND (SBN 283052)<br>laurenw@novianlaw.com<br>ALEXANDER KANDEL (SBN 306176)<br>alexanderk@novianlaw.com<br>**NOVIAN & NOVIAN, LLP**<br>1801 Century Park East, Suite 1201<br>Los Angeles, California 90067<br>Telephone: (310) 553-1222<br>Facsimile: (310) 553-0222<br><br>Attorneys for Plaintiff and Counter-Defendant TRILLER FIGHT CLUB II LLC | Rom Bar-Nissim (SBN: 293356)<br>Rom@HeahBarNissim.com<br>**HEAH BAR-NISSIM LLP**<br>1801 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>Telephone: 310.432.2836<br><br>Attorneys for Defendant and Counsercomplainant<br>TED ENTERTAINMENT, INC. and Defendants TEDDY FRESH, INC., ETHAN KLEIN and HILA KLEIN |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRILLER FIGHT CLUB II LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>TED ENTERTAINMENT, INC., a California corporation; TEDDY FRESH, INC, a California corporation; ETHAN KLEIN, an individual; HILA KLEIN, an individual; and DOES 1-10<br><br>        Defendants.<br><br>TED ENTERTAINMENT, INC, a California corporation,<br><br>        Countercomplainant,<br><br>    v.<br><br>TRILLER FIGHT CLUB II, LLC, a Delaware limited liability company | Case No. 2:21-cv-03942-JAK-KS<br><br>**JOINT STATUS REPORT RE: SETTLEMENT PURSUANT TO DKT. NOS. 72-73**<br><br>Assigned to: Hon. John A. Kronstadt |

1

**JOINT STATUS REPORT RE: SETTLEMENT**

Counter-defendant

**JOINT STATUS REPORT RE: SETTLEMENT**

Pursuant to this Court's orders on August 9, 2024 [Dkt. No. 72] and September 10, 2024 [Dkt. No. 73], Plaintiff and Counter-Defendant Triller Fight Club II, LLC ("Triller"), Defendant and Countercomplainant Ted Entertainment, Inc. ("TEI") and Defendants Teddy Fresh, Inc., Ethan Klein and Hila Klein (collectively with TEI, the "Defendants") hereby submit their joint report regarding the status of Triller's and Defendants' settlement.

On August 6, 2024, Defendants' counsel orally communicated the material terms of settlement to Triller's counsel (who is no longer counsel of record in this case) ("Triller's Outside Counsel"), including provisions that Defendants stated should not be included in the settlement agreement. On August 7, 2024, Triller's Outside Counsel agreed to the terms in an email – which Defendants' counsel confirmed with one slight correction. The provisions that Defendants requested be excluded from the settlement agreement were not included in the August 7, 2024 email. On August 9, 2024, Triller and Defendants (collectively, the "Parties") filed their Notice of Settlement with this Court [Dkt. No. 71].

On August 12, 2024, Defendants' counsel sent Triller's Outside Counsel and Triller's counsel of record ("Triller's Counsel of Record") a draft of the settlement agreement. On August 22, 2024, Triller's Counsel of Record sent Defendants' counsel Triller's edits to the settlement agreement. All but one of Triller's revisions were acceptable to Defendants. The sole exception involved the inclusion of a provision that Defendants' counsel stated should not be included in the settlement agreement during the August 6, 2024 phone call and was not included in the August 7, 2024 email exchange (the "Provision at Issue").

On August 22, 2024, Defendants' counsel and Triller's Counsel of Record discussed the issue telephonically. During the call, it came to light that Triller's Outside Counsel did not communicate to Triller's Counsel of Record the provisions that Defendants stated should be excluded from the settlement agreement.

Defendants' counsel agreed to consult with Defendants whether they would agree to the inclusion of the Provision at Issue.

On August 23, 2024, Defendants' counsel emailed Triller's Counsel of Record and Triller's Outside Counsel that Defendants accepted Triller's revisions to the settlement agreement with the sole exception of the Provision at Issue. Shortly thereafter, Triller's Counsel of Record attempted to consult with Triller to determine whether Triller would agree to the exclusion of the Provision at Issue.

For the past few months through the present, Triller's internal resources have been devoted to merging with a third party entity. The process is anticipated to be complete in approximately three weeks. Due to Triller devoting all of its internal resources to the merger, Triller's Counsel of Record has been unable to receive Triller's decision regarding the exclusion of the Provision at Issue. Triller's Counsel of Record anticipates that Triller will be able to opine on the exclusion of the Provision at Issue once the merger closes and is completed in approximately three weeks.

Therefore, the Parties respectfully request that this Court extend the deadline for the Parties to submit their requests for dismissal to October 24, 2024 to accommodate Triller's ability to opine on the exclusion of the Provision at Issue, finalize and execute the settlement agreement and perform the agreed upon terms of the settlement agreement, including submitting requests for dismissal.

Dated: September 10, 2024

**NOVIAN & NOVIAN LLP**

By: */s/Lauren Woodland*
    Farhad Novian
    Lauren Woodland
    Alexander Kandel

*Attorneys for Plaintiff and Counter-Defendant Triller Fight Club II LLC*

Dated: September 10, 2024

**HEAH BAR-NISSIM LLP**

By: */s/ Rom Bar Nissim*
    Rom Bar Nissim

*Attorneys for Defendants Ted Entertainment, Inc., Teddy Fresh, Inc., Ethan Klein, and Hila Klein, and Countercomplainant Ted Entertainment, Inc.*

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.