| | |
|---|---|
| FARHAD NOVIAN (SBN 118129) <br> farhad@novianlaw.com <br> LAUREN WOODLAND (SBN 283052) <br> laurenw@novianlaw.com <br> ALEXANDER KANDEL (SBN 306176) <br> alexanderk@novianlaw.com <br> **NOVIAN & NOVIAN, LLP** <br> 1801 Century Park East, Suite 1201 <br> Los Angeles, California 90067 <br> Telephone: (310) 553-1222 <br> Facsimile: (310) 553-0222 <br><br> Attorneys for Plaintiff and Counter-Defendant TRILLER FIGHT CLUB II LLC | Rom Bar-Nissim (SBN: 293356) <br> Rom@HeahBarNissim.com <br> **HEAH BAR-NISSIM LLP** <br> 1801 Century Park East, Suite 2400 <br> Los Angeles, CA 90067 <br> Telephone: 310.432.2836 <br><br> Attorneys for Defendant and Countercomplainant TED ENTERTAINMENT, INC. and Defendants TEDDY FRESH, INC., ETHAN KLEIN and HILA KLEIN |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRILLER FIGHT CLUB II LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> TED ENTERTAINMENT, INC., a California corporation; TEDDY FRESH, INC, a California corporation; ETHAN KLEIN, an individual; HILA KLEIN, an individual; and DOES 1-10 <br><br> Defendants. <br><br> TED ENTERTAINMENT, INC, a California corporation, <br><br> Countercomplainant, <br><br> v. <br><br> TRILLER FIGHT CLUB II, LLC, a Delaware limited liability company | Case No. 2:21-cv-03942-JAK-KS <br><br> **SECOND JOINT STATUS REPORT RE: SETTLEMENT PURSUANT TO DKT. NO. 75** <br><br> Assigned to: Hon. John A. Kronstadt |

1
**SECOND JOINT STATUS REPORT RE: SETTLEMENT**

Counter-defendant

## SECOND JOINT STATUS REPORT RE: SETTLEMENT

Pursuant to this Court's order on September 10, 2024 [Dkt. No. 75], Plaintiff and Counter-Defendant Triller Fight Club II, LLC ("Triller"), Defendant and Countercomplainant Ted Entertainment, Inc. ("TEI") and Defendants Teddy Fresh, Inc., Ethan Klein and Hila Klein (collectively with TEI, the "Defendants") hereby submit their joint report regarding the status of Triller's and Defendants' settlement. Triller and Defendants (collectively, the "Parties") incorporate by reference their September 10, 2024 Joint Status Report Re: Settlement ("First Status Report") [Dkt. No. 74].

## TRILLER'S POSITION

Third party Triller Corp. (formerly known as Triller Inc. [no comma]) became the 100% owner of Triller Hold Co LLC in April 2024. Triller Hold Co LLC is the 100% owner of Triller Platform Co. (formerly known as Triller, Inc. [with a comma]). Triller Platform Co. is the 100% owner of Triller Fight Club LLC. Triller Fight Club LLC is the 100% owner of Plaintiff and Cross-Defendant Triller Fight Club II, LLC.

Recently, on or around October 16, 2024, AGBA Group Holdings Limited, a former British Virgin Islands business company ("AGBA"), completed a merger wherein it became a United States Delaware corporation and changed its name to Triller Group Inc. AGBA's wholly owned subsidiary AGBA Social Inc. merged into Triller Corp. And, Triller Group Inc. now is the 100% owner of Triller Corp.

This merger just recently closed and took many months to complete. During this time, Triller's counsel was unable to obtain settlement authority. Now that the merger has closed, Triller Group, Inc. is in the process of seeking new executives who presumably would have settlement authority for this action. Triller's counsel believes that process will be completed by the end of November. Therefore, Triller respectfully requests that the time for the parties to reach a settlement agreement and file mutual requests for dismissal be extended to the end of December 2024.

**DEFENDANTS' POSITION**

As discussed in the First Status Report, the Parties requested additional time to accommodate Triller's merger with a third-party entity. The merger was anticipated to be completed by September 30, 2024.

Defendants' counsel did not hear back from Triller on September 30, 2024. On October 7, 2024 (*i.e.*, a week after the anticipated merger date), Defendants' counsel emailed Triller's counsel to request a status report on settlement. Triller's counsel did not respond. Defendants' counsel conducted an independent investigation and discovered that Triller's merger was anticipated to be consummated on October 15, 2024. Therefore, Defendants' counsel waited for Triller's merger to be complete before following up again.

On October 15, 2024, Triller's counsel emailed Defendants' counsel to request a videoconference for October 17, 2024. Defendants' counsel agreed. On October 17, 2024 at 11:00 a.m., Defendants' counsel and Triller's counsel conducted the videoconference. During the videoconference, Triller's counsel requested Defendants' counsel to provide further explanation why Defendants were insisting on the exclusion of the provision that Defendants' counsel and Triller's outside counsel mutually agreed would not be included in the settlement agreement (the "Provision at Issue"). Defendants' counsel provided the explanation. The videoconference ended with Triller's counsel stating a response would be provided by close of business on Monday, October 21, 2024.

Defendants' counsel did not receive a response on October 21, 2024 or afterwards. On October 23, 2024, Defendants' counsel emailed Triller's counsel to receive a status report on whether Triller agreed to the exclusion of the Provision at Issue. Once again, Defendants' counsel did not receive a response. On October 24, 2024, Defendants' counsel called Triller's counsel because this status report was due. Defendants' counsel was informed that Triller's counsel was unavailable.

On October 24, 2024 at 2:20 p.m., Defendants' counsel emailed Triller's

1  counsel with two versions of this report. The first version reflected a scenario where
2  the settlement agreement was being circulated for execution and requested a thirty
3  (30) day continuance of the OSC. The second version was draft of this status report
4  with a placeholder for Triller's position. At 2:27 p.m., Triller's counsel responded
5  and stated that Triller's counsel would seek a response from Triller. Defendants'
6  counsel confirmed receipt immediately thereafter. At 5:05 p.m., Triller's counsel
7  provided its contributions to this status report.

8        At this stage, Defendants have serious concerns about granting Triller
9  additional time to agree to the exclusion of the Provision at Issue. Previously,
10 Defendants repeatedly accommodated Triller's requests for additional time to
11 facilitate settlement. On April 3, 2024, Defendants served extensive written
12 discovery on Triller and communicated a settlement offer. To accommodate
13 settlement discussions, Defendants granted Triller months of extensions to either
14 agree to the settlement offer or respond to Defendants' discovery requests. It was not
15 until August 6-8, 2024 (*i.e.*, over four months later) the Parties agreed to the terms of
16 settlement – including the exclusion of the Provision at Issue. After Defendants'
17 counsel emailed a draft of the settlement agreement on August 12, 2024, it took until
18 August 22, 2024 for Triller to respond with its revisions, which revealed the
19 newfound disagreement over the Provision at Issue. To accommodate ironing out
20 this disagreement, Defendants agreed to provide Triller an additional forty-five (45)
21 days to resolve this issue, which was memorialized in the First Status Report.

22       Triller's repeated delays and non-responsiveness lead Defendants to believe
23 that further extensions will yield the same unfruitful result. Triller's consistent
24 conduct demonstrates it is either unwilling or unable to give this action (which
25 Triller initiated) the attention it warrants. At this stage, Triller should either agree (as
26 it originally did) to the exclusion of the Provision at Issue or litigate this matter and
27 respond to Defendants' discovery requests immediately.

28       Therefore, Defendants respectfully request that the Parties appear for the

1  November 4, 2024 OSC. If the settlement agreement is not executed by the OSC,
2  Defendants shall request this Court to reopen the case and set new deadlines for this
3  action.

6  Dated:  October 24, 2024                    **NOVIAN & NOVIAN LLP**

                                               By:  */s/Lauren Woodland*
                                                    Farhad Novian
                                                    Lauren Woodland
                                                    Alexander Kandel

                                               *Attorneys for Plaintiff and Counter-Defendant Triller Fight Club II LLC*

13 Dated:  October 24, 2024                    **HEAH BAR-NISSIM LLP**

                                               By:*/s/ Rom Bar Nissim*
                                                    Rom Bar Nissim

                                               *Attorneys for Defendants Ted Entertainment, Inc., Teddy Fresh, Inc., Ethan Klein, and Hila Klein, and Countercomplainant Ted Entertainment, Inc.*

     Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.